# Kramer Levin



**Paul H. Schoeman**
Partner
T  212.715.9264
F  212.715.8064
PSchoeman@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
T  212.715.9100
F  212.715.8000

July 19, 2019

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:  <u>United States v. Stephen Calk, 19 Cr. 366 (LGS)</u>

Dear Judge Schofield:

  We represent the defendant, Stephen M. Calk, in the above-captioned case.  In an Order dated July 12, 2019, the Court directed the parties to file a joint letter with a proposed motion schedule by August 26.  (Dkt. No. 21).  We respectfully submit this letter to seek the Court's permission to file a motion for a change of venue pursuant to Federal Rule of Criminal Procedure 21(b) on a schedule that is separate from, and more accelerated than, the schedule for all other motions.

  The venue motion that the defense intends to file seeks a discretionary transfer of the case to the Northern District of Illinois based on a weighing of the relevant factors, including those set forth in *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240 (1964).  The analysis is informed by the discovery the government has produced to date and the list of potential witnesses the government provided in connection with fixing the conditions of Mr. Calk's pre-trial release.  We believe that the interests of judicial economy would be served by filing that motion on or before July 26 so that the motion can be fully briefed before the parties appear for the status conference currently scheduled for September 5, 2019.  The defense respectfully submits that it makes sense to give this Court the opportunity to address the question of transfer before other motions

The Honorable Lorna G. Schofield
July 19, 2019
Page 2



are filed because, if transfer is granted, it would make further sense to file and adjudicate all other motions in the transferee court.

We have conferred with counsel for the government and the government does not agree to this proposal. The government has advised that it favors a single, consolidated briefing schedule for all future defense motions (apart from motions *in limine*, which would be filed closer to trial). This would mean that the transfer motion would not be presented to the Court until later in the fall, after all defense motions have been fully briefed and submitted in this district. We respectfully submit that proceeding in this fashion is less efficient for the parties and for the Court and would unnecessarily delay the transfer of the case if the Court agrees that transfer is warranted.

If the Court grants this application, we anticipate that the parties would agree on a briefing schedule for the transfer motion which would have the motion fully briefed by the end of August (or by any other date chosen by the Court). If the Court prefers a single-track motion schedule, the venue motion will be included with defendant's other motions, for which the parties will propose a schedule on or before August 26. We note that discovery remains a work in progress and the defense has not yet determined what other motions it will file. Accordingly, we are not yet in a position to propose a schedule for other potential motions.

In summary, having determined to seek a transfer of venue, the defense wishes to file that motion expeditiously and will do so on whatever schedule the Court prefers.

Respectfully submitted,

/s/ Paul H. Schoeman

Paul H. Schoeman


cc:     All counsel (by ECF)