

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 19, 2019

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States* v. *Stephen M. Calk*, 19 Cr. 366 (LGS)

Dear Judge Schofield:

    The Government respectfully submits this letter to respond to the defendant's request for an additional separate round of briefing on an anticipated motion for discretionary transfer of venue (Dkt. 23). The Government believes that a separate briefing schedule for such a motion is unnecessary and contrary to the interests of judicial economy. The Government would instead propose, consistent with the schedule already set by the Court, that the parties file a joint proposed schedule for briefing on all motions, including any motion to transfer venue, on or before August 26, 2019.[1]

    *First*, as the defendant acknowledges in his letter, the production of discovery, which is not yet complete, may provide insight into factors relevant to the venue-transfer analysis (such as the nature of evidence and potential witnesses). Discovery in this case is currently scheduled to be completed on or before August 26, 2019, and it would be most logical and efficient to defer briefing on such a motion until that time.

    *Second*, the Government believes that a separate motion schedule for a change of venue motion would significantly disserve judicial economy. For example, it is likely that certain recitations of facts, individuals, entities, and circumstances will be equally applicable to a venue-transfer motion as to other pretrial motions, and it would thus be most efficient to allow the Government to summarize all relevant facts—and allow the Court to review such a summary—in one place. More generally, the defendant identifies no good reason – nor is the Government aware

---

[1] On May 29, 2019, the Court directed that, with respect to "any motion directed at the sufficiency of the indictment," a premotion letter be filed by June 21, 2019. (Dkt. 11.) The defendant did not file any letter as of that date. On July 12, 2019, the Court directed the parties to file a joint letter with a proposed schedule for pretrial motions on or before August 26, 2019. (Dkt. 21.)

of any – why a change of venue motion should be handled separate from all other motions in the case. Indeed, in recognition of the efficiencies of consolidated motion schedules, it is commonplace in this District to brief change of venue motions on the same schedule as other pretrial motions, *see, e.g.*, *United States* v. *Percoco*, 16 Cr. 776 (VEC) (ECF No. 264) (consolidated opposition to motions including venue motion); *United States* v. *Canale*, 14 Cr. 713 (KBF) (ECF No. 31) (same); *United States* v. *Parrilla*, 13 Cr. 360 (AJN) (ECF No. 88) (same).

*Third*, without addressing the merits of the defendant's anticipated motion at this time, there is no question that the defendant faces a significant hurdle in any effort to persuade the Court to transfer a criminal case that was, as he concedes, permissibly charged in the Southern District of New York. *See, e.g.*, *United States* v. *United States Steel Corp.*, 233 F. Supp. 154, 157 (S.D.N.Y. 1964) ("As a general rule a criminal prosecution should be retained in the original district" in which it was filed); *United States* v. *Spy Factory, Inc.*, 951 F. Supp. 450, 464 (S.D.N.Y. 1997) (The "burden is on the moving defendant to justify a transfer."); *United States* v. *Quinn*, 401 F. Supp. 2d 80, 85-86 (D.D.C. 2005) (citing cases and treatises explaining that given "the massive expansion of technology and the relative decline in costs for long-distance travel over the past few decades," the trend is to deny motions to transfer venue). Given the governing case law, the presence of both key witnesses and key events relevant to the charged crimes in this District, the likelihood of success on this motion is sufficiently remote that there is no pressing need to have it fully briefed in advance of all other proceedings in this case.

In this respect, the Government notes that the defendant has been aware of this investigation for over two years at this point, counsel for the defendant has met with the Government in New York on multiple occasions prior to the filing of charges, the case has been pending in this District for nearly two months at this point, and only this week, for the first time, has the defendant suggested that a motion for change of venue would be forthcoming. Certainly the defendant has every right to make such a motion, but that history belies any notion that such a motion is so urgent it need be filed on an expedited schedule and fully briefed before the parties' initial conference.

Accordingly, the Government respectfully requests that the Court deny the defendant's request for a separate briefing schedule and direct that the parties propose a consolidated pretrial motion schedule at the currently scheduled due date of on or before August 26, 2019.

We thank you for your consideration of this request.

                        Respectfully submitted,

                        AUDREY STRAUSS
                        Attorney for the United States
                        Acting Under Authority Conferred by
                        28 U.S.C. § 515

by: /s/ Paul M. Monteleoni
     Paul M. Monteleoni
     Douglas S. Zolkind
     Benet J. Kearney
     Assistant United States Attorneys
     (212) 637-2219/2415/2260