```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                      Plaintiff,              :
                                                              :           19 Cr. 366 (LGS)
                -against-                                     :
                                                              :                 ORDER
STEPHEN M. CALK,                                              :
                                      Defendant,              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by email to Chambers on January 6, 2020, the parties jointly proposed redactions to certain exhibits filed in support of the Government's opposition to Defendant's pretrial motions. Per this Court's Orders (Dkt. Nos. 35 & 43), the exhibits and Defendant's consolidated reply in support of his pretrial motions were filed under seal pending resolution of the redaction requests. It is hereby

**ORDERED** that the parties' request for redactions is **GRANTED**. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Where "access . . . might adversely affect law enforcement interests or judicial performance," this "should be weighed against the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *accord United States v. Armstrong*, 185 F. Supp. 3d 332, 337 (E.D.N.Y. 2016). Similarly, "the privacy interests of innocent third parties should

weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (alterations omitted); *accord United States v. Cohen*, 366 F. Supp. 3d 612, 620 (S.D.N.Y. 2019). And, "[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F.3d at 1050. Filing the above-referenced documents in redacted form is necessary to prevent the unauthorized dissemination of sensitive personal information and to protect the integrity of law enforcement and judicial proceedings. It is further

ORDERED that the parties shall file the above-mentioned documents with any proposed redactions by January 10, 2020.

Dated: January 8, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE