

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 13, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States* v. *Stephen M. Calk*, 19 Cr. 366 (LGS)

Dear Judge Schofield:

The Government writes to respectfully request that the Court exclude time under the Speedy Trial Act until the February 27, 2020 conference, either due to the pendency of the defendant's pretrial motions—if the Court intends to hear oral argument on those motions—or, in the event that it does not intend to hear oral argument, in the interests of justice based on the complexity of the case.

Following the adjournment of the initial conference from January 9 to February 27, 2020, time is excluded until the next conference if the Court intends to hear oral argument on the defendant's pretrial motions. Under the Speedy Trial Act, if a motion requires oral argument, the period leading up to the hearing is excluded under 18 U.S.C. § 3161(h)(1)(D), and then up to a 30-day period following the hearing is excluded under 18 U.S.C. § 3161(h)(1)(H). However, if the motion is decided on submission, up to 30 days are excluded following the filing of the last submission on the motion under 18 U.S.C. § 3161(h)(1)(H). *See, e.g.*, *Henderson* v. *United States*, 476 U.S. 321, 329-30 (1986); *United States* v. *Shellef*, 718 F.3d 94, 111 n.8 (2d Cir. 2013).

Accordingly, if the Court intends to hear oral argument on the defendant's pretrial motions at the February 27, 2020 conference, time is excluded until such oral argument (and for up to 30 days thereafter while the motions remain under advisement). If, however, the Court does not intend to hear oral argument, then time is excluded for up to 30 days following the December 20, 2019 submission of the defendant's reply papers (i.e., accounting for the Martin Luther King Jr. Day holiday, time will remain excluded until January 21, 2020, assuming the motions remain under advisement until that date).[1]

---

[1] By Order of the Court dated August 29, 2019 (Dkt. 29), time was also excluded until January 9, 2020, in the interests of justice under 18 U.S.C. § 3161(h)(7)(A).

If the Court does not intend to hear oral argument, then the Government respectfully requests that the Court exclude time until the February 27, 2020 conference in the interests of justice under 18 U.S.C. § 3161(h)(7)(A) in light of the complexity of the case. *See* 18 U.S.C. § 3161(h)(7)(B)(ii); *see also, e.g.*, Dkt. 37 at 16 (defense counsel noting that "To date, the government has produced approximately 853,000 documents in discovery, equating to over 9,000,000 pages"); *United States* v. *Raniere*, No. 18 Cr. 204 (NG), 2018 WL 4471632, at *1 (E.D.N.Y. Sept. 18, 2018) (noting volume of discovery can justify exclusion of time under § 3161(h)(7)(B)(ii), citing cases).

The Government contacted defense counsel seeking to ascertain the defendant's position on the requested exclusion, and was informed that the defense requests that the Court hear oral argument on its pretrial motions on February 27, and consents to the exclusion of time on that basis.

Accordingly, the Government respectfully requests that the Court enter an order either confirming the exclusion of time until the February 27, 2020 conference due to the pendency of the defendant's motions (if the Court intends to hear oral argument) or excluding time until the conference in the interest of justice (if it does not).

We thank you for your consideration of this request.

Respectfully submitted,

AUDREY STRAUSS
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

by: /s/ Paul M. Monteleoni
Paul M. Monteleoni
Douglas S. Zolkind
Benet J. Kearney
Assistant United States Attorneys
(212) 637-2219/2418/2260

cc: Counsel of Record (via ECF)