# Exhibit B

# Kramer Levin



**Paul H. Schoeman**
Partner
**T** 212.715.9264
**F** 212.715.8064
PSchoeman@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
**T** 212.715.9100
**F** 212.715.8000

**July 29, 2019**

**BY EMAIL**

Paul M. Monteleoni
Douglas S. Zolkind
Benet J. Kearney
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

Re:   *United States v. Stephen Calk*, 19 Cr. 366 (LGS)

Dear Paul, Douglas and Benet:

On behalf of our client, Stephen M. Calk, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972), and the Fifth and Sixth Amendments of the United States Constitution, we write to request that you furnish the discovery materials and information described in the requests below.

Each of the requests below seeks any documents, communications, materials or information (hereinafter referred to as "documents") in the government's possession, custody, or control, or which is known, or could by the exercise of diligent, good faith effort become known, to the government, specifically including (in addition to documents or information in your Office's immediate possession, custody, or control) documents or information in the possession, custody, or control of the Special Counsel's Office ("SCO"), the Federal Bureau of Investigation ("FBI") or any other federal, state, or local agency that has participated in or provided assistance to the investigation of the matters at issue in this proceeding.

Paul M. Monteleoni
Douglas S. Zolkind
Benet J. Kearney
July 29, 2019
Page 2



      To the extent you contend you have already provided all documents responsive to a request, please identify for each such request the production number ranges for the materials responsive to that request. With respect to requests for documents that have not yet been produced, please indicate whether the government intends to comply with the request and when the documents will be produced or, alternatively, the basis for any refusal to produce.

## Requests for Discovery

1. All written or recorded statements made by Mr. Calk, at any time and in any context, regardless of the government's intentions with respect to their use at trial. Fed. R. Crim. P. 16(a)(1)(B).

2. All documents that contain the substance of any oral statement made by Mr. Calk to government, law enforcement, or regulatory or self-regulatory agencies, regardless of the government's intentions with respect to the statement's use at trial. Fed. R. Crim. P. 16(a)(1)(B). This request includes all notes and drafts, as well as other documents prepared by law enforcement agents or regulators, to the extent that a statement of Mr. Calk is related or described within. Where a statement is contained in more than one document, provide each such writing.

3. The substance of all oral statements made by Mr. Calk to government, law enforcement, or regulatory or self-regulatory agencies that have not been disclosed pursuant to Requests 1 and 2 above and that the government may use at trial. Fed. R. Crim. P. 16(a)(1)(A). This request includes not only statements that the government intends to introduce at trial, but also statements that the government may use for impeachment or other purposes.

4. Any warrant issued for the arrest of Mr. Calk, and any search warrant affidavit or other application to a court seeking authorization to obtain evidence in this case.

5. Mr. Calk's criminal record, if any, including records of federal, state, local and international jurisdictions. Fed. R. Crim. P. 16(a)(1)(D).

6. All documents that were obtained from or belong to Mr. Calk and a description of all tangible objects, buildings, or places material to the preparation of the defense, intended to be used at trial, or obtained from or belonging to Mr. Calk. Fed. R. Crim. P. 16(a)(1)(E)(iii).

Paul M. Monteleoni
Douglas S. Zolkind
Benet J. Kearney
July 29, 2019
Page 3



7. All documents that the government intends to use at trial as evidence in its case in chief. Fed. R. Crim. P. 16(a)(1)(E)(ii). We request that any items in this category be specifically identified from among the materials that must be produced pursuant to Mr. Calk's Rule 16 requests, both to enable counsel to prepare effectively for trial and to afford Mr. Calk an opportunity to move to suppress or exclude any evidence the government intends to use in its case in chief. Fed. R. Crim. P. 12(b)(3) and 12(d).

