UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                              Plaintiff,    :    19 Cr. 00366-01 (LGS)
                                                            :
              -against-                     :    ORDER
                                                            :
STEPHEN M. CALK,                                            :
                              Defendant.    :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 27, 2020, the Government filed a memorandum of law in opposition to Defendant's motion for an order compelling the government (i) to identify its anticipated trial exhibits, any Brady material, and trial witnesses; and (ii) to certify to the Court that its discovery production is now complete. On April 27, 2020, by email to Chambers, the Government filed a letter seeking to file with redactions an exhibit in support of its opposition. It is hereby

**ORDERED** that the Government's request is **GRANTED**. The Government shall file the redacted exhibit on ECF by **April 29, 2020**. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Filing the above-referenced documents in redacted form is necessary to protect the confidentiality of the grand jury and the investigative process, and to protect the confidentiality interests of third-parties. *See United States* v. *Amodeo*,

44 F.3d 141, 147 (2d Cir. 1995) ("We have recognized the law enforcement privilege as an interest worthy of protection. This privilege is designed . . . 'to preserve the confidentiality of sources, to protect witness . . . to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." (quoting *In re Dep't of Investigation,* 856 F.2d 481 (2d Cir.1988)); *see also In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("[T]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation.").

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

Dated: April 28, 2020
      New York, New York

                                                  LORNA G. SCHOFIELD
                                                  UNITED STATES DISTRICT JUDGE