

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 9, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

     Re:    *United States* v. *Stephen M. Calk*, 19 Cr. 366 (LGS)

Dear Judge Schofield:

     The Government respectfully submits this letter on behalf of both parties, pursuant to the Court's July 6, 2020 Order (Dkt. 93), to apprise the Court of the outcome of the parties' discussions regarding a schedule for pretrial disclosures. Although the parties conferred by telephone on July 7, 2020, we have not been able to agree on a schedule in all respects and therefore request that the Court issue a ruling setting a schedule for the disclosure of witness and exhibit lists.[1]

     The Government's Proposal

     The Government proposes the following schedule:

- 1 week before *in limine* motions are due: Government must identify any evidence it expects to offer pursuant to Federal Rule of Evidence 404(b).

- 4 weeks before trial: Government must identify potential exhibits it may introduce, and witnesses it may call, in its case-in-chief.

- 2 weeks before trial: Defendant must identify potential exhibits he may introduce in the defense case, including non-impeachment exhibits he may introduce in

---

[1] With respect to material covered by 18 U.S.C. § 3500 ("3500 material") and impeachment/*Gilgio* material, the parties have reached agreement that the Government will begin producing such material on a rolling basis beginning six weeks before trial, provided that the defendant agrees to reasonable stipulations as to evidence and custodians for which there exists no serious dispute. The defendant has agreed in principle, while reserving his rights as to particular stipulations.

connection with cross examination of the Government's witnesses, and witnesses he may call, in the defense case.[2]

The Government respectfully submits that this proposed schedule is entirely consistent with the pretrial disclosure schedules regularly set in this district for complex, white-collar cases, particularly given that, here, the Government's case-in-chief is expected to be significantly shorter than four weeks. *See, e.g.*, *United States* v. *Ng,* 15 Cr. 706 (VSB) (five-week trial; exhibit list produced on rolling basis beginning four weeks before trial and completed two weeks before trial; witness list produced two weeks before trial); *United States* v. *Skelos*, 15 Cr. 317 (KMW) (two-defendant, month-long bribery trial; exhibit list produced approximately four weeks before trial); *United States* v. *Silver*, 15 Cr. 93 (VEC) (month-long bribery trial; exhibit and witness lists produced approximately three weeks before trial); *United States* v. *Ulbricht*, 14 Cr. 68 (KBF) (three-week cybercrime and narcotics trial; exhibit and witness lists produced approximately one month before trial); *United States* v. *Tagliaferri*, 13 Cr. 115 (RA) (three-week securities fraud trial; exhibit and witness lists produced seventeen days before trial); *United States* v. *Costanza*, 12 Cr. 725 (KMW) (two-defendant, multi-week fraud trial; exhibit list produced two weeks before trial); *United States* v. *Whitman*, 12 Cr. 125 (JSR) (three-week insider trading trial; exhibit and witness lists produced two weeks before trial); *United States* v. *Gupta*, 11 Cr. 907 (JSR) (three-week insider trading trial; exhibit and witness lists produced three weeks before trial); *United States* v. *Jiau*, 11 Cr. 161 (JSR) (three-week insider trading trial; exhibit and witness lists produced two weeks before trial); *United States* v. *Fleishman*, 11 Cr. 32 (JSR) (three-week insider trading trial; exhibit and witness lists produced one week before trial).

While the Government appreciates that the COVID-19 pandemic imposes certain difficulties for both parties in preparing for trial, and it certainly has no intention of unduly delaying its identification of 404(b) evidence or exhibits, the Government believes those difficulties only further counsel against requiring the parties to accelerate the process of marking and identifying their respective exhibits, a process that will inevitably be more cumbersome and logistically difficult for both sides than in ordinary times. Accordingly, the Government respectfully submits that the disclosure schedule set forth above—which, as noted, is consistent with disclosure timelines routinely adopted in other cases of similar complexity—is appropriate here as well and should be adopted.

<u>Mr. Calk's Proposal</u>

The defense is agreeable to the government's proposed schedule with one exception. We respectfully submit that the government should disclose its exhibits and witness list six weeks prior to trial, and the defendant should make its disclosures two weeks later. Six weeks is within the range proposed by the government itself while our discovery motion was pending, and certainly reasonable in the context of this case and the impediments to trial preparation posed by COVID-19.

---

[2] The Government proposes that these periods of time will exclude federal holidays and the day after Thanksgiving.

First, as the government argued when it sought to adjourn trial until January 2021, the COVID-19 pandemic creates logistical issues that make trial preparation far more difficult than in normal times. This is particularly true in a document-intensive case like this one. Indeed, when it was in its interest to do so, the government pointed to the "complexity of this case and the need for intensive trial preparation to commence substantially in advance of the scheduled trial date." (Joint Letter Mot. at 2, ECF No. 89; *see also id.* at 1 ("preparations for a trial of this magnitude and complexity need to begin in earnest at least several months prior to a trial date.")). Those considerations apply equally, if not more so, to the defense, which will be hampered in the critical weeks before jury selection as it reacts to the government's disclosures, conducts further investigation of its own, and prepares its case for trial. The notion that these concerns are outweighed by the pandemic's impact on the government's ability to mark and identify its exhibits (*supra* para. 4) is not credible, particularly where, as here, the government has nearly four months to do so, and is already aware of the "substantial majority" of its anticipated evidence. (Hearing Tr. at 18:15-18, July 2, 2020).

Second, the week preceding trial is Thanksgiving week. While all of our holidays will necessarily be abbreviated, we do not think it unreasonable that the disclosure schedule provide some accommodation for observance of the holiday and the fact that witnesses may be unavailable that week, particularly where there is no discernable prejudice to the government.

Finally, it is not so unusual, as the government suggests, to require disclosure of exhibits and witnesses more than four weeks before trial. Indeed, in another case presently pending before this Court, the government's disclosures are due five weeks before trial. *See* Order, *United States v. Sharma*, 18 Cr. 340 (LGS) (S.D.N.Y.), ECF No. 337.[3] And again, given that the government previously told the Court and the defense that it was contemplating making these disclosures "4 to 6 weeks" prior to trial, (*see* Mem. of Law at 8 n.6, ECF No. 68; Opp. at 12,

---

[3] In a previous scheduling order in *Sharma*, the Court ordered disclosure of 3500 material seven weeks before trial, one week earlier than here. *See* Order at ECF No. 294.

ECF No. 74), it is not credible to suggest that a six-week period is unprecedented and unreasonable.[4]

          Respectfully submitted,

          AUDREY STRAUSS
          Acting United States Attorney

by: /s/
          Paul M. Monteleoni
          Douglas S. Zolkind
          Benet J. Kearney
          Assistant United States Attorneys
          (212) 637-2219/2418/2260

cc: Counsel of Record (via ECF)

---

[4] We note that at the July 2, 2020 conference, the government suggested that "the precise timing" of its disclosures would be tied to the defense's willingness to negotiate reasonable custodial stipulations, because "that might change the amount of preparation time that the government has to devote to that versus exhibits." (Hearing Tr. at 25:17-25). As noted in the government's portion of this letter, (*supra* n.1), the defense has advised the government that it is willing to do so. The government has nonetheless chosen to stick to the bottom of its previously proposed range.