

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 7, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

The Government shall file a status letter by **September 9, 2020**, apprising the Court of the status of the additional productions.

Dated: August 10, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *United States v. Stephen M. Calk*, 19 Cr. 366 (LGS)

Dear Judge Schofield:

The Government respectfully submits this letter to inform the Court of certain additional material that the Government recently identified, much of which appears based on the Government's initial review to be duplicative of what the Government has already produced or of minimal if any relevance to this case, but which the Government will produce in response to prior defense requests and out of an abundance of caution.  As set forth herein, the Government has developed a plan for producing this material to the defendant as expeditiously as possible, and, moreover, to facilitate the defense review of this material and minimize any delay or inconvenience it may cause, the Government will endeavor to take a series of steps to help defense counsel identify the limited universe of materials within any forthcoming productions that are not duplicative of material previously produced and that are most likely to be relevant to this case.[1]

   **I.   Background**

The defendant was indicted on May 21, 2019.  Since that time, the Government has undertaken extensive efforts to produce broad discovery, encompassing materials far beyond what the prosecution team had in its own possession.  Among other things, the Government has endeavored to obtain and produce materials that were in the possession of the Special Counsel's Office ("SCO") related to its separate prosecution of Paul J. Manafort, Jr., and materials in the possession of the U.S. Attorney's Office for the Central District of California ("USAO CDCA") related to its separate prosecution of Manafort's son-in-law, Jeffrey Yohai (collectively, the "Manafort Materials").  To date, the Government has produced over 11 million pages from the Manafort Materials to the defendant in this case.

---

[1] The Government additionally notified defense counsel of these issues and discussed the Government's plan to address them during a phone call earlier today.

The Government has undertaken to obtain and produce this material, which, as noted, was not gathered during this investigation by this prosecution team, in large measure in response to explicit defense requests for such material (*see* Dkt. 74, Exs. A, B) and not because the Government believes that all of this material is actually required to be produced pursuant to Federal Rule of Criminal Procedure 16.  Indeed, as the Government has already informed the defendant and the Court, Manafort is "not a likely trial witness for the Government" (Dkt. 74 at 7);[2] nor were the Manafort Materials—which, to reiterate, this prosecution team largely did not have access to during its investigation—relied upon in bringing this case.  (*See generally* Dkt. 74 at 5-10.)

As the Government has previously described to some extent (*see* Dkt. 74 at 7-9), our efforts to obtain, review, and produce material from SCO's files have been greatly complicated by a number of factors, including the fact that SCO no longer exists.  Moreover, SCO stored its material in a number of different platforms and servers, its files were exceedingly voluminous, and certain materials were moved and copied as a result of SCO closing its office and transitioning its cases to other offices within the Department of Justice.  The Government has nonetheless taken extensive efforts to obtain and review huge volumes of materials from various sources, and has produced millions of pages of the Manafort Materials to the defendant.

On April 13, 2020, the defendant moved for an order compelling the government (i) to identify its anticipated trial exhibits, any *Brady* material, and trial witnesses; and (ii) to certify to the Court that its discovery production was now complete. (Dkt. 66-68.)  Following briefing and oral argument, the Court denied the motion on July 2, 2020. (Dkt. 93.)  In its brief in opposition to the defendant's motion, the Government stated:

> The Government's search for discoverable material in its possession, and its production based on that search, is complete.  Similarly, the Government believes that it has now concluded its production of material gathered from the files of the SCO in response to the defense requests.  But, of course, as in virtually every case in this District, it is hardly uncommon for the Government to learn of and gather additional material as it prepares for trial, and to the extent the Government comes into possession of or becomes aware of other discovery, the Government will promptly produce it.

(Dkt. 74 at 25.)  At oral argument, the Court asked the Government to "confirm that pretrial discovery is now complete in the case," and the Government responded, "Yes . . . with the proviso that . . . [the defendant] raised a searchability issue, we've already processed that to deal with the searchability issue. Another is there's a document that they asked us about that we're dealing with and we're trying to get them back a workable version of that document." (Transcript of 7/2/20 Conference ("Tr.") at 10.)  The Government added that there could also "be

---

[2] Yohai is similarly unlikely to be a trial witness for the Government.

small straggling things that we find" as well as "new items that we uncover in trial preparation." (*Id.* at 10-11.)

