

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 11, 2020

**BY ECF**

A telephonic status conference will be held on **September 17, 2020, at 10:30 a.m.**  The parties shall meet and confer in an effort to work out a mutually agreeable proposal.  The parties shall file a joint letter providing a conference call dial-in number by **September 16, 2020, at 12 p.m.**  So Ordered.

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Dated: September 14, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *United States v. Stephen M. Calk*, 19 Cr. 366 (LGS)

Dear Judge Schofield:

The Government respectfully submits this letter to bring to the Court's attention a significant pandemic-related logistical issue that has arisen since the last conference on July 2, 2020 and that may impede the ability of the trial go forward as currently scheduled on December 2, 2020.  Specifically, since the last conference, Illinois was added to New York State's list of states for which travelers are required to quarantine for 14 days upon arriving in New York unless an exception applies, such as where a traveler is deemed an "essential worker."  The Government understands that this District is prohibiting any individuals traveling from a restricted state from entering the courthouse, unless such individual has quarantined for 14 days, with no exceptions for "essential workers" or otherwise.  Given that a significant number of critical witnesses, as well as the defendant and certain of his counsel, are located in Illinois and other states subject to the quarantine rule, the Government writes to raise with the Court well in advance of trial the potentially substantial logistical challenges these developments might pose for witnesses, the parties, and the Court if the trial proceeds on the current schedule.

By way of background, at the July 2, 2020 conference, the Court stated that it would "set a December trial date, but with the understanding that we all need to talk to each other because this is not a date that is entirely within our control."  (Tr., Jul. 2, 2020, at 9.)  The Court tentatively set trial for December 2020, noting that "everyone should just take that with a grain of salt and we will have an understanding that we will convene again when we know more."  (*Id.* at 10.)  At the time, the Government noted the New York State quarantine order – and its potential application to the parties and witnesses – as a reason that might warrant further delay of the trial.[1]  (*See* Dkt. 89 at 2 n.1 ("[The quarantine order] would mean that if a trial witness traveled to New York from one of the designated states, he or she would need to quarantine for

---

[1]   The executive order issued by Governor Cuomo is available here: https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO205.pdf.  The current list of restricted states is available here: https://coronavirus.health.ny.gov/covid-19-travel-advisory.

two weeks before attending the trial, a circumstance that could lead to severely disruptive mid-trial adjournments.  Although this order does not currently apply to Illinois, where these particular witnesses live, that could change if conditions in Illinois worsen, or if states in which other witnesses reside are designated.").)

On or about July 28, 2020, New York State added Illinois to the mandatory quarantine list due to the significant degree of community-wide spread of COVID-19 within Illinois,[2] which appears to have worsened since this designation.[3]  Unfortunately, unless Illinois is removed from this list before the trial date, this development is likely to have a significant impact on the trial in this case.  The Government presently expects to call at least five – and potentially as many as 12 – fact witnesses who reside in Illinois, including a number of employees of The Federal Savings Bank ("TFSB").  Additional likely Government witnesses reside in other states on the mandatory quarantine list as well, including in Florida, California, Virginia, Indiana, and Arizona.  In addition, the defendant and certain of his attorneys reside in Illinois, and the defense has previously told the Court that "most if not all of the likely defense witnesses, including character witnesses, are in the Chicago-area."  (Dkt. 34 at 8.)

Under this District's protocol, all of these witnesses, along with their counsel, the defendant, and his counsel, would be required to quarantine in New York for at least 14 days prior to entering the courthouse and would be unable to return to their homes until their testimony (or the trial itself) is complete.  It is difficult to overstate the burdens that would be imposed on these witnesses and their counsel as a result.  Such individuals would need to travel to New York well in advance of their expected testimony in order to quarantine.  Although 14 days is the minimum quarantine period, in reality most witnesses would need to quarantine in New York, away from their homes, for far longer given the difficulty of estimating precisely when during a trial a particular witness will be called to testify.  That would mean numerous witnesses and their attorneys leaving their families – and some leaving their jobs – to reside in hotels for weeks at a time, including over the Thanksgiving (and possibly Hanukkah and Christmas) holiday.  The fact that this burden would be imposed potentially on a dozen or more individuals underscores the extraordinary challenges of the situation and the unique impact a trial under present circumstances would have on witnesses in this case.

---

[2]   See "*Illinois Added to New York's List of States Requiring Quarantine*," NBC News Chicago (July 28, 2020), *available at* https://www.nbcchicago.com/news/local/illinois-added-to-new-yorks-list-of-states-requiring-quarantine/2312628/.

[3]   According to the New York Times, on July 28, 2020 – when Illinois was added to the quarantine list – there were 1,146 new cases per day in Illinois, with a 7-day average of 1,436 new cases per day.  That figure steadily increased throughout August, and currently stands at 1,959 new cases per day, with a 7-day average of 2,265.  *See* https://www.nytimes.com/interactive/2020/us/illinois-coronavirus-cases.html.  The Times reports that "[a]t least 23 new coronavirus deaths and 1,959 new cases were reported in Illinois on Sept. 10.  Over the past week, there have been an average of 2,265 cases per day, an increase of 16 percent from the average two weeks earlier." *Id.*  (That said, this data is not a precise match to the criteria used by New York State for its quarantine list – and the data is volatile on a day-to-day basis in any event – but illustrates reasons to be concerned about the trends in Illinois.)

