UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                :

    UNITED STATES OF AMERICA,           :

                                                :         Case No. 19 Cr. 366 (LGS)

            - against -                   :

                                                :

    STEPHEN M. CALK,                   :

                                                :

                     *Defendant*.          :

                                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANT STEPHEN M. CALK'S RENEWED MOTION TO TRANSFER VENUE

Defendant Stephen M. Calk respectfully submits this reply memorandum in further support of his renewed motion to transfer this case to the Northern District of Illinois pursuant to Federal Rule of Criminal Procedure 21(b).

## ARGUMENT

In opposing Mr. Calk's renewed motion for transfer, the government applies the wrong standard, ignores the key facts, and urges the Court to reach the wrong result.

*First*, the government erroneously states that Mr. Calk's motion seeks "reconsideration" of the Court's prior order denying his original motion to transfer venue. (Gov't Mem. of Law in Opp'n to Def.'s Mot. to Reconsider the Court's Denial of His Mot. to Transfer Venue ("Opp'n") at 7-9, ECF No. 134).  By mislabeling the motion as one for reconsideration, the government wrongly suggests that the defense has a heightened burden of showing that the Court's prior ruling was erroneous.

We are plainly not seeking reconsideration of the Court's prior venue ruling. Rather, we have made a renewed motion to transfer the case based on changed facts, namely a worldwide pandemic and the government's repeated statements that its key witnesses who reside in Illinois refuse to travel to New York and likely cannot be compelled to do so.  None of the "reconsideration" cases cited by the government relate to venue motions, and certainly not to venue motions based on new facts.  When there are new facts, courts decide renewed venue motions based on their merits, without reference to Local Civil Rule 6.3 or Local Criminal Rule 49.1 or other reconsideration standards.  *See, e.g.*, Conf. Tr. 15:17-20, *United States v. Tomasetta*, No. 10-cr-01205 (JSR) (S.D.N.Y. Jan. 4, 2013), ECF No. 217 (adjudicating defendants' renewed motion to transfer venue based on changed circumstances without reference to reconsideration standard); *United States v. Salim*, 189 F. Supp. 2d 93, 95-97 (S.D.N.Y. 2002) (same); *accord United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2d Cir. 1990)

(adjudicating appeal of renewed venue motion); *United States v. Pereira*, 382 F. Supp. 3d 179,

180 (D.P.R. 2019) (adjudicating defendant's "second motion for change of venue" without

reference to reconsideration standard).

The local civil and criminal rules on reconsideration are, on their face,

inapplicable to the current motion.  Both require that the motion be filed within 14 days of the

Court's original decision and both require the movant to set "the matters or controlling decisions

which counsel believes the Court has overlooked."  Here, the new facts that motivated the

defense motion were not known until long after the 14-day deadline had expired and the

defendant does not contend here that the Court "overlooked" any matters or case law in its prior

ruling.  The defendant is not asking the Court to reconsider its original ruling but rather to

consider for the first time whether the revelations made by the government about its witnesses—

made in the course of the government's recent applications to adjourn the trial—warrant a

transfer of the case to Chicago.  The government's attempt to erect an inapt procedural hurdle to

the Court's consideration of this motion should be rejected.

*Second*, the government fails to address the changed facts we set forth in our

memorandum of law, namely its own repeated statements about witness unavailability.  Since the

time this Court decided Mr. Calk's original venue motion, the government has stated not only

that a plurality of its witnesses reside in the Chicago area,[1] but also that critical Illinois-based

fact witnesses refuse to travel to New York due to the COVID-19 pandemic.  (*See* Def. Mem. of

Law in Supp. of Renewed Motion to Transfer Venue ("Br.") at 2-5, ECF No. 132).  Yet in its

---

[1] Opp'n at 6 ("[T]hree current Bank employees reside in Illinois, one resides in Indiana, one former Bank employee and one presidential transition team witness reside in New York, four Office of Comptroller of Currency ("OCC") personnel reside in Illinois, one OCC official resides in Virginia, one expert witness resides in Massachusetts and one resides in Florida.").