8. All documents that are material to the preparation of the defense, Fed. R. Crim. P. 16(a)(1)(E)(i), including documents that are material to the elements of the crime charged in the indictment or will play a role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment and rebuttal by Mr. Calk, including but not limited to:

    a. All documents and communications concerning the Federal Savings Bank (the "Bank"), or any of its directors, officers, employees, representatives, attorneys, agents, advisors, auditors, affiliates or entities, including but not limited to:

        i. Documents and communications concerning Paul Manafort, Jeffrey Yohai, or any affiliated persons or entities.

        ii. Documents and communications concerning any loan or financing or potential loan or financing involving Mr. Manafort, Mr. Yohai, or any affiliated persons or entities.

        iii. Documents and communications concerning any due diligence or analysis performed regarding Mr. Manafort, Mr. Yohai, or any affiliated persons or entities.

        iv. Documents and communications concerning the policies, procedures, and controls of the Bank relating to the approval or denial of any loan, financing or credit extension.

        v. Documents and communications concerning examinations of the Bank, or review of loans made by the Bank, conducted by the Office of the Comptroller of the Currency ("OCC").

    b. All communications between or among Mr. Calk, Mr. Manafort, Mr. Yohai, or any individual whom the government contends participated directly or indirectly in the crime charged in the indictment.



c. All documents and communications concerning the financial condition, income, assets and liabilities of Mr. Manafort, Mr. Yohai, or any of their family members, affiliated entities or properties.

d. All documents and communications concerning any actual or potential loan, mortgage, or extension of credit involving Mr. Manafort, Mr. Yohai, or any of their family members, affiliated entities or properties.

e. All documents and communications concerning any entities controlled directly or indirectly by, or affiliated with, Mr. Manafort or Mr. Yohai or their family members.

f. All documents and communications concerning any financial transactions referenced expressly or indirectly in the indictment.

g. All documents and communications concerning any alleged benefit or thing of value provided by or on behalf of Mr. Calk to Mr. Manafort.

h. All documents and communications concerning any alleged benefit or thing of value provided by or on behalf of Mr. Manafort to Mr. Calk.

i. All documents and communications concerning any alleged assistance provided by or on behalf of Mr. Manafort to Mr. Calk or any other person in connection with obtaining a position within the Trump campaign, transition team or administration.

j. All communications between or among Mr. Calk and anyone involved formally or informally with the Trump campaign, transition team or administration.

k. All documents and communications concerning Mr. Calk's participation or potential participation, whether formal or informal, with the Trump campaign, transition team or administration.

l. All documents and communications concerning Mr. Calk's alleged interest or lack of interest in obtaining a position in the Trump administration.

m. All documents and communications concerning the OCC's meetings with Mr. Calk and/or other employees or representatives of the Bank during the time period of the events set forth in the indictment, including but not limited to notes or memoranda reflecting or relating to such meetings.

Paul M. Monteleoni
Douglas S. Zolkind
Benet J. Kearney
July 29, 2019
Page 5



    n.    All documents obtained directly or indirectly from any individual whom the government contends participated in the events alleged in the indictment.

    o.    All documents and communications the government has received from any bank, financial institution, financial services corporation, credit agency, lender or mortgage company concerning Mr. Manafort, Mr. Yohai or any of their representatives, family members, attorneys, agents, advisors, auditors, properties, affiliates or entities, including but not limited to Genesis Capital Corporation, Bank of Internet, Goldman Sachs, UBS, American Express, Experian and Equifax.

    p.    All documents and communications the government has received from Mr. Manafort or Mr. Yohai, or any of their representatives, family members, attorneys, agents, advisors, auditors, properties, affiliates or entities.

    q.    All records of any telephone calls, voicemails, emails, text messages, chats, videos, social media communications, and/or instant messages or other forms of communication referenced in the indictment or concerning the allegations, events, individuals or entities that are the subject of the indictment.

    r.    All recordings of conversations involving or relating to Mr. Calk, Mr. Manafort or Mr. Yohai, or any individual whom the government contends participated directly or indirectly in the crime charged in the indictment.

    s.    All credit card statements, bank records, brokerage records, credit reports or other financial records obtained by the government from or for Mr. Manafort or Mr. Yohai, or any of their family members or affiliated entities.

    t.    All documents from any email account, computer or digital media storage assigned to, used or owned by Mr. Manafort or Mr. Yohai.

    u.    All documents concerning any calendar, whether in electronic or hard copy, maintained by or for Mr. Manafort or Mr. Yohai.

    v.    All documents concerning any internal investigation or review conducted by or on behalf of the Trump campaign, transition team or administration relating to the allegations and events that are the subject of the indictment. This request includes the substance of any report or presentation of any internal investigation, whether oral or written, interview memoranda and notes, and any other documents collected during the course of any internal investigation and provided to the government.