## II. Newly Discovered Materials

Last week, in the process for searching for additional material requested by the defendant, the Government discovered that it had inadvertently failed to previously identify and produce a limited universe of additional materials from SCO's Manafort files. Although a very limited number of these materials may be of some relevance to this case, the vast majority of these materials appear upon the Government's limited initial inspection to be either duplicative of prior productions or of minimal relevance. Nonetheless, the Government is producing these materials immediately out of an abundance of caution and undertaking efforts to minimize delay and disruption to the defense by (i) identifying the documents within the new production that are most likely to be relevant; and (ii) undertaking a substantial technical effort, at the Government's expense, to de-duplicate the new materials against prior productions so as to help defense counsel quickly identify any documents that are truly new. As also described below, in light of our discovery of this new material, the Government is also undertaking a broader re-review of the Manafort Materials to ensure that nothing else in the Manafort Materials has been overlooked. As also detailed herein, we expect that process to be completed well in advance of the current December 2020 trial date.

### 1. *SCO's 30,000 Uncategorized Manafort Files*

As noted above, during the July 2, 2020 conference, the Government stated that it was continuing to search for "a workable version" of a particular document that the defendant had inquired about. The document in question is an extraction report pertaining to an iPhone belonging to Jeffrey Yohai, which had been screened in connection with the USAO CDCA's investigation for potentially privileged materials (the "Yohai iPhone Report"). In the course of searching for an operable copy of the Yohai iPhone Report, the Government checked the transmittal letters that had accompanied SCO's discovery productions to Manafort, which in turn led the Government to query a document in an FBI database the SCO used to store many of the Manafort Materials. On querying this document, the Government determined that it had been stored among a group of approximately 30,000 files that had not previously been identified by this prosecution team. In short, these new materials were in an essentially uncategorized location in the database, and, as a result, the Government had not previously realized they existed.

The Government has not yet had an opportunity to fully review these files to determine the extent to which they are relevant to this case. On initial inspection, however, it appears that the vast majority are documents that the Government considers unlikely to be relevant but would nonetheless have been produced previously had the Government known of their existence, consistent with the broad approach it has taken to the Manafort Materials obtained from SCO in light of the broad defense requests for such material. A small subset of these materials appear to be of some relevance to this case, but of those potentially relevant materials, many are duplicative of material already produced. Specifically, in its review of this subset of the material thus far, the Government has identified fewer than 100 documents that appear to be potentially relevant and non-duplicative, including certain files that were apparently produced by The

Federal Savings Bank ("TFSB") to the USAO CDCA and the Money Laundering and Asset Recovery Section ("MLARS") as part of their investigations[3] but not to the Government in this case.[4]

In an abundance of caution, the Government is processing all of these 30,000 files for immediate production to the defendant in database load-ready format.[5] The Government will also specifically identify the fewer than 100 potentially relevant, non-duplicative materials described above for the defendant. We expect to transmit this material to the defendant within the next week.[6]

### 2. *Additional New Material from SCO's Discovery Productions to Manafort*

The discovery of the 30,000 uncategorized Manafort-related files described above also led the Government to further review SCO's discovery productions to Manafort to ensure that no additional materials had been inadvertently overlooked. The Government had previously understood, based on extensive communications with members of the SCO team and its own review of the SCO's file storage system, that, with several immaterial exceptions, the SCO discovery productions to Manafort were drawn from the sources that the Government had independently searched, including the FBI's files as described above. However, after further reviewing the SCO's discovery transmittal letters and copies of certain of the SCO's productions, the Government has realized that certain discovery that had been produced to Manafort was apparently not contained within the sources the Government had searched in this case.[7] Included within this set of additional material is certain material that appears to be potentially relevant (in particular, a small set of TFSB documents that, again, would already be available to the defendant but that were not produced to the Government in this case) and a much more substantial universe of material that appears unlikely to be relevant (such as Manafort's recorded jail calls, and documents associated with depositions, including of Manafort, in a 2015 civil lawsuit). Again, as with the 30,000 documents described above, the Government will be

---

[3] MLARS had been conducting an investigation of Manafort prior to the formation of SCO.

[4] Certain of these files, which would have already been available to the defendant due to his control and majority ownership of TFSB, appear responsive to the Government's subpoenas to TFSB, and it is not clear why they were not produced to the Government as part of this investigation.

[5] To the extent the Government is able to further determine which of the 30,000 files are duplicative of discovery previously produced by the Government, the Government will promptly inform the defendant.

[6] The Government began the process of production of these documents on July 30 and has spent the intervening time conducting the broader review described herein to be able to provide an informative report to the defense and the Court.