The Government has spoken with counsel for several TFSB employees who are likely trial witnesses and who reside in Illinois. Counsel has informed the Government that requiring these witnesses to quarantine for two weeks (or longer), away from home, before testifying would impose a nearly impossible toll on their daily lives, interfering with, among other things, their ability to care for family members and perform their jobs.[4]

The Government has also spoken with counsel for the Office of the Comptroller of the Currency ("OCC"), who represents multiple OCC employees who live in Illinois and other states subject to New York's mandatory quarantine rule, and at least some of whom are likely Government trial witnesses. Counsel for these witnesses has raised similar concerns about the severe hardship an extended quarantine in New York would pose for these witnesses, many of whom have personal and professional obligations in Illinois that they cannot abandon for a multi-week period later this year.[5]

Furthermore, it bears mention in this respect that all of the expected TFSB witnesses are lay fact witnesses. None of them are cooperators or have any agreement with the Government that obligates them to testify or participate in this trial. The Government presumes the same is true of potential defense witnesses based in Illinois. Moreover, while the OCC witnesses are Treasury Department employees, none works for the Department of Justice or is a member of the prosecution team in this case.

---

[4] Among other things, counsel has informed the Government about the following regarding certain likely witnesses: (i) one witness has four young children attending "virtual" school remotely from their home and who require intensive parental supervision, (ii) one witness has job responsibilities that require him to physically come into his office in Chicago on a regular basis, and has a preexisting condition that makes him particularly concerned about using public transportation and testifying in a live courtroom setting at this time, (iii) another witness is a top executive at the bank whose job responsibilities also require him to be physically present in his office in Chicago on a regular basis, and (iv) another witness has job responsibilities that typically require him to be physically in the office and has significant family commitments in late November and is deeply concerned about being away from his family for multiple weeks during this time period.

In addition, counsel has informed the Government that complying with the quarantine rules would impose "an extreme hardship" on counsel and his firm due to, among other things, counsel's young children who are remotely attending "virtual" school, counsel's need to care for his elderly mother, and his responsibilities to his small (five-lawyer) firm. Counsel has stated that, in particular, requiring him and his clients to quarantine away from their homes for multiple weeks over the Thanksgiving holiday would be immensely disruptive and burdensome.

[5] In particular, OCC counsel has informed the Government that one of these witnesses "is one of the agency's most senior officials, and the two-week quarantine would negatively impact the OCC's ability to meet its mission"; two of the witnesses have childcare responsibilities and would face a "significant burden" from a two-week quarantine; and two of the witnesses have travel plans and family commitments over the Thanksgiving holiday.

---

In addition to the logistical burdens on witnesses and their counsel, the Government anticipates that the mandatory quarantine rule could also cause significant disruptions and delays during trial. For instance, if the defense realizes mid-trial that they wish to call an out-of-state witness who has not yet quarantined, trial might need to be adjourned while that witness quarantines. Similarly, it would be difficult, if not impossible, for the Government to pre-select its potential rebuttal witnesses weeks before hearing the defendant's first witness testify. Finally, given the scarcity of trial courtrooms under this District's new procedures, a mid-trial adjournment would not only seriously inconvenience the Court and the jury, but also jeopardize the availability of a courtroom allocated to another trial.

The Government has conferred with defense counsel, and understands that the defendant wishes to proceed to trial as soon as possible. This desire is understandable – and is shared by the Government – but the defendant's right to a speedy trial is not absolute.[6] Moreover, defense counsel made clear that, while the defendant wishes to proceed to trial as soon as possible, he is unwilling to waive "any trial rights." That is, of course, his prerogative, but it makes plain the risk that he would request a mid-trial adjournment if he decided in the midst of trial to call a witness who needed to quarantine before testifying.

In sum, the addition of Illinois to the New York State quarantine list is a new development that may significantly impact the feasibility of the December 2020 trial date given the number of out-of-state witnesses in this case and the significant disruption a trial would cause to them, their families, and their counsel. Given the scarcity of resources, including courtrooms, and the need to coordinate this trial with other trials pending in the District, the Government felt it prudent to bring these concerns to the Court's attention immediately. The Government will be

---

[6] The Government notes that the defendant, who is out on bail, has consented to the exclusion of time under the Speedy Trial Act, and a trial date in this case was not even set until April 23, 2020 (Dkt. 72)—well after the COVID-19 pandemic had already begun sweeping the country. The trial date has only been adjourned once so far, on the joint request of both parties. (Dkt. 89, 93.) The defendant has not suggested that this adjournment in any way prejudiced his defense.

prepared to address these issues at a conference should the Court wish to further explore with the parties how best to efficiently and safely move this case to trial.

                Respectfully submitted,

                AUDREY STRAUSS
                Acting United States Attorney

by: /s/
                Paul M. Monteleoni
                Douglas S. Zolkind
                Benet J. Kearney
                Assistant United States Attorneys
                (212) 637-2219/2418/2260

cc: Counsel of Record (via ECF)