KL3 3319876.1

opposition to the defense's renewed transfer motion, the government chooses to ignore the statements that it recently made to the Court about the preexisting health conditions, job responsibilities, and caretaking obligations of key witnesses living in Chicago—circumstances that will cause those witnesses to refuse to travel to New York for trial during the pandemic.

The government is also conspicuously silent with respect to whether its two New York-based witnesses would object to traveling to Chicago or have any basis to do so. Instead, the government merely argues that a trial in Chicago would be less convenient for witnesses in New York. But this motion is not premised on mere inconvenience to witnesses. It is based on the government's representations that critical witnesses in Chicago will refuse to travel to New York for a trial that has been scheduled and is fast approaching.[2] This distinguishes the circumstances here from the cases cited by the government in which motions to transfer made during the pandemic were denied. *See* Opp'n at 16 (citing *United States v. Blakstad*, No. 19-cr-486 (ER), 2020 WL 5992347, at \*4 (S.D.N.Y. Oct. 9, 2020) (trial adjourned *sine die*); *United States v. Yates*, No. 3:19-cr-266 (AWT), 2020 WL 3316053, \*1, at \*3-\*4, \*7 (D. Conn. June 18, 2020) (trial was five months away at time of decision and has since been adjourned to May 2021 at defendant's request[3])).

*Third,* the government misguidedly attempts to compare the pandemic conditions in New York and Illinois and make predictions about the future. (Opp'n at 3-6, 13-14). No one knows what will happen over the next several months. As of this writing, the infection rate in Illinois is high but may be cresting; in New York, it is lower but clearly rising. Effective

---

[2] The remaining out-of-state witnesses will need to travel and comply with quarantine rules regardless of whether the trial is in Illinois or New York.

[3] *See* Def.'s Mot. to Continue Trial Date, *Yates*, (July 9, 2020), ECF No. 59; Order Granting Def.'s Mot. to Continue Trial Date, *Yates*, (July 14, 2020), ECF No. 63.

November 16, 2020, New York State suspended all jury trials.  (Mem. from Lawrence K. Marks re Revised Pandemic Procedures in the Trial Courts (Nov. 13, 2020), http://www.nycourts.gov/whatsnew/pdf/JT_Memo_Nov13-001.pdf)).  On November 24, 2020, the United States District Court for the Eastern District of New York suspended jury trials through January 19, 2021.  (Administrative Order No. 2020-26, https://img.nyed.uscourts.gov/files/general-ordes/Admin%20Order%202020-26%20-%20Temporary%20Suspension %20of%20Jury%20Trials.pdf)).

The relative severity of conditions in different locales in February is unknowable. But what we do know is that in October of this year, when conditions in both New York and Illinois were much better than they are today, critical fact witnesses in Chicago advised the government, through their counsel, that they objected to traveling to New York for trial.  The government told the Court, in substance, that the situation is unlikely to change in February.  Oct 15, 2020 Tr. 10:15-22 ("So I cannot promise that the government will be in a different position come February, if Illinois remains a restricted state.").  Rather than wait until February to see this play out as the government has predicted it will, Mr. Calk asks this Court to move the trial to Chicago.

KL3 3319876.1

## CONCLUSION

For the foregoing reasons, Mr. Calk respectfully requests that the Court transfer this case to the Northern District of Illinois so that he may proceed expeditiously to trial in that district when circumstances permit.

Dated:   New York, New York                       Respectfully submitted,
         November 27, 2020

                                                   KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                                   By: */s/ Paul H. Schoeman*
                                                       Paul H. Schoeman
                                                       Darren A. LaVerne
                                                       1177 Avenue of the Americas
                                                       New York, NY 10036
                                                       Telephone: 212.715.9100

                                                   LOEB & LOEB LLP

                                                       Jeremy Margolis
                                                       Joseph J. Duffy
                                                       321 N. Clark Street
                                                       Chicago, IL 60654
                                                       Telephone: 312.464.3100

                                                   *Attorneys for Defendant Stephen M. Calk*

KL3 3319876.1