Paul M. Monteleoni
Douglas S. Zolkind
Benet J. Kearney
July 29, 2019
Page 6



  w. Any whistleblower submission, statement, or complaint made to any government or self-regulatory agency, relating to alleged wrongdoing concerning the Bank, Mr. Calk, Mr. Manafort, Mr. Yohai or any individual whom the government contends participated directly or indirectly in the crime charged in the indictment.

  x. All documents referenced, directly or indirectly, in the indictment.

  y. All documents concerning Mr. Calk's knowledge or intent regarding the allegations and events that are the subject of the indictment, including but not limited to statements by any individual or entity (or their counsel), tending to show that Mr. Calk lacked knowledge or intent regarding the allegations and events that are the subject of the indictment.

  z. All documents obtained by the government from any person whom the government may call as a witness at trial or from the past or present employer of such a witness, or from any professional or legal advisor to the witness.

  aa. All documents obtained by the government from any individual whom the government contends participated directly or indirectly in the crime charged in the indictment.

  bb. With respect to any documents produced or required to be produced in discovery in this case, all subpoenas or formal or informal requests for documents by the government to which the documents were responsive, all documents concerning communications relating to such subpoenas or requests, and any written responses by the producing party, including but not limited to cover letters, indexes, inventories and privilege logs.

  cc. All documents comprising or concerning presentations made to the government by any individual or entity, or counsel on behalf of any individual or entity, concerning the government's investigation of the Bank, Mr. Calk, Mr. Manafort, or Mr. Yohai, or anyone the government contends was involved, directly or indirectly in the crime charged in the indictment, including but not limited to, presentations related to charging decisions and plea bargaining in connection with this investigation.

KL3 3228723.1

Paul M. Monteleoni
Douglas S. Zolkind
Benet J. Kearney
July 29, 2019
Page 7



9. All documents related to evidence requests to foreign countries, whether in the form of Mutual Legal Assistance Treaty requests, letters rogatory, requests pursuant to Memoranda of Understanding, or otherwise, made in the course of the government's investigation of Mr. Manafort, including copies of the requests and related correspondence, all documents obtained through such requests, and documents reflecting the dates of such requests and the responses thereto.

10. To the extent not requested above, all exculpatory or impeaching material in the government's possession, custody or control, or otherwise known to the government. We request production of such material on or before the deadlines set forth in Judge Schofield's Individual Rules. Prompt production of this information is necessary to: (i) allow counsel to prepare for trial; (ii) allow counsel to prepare for meaningful cross-examination of any witness who may testify on behalf of the government; and (iii) enable the defense to determine what motions *in limine* are necessary. Such material includes but is not limited to exculpatory or impeaching material set forth in notes or memoranda of witness interviews as well statements and other material that is not memorialized in a document. If the government is aware of facts that would constitute *Brady* material but assumes that Mr. Calk or counsel knows or should know such facts, please verify that counsel is aware of these facts. This material includes, but is not limited to:

   a. Any documents or statements, including but not limited to grand jury testimony, testimony in court, testimony before any government, regulatory or self-regulatory agency, made or executed by any potential government witness which the government knows, or through reasonable diligence should have reason to know, are false or misleading.

   b. Any statement by any person (or their counsel) that he or she is not aware of any wrongdoing by Mr. Calk, the Bank, Mr. Manafort, or Mr. Yohai or any other person the government contends was directly or indirectly involved in the allegations and crime charged in the indictment.

   c. Any statement by any person, or their counsel, which is inconsistent with the allegations in the indictment.

   d. Any documents, statements or other evidence indicating that Mr. Calk sought assistance from individuals other than Mr. Manafort in connection with obtaining a potential position within the Trump administration.

   e. Any documents, statements or other evidence indicating that the Bank approved the loan transactions involving Mr. Manafort (including those involving his family members or entities) consistent with the Bank's policies, procedures, or legal or regulatory requirements.