[7] The Government is very grateful to the former SCO personnel for their extensive assistance in the Government's efforts to locate and produce the Manafort Materials in this case, and while noting these communications to put the Government's efforts to date in context, the Government certainly does not intend to suggest fault or blame for what may well have been the Government's misunderstanding or mistake.

producing virtually all of these materials to the defense consistent with the broad approach it has taken to the Manafort Materials to date. We currently expect to transmit these materials to the defense within the next week.[8]

The Government regrets that the materials described above were not identified and produced at a much earlier stage of this case and, as detailed herein, is taking extensive steps now to ensure that no additional documents from the Manafort Materials have been inadvertently overlooked. In particular, given the discovery of this new material, we are now double-checking all potentially overlooked material in the SCO's productions to Manafort, along with certain other SCO files, to ensure that other potentially discoverable material has not been missed. The Government has engaged a third-party vendor to process all of this material and load it onto a database management system, which we expect will enable us to reliably de-duplicate the SCO discovery productions against the materials produced already to the defendant in this case. To the extent we identify any non-duplicative files, we will promptly produce them. This process is expected to ensure that we are able to confirm the completeness of our production while permitting the defendant and his counsel to focus with precision on anything they do not already have. Given the volume of the material to be loaded, we expect it will take at least several weeks to load, process, and de-duplicate the material. We have already begun this process, and we will provide regular updates to the defendant concerning our progress.

Finally, as part of its review following these new discoveries, the Government identified certain materials that existed at one time within the SCO's Manafort files, but which the Government does not currently have access to or have in its possession notwithstanding its extensive efforts to date to collect and recreate the SCO's Manafort files.[9] As to certain of these materials, the Government has informed the defense that it will attempt to obtain them but is not aware of whether they will ultimately be recoverable.[10] These materials do not appear likely to be relevant to the issues at trial in this case, but the Government has advised the defense that it will review them for productions under the Government's broad approach to discovery in this case if it is able to obtain them. As to other of these materials, the Government has informed the

---

[8] The volume of these materials is under 20 gigabytes, consisting of 53 recorded jail calls, one iCloud account extraction that the Government believes contains negligible information related to Calk, three video depositions, and several thousand pages of documents. The Government believes they are likely largely nonduplicative of its previous productions, but will attempt to de-duplicate these documents as described herein and inform the defense of the results of this process.

[9] With the exception of an operable copy of the Yohai iPhone Report (which the Government began seeking after it learned, following a defense inquiry this summer, that the produced copy was inoperable), prior to the July 29 discovery of the uncategorized BIDMAS documents, these materials were either unknown to the Government or believed to be duplicative.

[10] These materials are (1) an operable copy of the Yohai iPhone Report, (2) an electronic device used by Richard Gates, (3) a production of materials from the Donald Trump presidential campaign that the Government believes will be largely duplicative of the materials it has already produced, and (4) certain SCO discovery productions to Manafort not produced to the Government as the result of an apparent copying error by personnel not associated with this Office.

defense that it believes there is insufficient likelihood that they will contain nonduplicative information of any relevance to this case to warrant further efforts to try to obtain them.[11]

\* \* \*

The Government takes its disclosure obligations extremely seriously, and consistent with its efforts to be fully compliant with both the letter and spirit of those obligations, has undertaken extensive efforts to locate, gather, review and produce millions of pages of documents from the SCO Manafort files.  The Government sincerely regrets failing to previously identify and produce the materials discussed above, and is working expeditiously to try to both rectify the error and expedite any defense review of this new material.  Although we do not presently believe that any substantial volume of the newly identified material is of particular significance to the case—and have certainly not identified anything that constitutes *Brady* material—the Government acknowledges that the defendant will want to review the material himself rather than relying on our characterization of it, and apologizes for any impact that may have on his ability to prepare for trial.  The Government currently believes that it should be able to complete its production of any material identified above well in advance of the current December 1, 2020 trial date, and will continue to communicate with the defendant about any ways in which the Government can ease or expedite the defense review of this new material.

As noted, the Government will remain in close contact with the defendant directly and proposes to update the Court in 30 days regarding the status of the processes described above, and regarding an estimated time for their completion.

    Respectfully submitted,

    AUDREY STRAUSS
    Acting United States Attorney

  by: /s/  Paul M. Monteleoni
    Paul M. Monteleoni
    Douglas S. Zolkind
    Benet J. Kearney
    Assistant United States Attorneys
    (212) 637-2219/2418/2260

cc:  Counsel of Record (via ECF)

---

[11] These materials are records from several electronic devices and accounts provided by Manafort to SCO following his trial conviction and in connection with his cooperation agreement (which the Government understands from speaking with reviewing FBI personnel formerly associated with SCO are duplicative of the records already produced to Calk).  Moreover, the Government has informed the defense that if they have a different view of the relevance of these materials, the Government is willing to discuss whether reasonable additional steps can be taken to try to locate and produce this material.