Paul M. Monteleoni
Douglas S. Zolkind
Benet J. Kearney
July 29, 2019
Page 8



 f. Any documents, statements or other evidence indicating that the loan transactions involving Mr. Manafort (including those involving his family members or entities) were considered and executed for bona fide business purposes.

 g. Any documents, statements or other evidence indicating that Mr. Calk did not act with corrupt intent in connection with the matters set forth in the indictment.

 h. Any documents, statements or other evidence indicating that the assistance Mr. Calk is alleged to have received from Mr. Manafort was not a thing of value.

 i. Any statement by any representative of any agency of the government that any potential government witness is untrustworthy or has been untruthful.

 j. All documents concerning presentations or proffers made to the government by counsel for any person or entity which may tend to exculpate Mr. Calk or may tend to affect the weight or credibility of the evidence to be presented against him.

 k. All documents concerning presentations or proffers made to the government by counsel on behalf of any potential witness containing statements that are inconsistent with any other statement by that witness or inconsistent with the allegations in the indictment.

 l. Any statement by any individual or entity, or counsel on behalf of any individual or entity, indicating a belief that any statement, act or omission alleged by the government to have been improper or illegal was either not improper or illegal or was not known at the time it was made to be improper or illegal.

 m. Any and all threats or promises, express or implied, made to any potential witness for the government, including, without limitation, statements concerning criminal prosecutions, investigations, or proceedings pending or which could be brought against any such witness or against a family member, friend or entity with which such witness is associated. This request specifically seeks, but is not limited to, oral or written statements made by an attorney or agent for the government, including any federal, state, or local agency participating in the investigation, to any individual or his or her lawyer in connection with an interview or testimony of such individual, or a proffer given by the individual's attorney, (i) expressing any doubt about the individual's credibility or truthfulness, and/or (ii) stating or implying that the individual might be subject to criminal or regulatory



          charges or immigration proceedings for any reason.

    n.    Any information that might potentially reflect or evidence any bias or hostility against Mr. Calk by any potential witness for the government.

    o.    The names and addresses of all persons who the government, or any of the government's agents or representatives, believes may have relevant knowledge and information with reference to the charges contained in the indictment but whom the government does not propose to call as witnesses at trial, and any statements of such persons.

11.    Any evidence that the government may present at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence, including a written report prepared and signed by the expert witness with a complete statement of all opinions to be expressed and the basis and reasons therefore, the data or other information relied upon in forming such opinions and the witness' qualifications. Fed. R. Crim. P. 16(a)(1)(G).

12.    As a predicate to motions pursuant to Fed. R. Crim. P. 12, notice as to:

    a.    Whether any evidence in the government's possession, custody or control was obtained by a search and seizure, and a description of such evidence. In addition, please provide details regarding any searches conducted in the course of this investigation whether or not items seized in the search will be introduced by the government as evidence at trial, including but not limited to the premises searched, the date of the search and descriptions of any items seized.

    b.    Whether any evidence in the government's possession, custody or control was obtained through any wiretap or other electronic or mechanical surveillance or recording and a description of such evidence.

    c.    Whether any evidence in the government's possession, custody or control was obtained through a mail cover and a description of such evidence.

    d.    Whether any persons were present during grand jury proceedings other than the grand jurors, witnesses, court reporters and attorneys for the United States Department of Justice.

Paul M. Monteleoni
Douglas S. Zolkind
Benet J. Kearney
July 29, 2019
Page 10



  e. Whether any grand jury materials, including grand jury transcripts or any documents or information produced to the grand jury or pursuant to subpoena issued by the grand jury, were disclosed or released to any person other than the grand jurors, witnesses, court reporters and attorneys for the Department of Justice. If such disclosure was so made, please provide a copy of any court orders authorizing such disclosure and the identity of all persons authorized to receive disclosure.

  f. Whether any investigation or inquiry was conducted to determine if any grand jury material or information was impermissibly disclosed to any person or entity, in violation of Fed. R. Crim. P. 6. If such an investigation or inquiry was conducted, provide all documents concerning the investigation, including documents concerning any findings or conclusions.

  g. Whether the government is aware of any violations of law committed by the government or any other person acting on its behalf in connection with the investigation or prosecution of Mr. Calk.

13. Whether, should Mr. Calk testify in his own behalf, the government will attempt to rely upon specific instances of conduct or a prior conviction for the purpose of impeachment, and a description of any such instance or prior conviction.

14. Pursuant to the Fifth and Sixth Amendments of the United States Constitution, Fed. R. Crim. P. 16(a)(1)(D), and Fed. R. Evid. 404(b), disclosure of all evidence of and putative witnesses to other or similar crimes, wrongs or acts allegedly committed by Mr. Calk, upon which the government may rely at any point during the trial — whether during the government's case in chief, the defense case, or the government's rebuttal case.

15. All results or reports of physical or mental examinations, scientific tests or experiments (or copies thereof) that were conducted in connection with any investigation of the charges contained in the indictment, including but not limited to:

  a. All handwriting exemplars and samples, comparisons and opinions of handwriting experts, and all documents and reports that relate to such exemplars, samples, comparisons or opinions.

  b. All fingerprint and palm print exemplars and samples, comparisons and opinions of fingerprint experts, and all documents and reports that relate to those exemplars, samples, comparisons or opinions.

  c. All attempts at voice identification by whatever means, upon which the government will rely, which are material to the defense of this case.

KL3 3228723.1

Paul M. Monteleoni
Douglas S. Zolkind
Benet J. Kearney
July 29, 2019
Page 11



    d.    All psychological or other tests performed upon any potential government witness and all documents that refer or relate to such tests.

    e.    All polygraph examinations, psychological stress evaluations or any other procedures, devised to determine whether a subject is telling the truth or to refresh a witness' memory and all documents that refer or relate to such examinations.

16.    Pursuant to Fed. R. Evid. 104 and Mr. Calk's rights to effective representation by counsel and a fair trial, disclosure of the following evidence, to the extent the government intends to offer such evidence in its case in chief:

    a.    Any statement as to which Mr. Calk manifested his adoption or belief in its truth. Fed. R. Evid. 801(d)(2)(B).

    b.    Any statement made by another that was purportedly authorized by Mr. Calk, or is deemed to be an admission of Mr. Calk. Fed. R. Evid. 801(d)(2)(A) and 801(d)(2)(C).

    c.    Any statement by any agent or servant of Mr. Calk concerning a matter within the scope of his or her agency or employment made during the existence of such a relationship. Fed. R. Evid. 801(d)(2)(D).

    d.    Any statement by an alleged co-conspirator made during the course and in furtherance of any alleged conspiracy. Fed. R. Evid. 801(d)(2)(E).

    e.    Please state whether the government intends to offer any hearsay evidence pursuant to Fed. R. Evid. 807. If so, provide the information required by the Rule.

17.    Pursuant to Fed. R. Evid. 612, any writing used to refresh a witness' memory while testifying or before testifying before any grand jury, at trial, or in any other proceeding. Responses to this request should be separately identified with respect to each witness.

18.    Pursuant to Fed. R. Evid. 1006, notice as to whether the government will seek to offer any chart, summary or calculation in evidence. If so, the defense requests that such be made available sufficiently in advance of trial for inspection and copying. In addition, disclose any methodology, formula or process used to create the chart, summary or calculation.

Paul M. Monteleoni
Douglas S. Zolkind
Benet J. Kearney
July 29, 2019
Page 12



    Each of the requests above calls for all responsive items which are within the possession, custody, or control of the government, or which are either known to exist or could by the exercise of due diligence become known to the government. Each request is also of a continuing nature, and we request prompt notice in the event that responsive information comes to the government's attention at any point in the future. We reserve the right to supplement these requests as the case progresses.

    If you have any questions regarding these requests, please do not hesitate to call us. We are available at your convenience to meet and confer with you for the purpose of resolving or narrowing any potential disagreements that we may have regarding these requests.

Very truly yours,

Paul H. Schoeman

cc:     Jeremy Margolis, Esq.

KL3 3228723.1