UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :

UNITED STATES OF AMERICA        :

                                         :

            - v. -                 :            19 Cr. 366 (LGS)

                                         :

STEPHEN M. CALK,            :

                                         :

            Defendant.         :

                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT REQUESTS TO CHARGE**

<u>INTRODUCTION</u>

The parties respectfully submit these joint requests to charge.  Text below without edits reflects language proposed by the government without objection by the defense.  Where the parties disagree, the Government's position is indicated in **blue** and the defendant's position is indicated in **red**.

The parties respectfully reserve the right to submit additional or modified requests and to make supplemental arguments in support of their requests at or near the close of evidence.

# TABLE OF CONTENTS

**Page**

INTRODUCTORY INSTRUCTIONS ................................................................ 5
    Role of the Court .................................................................................................. 5
    Role of the Jury .................................................................................................... 6
    Statements of Counsel and Court Not Evidence;  Jury's Recollection Controls ....... 7
    Improper Considerations ....................................................................................... 8
    All Parties Are Equal Before the Law.................................................................... 9
    The Indictment .................................................................................................... 10
    Presumption of Innocence and Burden of Proof ................................................. 11
    Reasonable Doubt .............................................................................................. 12
GENERAL INSTRUCTIONS ....................................................................... 14
    Direct and Circumstantial Evidence .................................................................... 14
    Inferences ........................................................................................................... 15
    Credibility of Witnesses ...................................................................................... 17
    Witness Credibility – Prior Perjury [if applicable] .............................................. 19
    Impeachment by Prior Inconsistent Statement [if applicable] .............................. 20
    Defendant's Right Not to Testify [if requested by defense] .................................. 22
    Defendant's Testimony [if applicable].................................................................. 23
    Law Enforcement Witnesses [and Government Officials, if applicable]................ 24
    **Video Testimony  [if applicable]** ...................................................................... 25
    Witnesses Testifying Pursuant to Grant of Immunity  [if applicable] .................... 26
    Persons Not on Trial........................................................................................... 27
    **Uncalled Witnesses Equally Available [if applicable]**.................................... 28
    Preparation of Witnesses .................................................................................... 29
    Investigative Techniques [if applicable] .............................................................. 30
    Use of Electronic Communications..................................................................... 31
    Expert Witnesses [if applicable] ......................................................................... 32
    Stipulations......................................................................................................... 33
    Summary Exhibits [if applicable] ........................................................................ 34
    Excerpts and Redactions [if applicable].............................................................. 35
CHARGE .................................................................................................... 36
    Summary of the Indictment ................................................................................. 36
Count One: Financial Institution Bribery
(Element #1 – Defendant Was a Financial Institution Officer) ................................... 37
Count One: Financial Institution Bribery
(Element #2 – Solicitation or Acceptance of Something of Value)............................... 38
Count One: Financial Institution Bribery
(Element #3 – Corrupt Intent to Be Influenced) ....................................................... 39
Count One: Financial Institution Bribery
(Element #4 –Value Greater Than $1,000)................................................................ 42
OTHER INSTRUCTIONS ............................................................................ 43
    **Good Faith a Complete Defense**........................................................................ 43
    **Dual Intent No Defense [if applicable]** ............................................................ 44
    **Conscious Avoidance [if applicable]** ............................................................... 45

Venue ........................................................................................................................ 47

Variance in Dates and Times ................................................................................... 49

Punishment .............................................................................................................. 50

Juror Note-Taking ................................................................................................... 51

CONCLUDING REMARKS ............................................................................................. 52

## INTRODUCTORY INSTRUCTIONS

### Role of the Court

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.  If an attorney or anyone else at trial has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You may take a copy of these instructions with you into the jury room.

Role of the Jury

Your role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence or lack of evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw solely based on the evidence and from the facts as you have determined them.

The evidence before you consists of the answers given by witnesses and the exhibits and stipulations that were received into evidence.  In determining the facts, you must rely upon your own recollection of the evidence.  I will instruct you at the end of these charges about your ability to request to have testimony read back and your access to other evidence admitted during the trial.

<u>Statements of Counsel and Court Not Evidence;</u>
<u>Jury's Recollection Controls</u>

What the lawyers have said in their opening statements, in their objections, and in their questions, and what they may say in their closing arguments, is not evidence. You should bear in mind that a question put to a witness is not evidence. It is the question coupled with the answer that constitutes evidence.

In addition, what I say is not evidence. If I have sustained an objection to a question or stricken testimony, any stricken answers given by a witness are not part of the evidence in this case, and you may not consider them.

You should draw no inference or conclusion for or against any party because of lawyers' objections. Bear in mind that counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.

Also, do not draw any inferences from any of my rulings. The rulings I have made during trial are not any indication of my views of what your verdict should be. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, because of any comment, question, ruling, or instruction of mine.

### Improper Considerations

Your verdict must be based solely upon the evidence or the lack of evidence.  It would be improper for you to consider any personal feelings you may have about the defendant's race, ethnicity, national origin, nationality, age, or any other such factor.  It also would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

I remind you that before each of you was accepted and sworn to act as a juror, you were asked questions concerning competency, qualifications, fairness, and freedom from prejudice and bias.  On the faith of those answers, you were accepted as jurors by the parties.  Therefore, those answers are as binding on each of you now as they were then, and should remain so, until the jury is discharged from consideration of this case.

<u>All Parties Are Equal Before the Law</u>

In reaching your verdict you must remember that all parties stand equal before a jury in the courts of the United States.  You should give no weight whatsoever to the fact that this prosecution is brought in the name of the United States of America.  The Government is entitled to no greater consideration than that given to any other party to litigation.  By the same token, **although it bears the burden of proof beyond a reasonable doubt**, the Government is entitled to no less consideration.

<u>The Indictment</u>

The defendant, STEPHEN CALK, has been formally charged in what is called an "Indictment."

An Indictment is simply an accusation.  It is no more than the means by which a criminal case is started and a statement of the charges made against the defendant.  It is not evidence.  It is not proof of a defendant's guilt.  You are to give no weight to the fact that an Indictment has been returned against the defendant.

The Indictment in this case charges the defendant in one count.  I will not read the entire Indictment to you at this time.  **You will have a copy of the Indictment with you in the jury room and will have an opportunity to read it in its entirety.**[1]  Rather, in a moment, I will summarize the charge in the Indictment and then explain in detail the elements of the crime that is charged.

---

[1] **The defense objects to providing the jury with the indictment, which in this case is a lengthy speaking indictment reflecting a one-sided, inaccurate, and highly prejudicial narrative. _See United States v. Esso_, 684 F.3d 347, 352 (2d Cir. 2012) ("Indeed, while it is permissible, as we have noted above, to send the indictment into the jury room, the practice is hardly mandatory, and not all trial judges follow it, particularly when the indictment does not merely state the statutory charges against the defendant, but additionally contains a running narrative of the government's version of the facts of the case, including detailed allegations of facts not necessary for the jury to find in order to address the elements of the charged offenses. In most cases, the judge's instructions regarding the issues to be addressed by the jury and the elements of the offenses charged, which may include a reading of the legally effective portions of the indictment, will more than suffice to apprise the jury of the charges before them.").  The Government notes that is both permissible and common in this District to provide the jury with a copy of the indictment for use in the jury room, and requests that the Court do so in this case.**

Presumption of Innocence and Burden of Proof

The law presumes the defendant to be innocent of all charges against him. He has pleaded not guilty to the charges in the Indictment. As a result, the burden is on the Government to prove the defendant's guilt beyond a reasonable doubt. This burden never shifts to the defendant. In other words, he does not have to prove his innocence.

This presumption of innocence that was with the defendant when the trial began remains with the defendant until such time, if ever, that you, the jury, are unanimously convinced that the Government has proved the defendant's guilt beyond a reasonable doubt.

[*If necessary*: Even though the defendant has called witnesses in this case, the presumption of innocence remains with him, and the Government still has the burden of proof beyond a reasonable doubt.]

Reasonable Doubt

The question that naturally arises is: "What is a reasonable doubt?"  What does that phrase mean?  The words almost define themselves.  A reasonable doubt is a doubt based in reason and arising out of the evidence in the case, or the lack of evidence.  It is a doubt that a reasonable person has after carefully weighing all of the evidence in the case.

Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, and your common sense.

Reasonable doubt is not whim or speculation.  It is not an excuse to avoid the performance of an unpleasant duty.  Nor is it sympathy for the defendant.  "Beyond a reasonable doubt" does not mean mathematical certainty, or proof beyond all possible doubt.  **After all, it is virtually impossible for a person to be absolutely and completely convinced of any contested fact that by its nature is not subject to mathematical proof and certainty.**[2]  As a result, the law in a criminal case is that it is sufficient if the guilt of the defendant is established beyond a reasonable doubt, not beyond all possible doubt.

Therefore, if after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding and firm belief that the government has proven the guilt of the defendant, such a belief as a prudent person would be willing to act upon in the most

---

[2]  **The defense objects to this sentence as it is unnecessary and obscures the appropriate standard.  Sand omits this sentence.  *See* Sand, *Modern Federal Jury Instructions* ¶ 4.01, *Instr.* 4-2; *see also United States v. Glover*, 511 F.3d 340, 343-44 (2d Cir. 2007) (approving instruction on reasonable doubt that omits this sentence).  The Government notes that this instruction is derived from Supreme Court precedent and has a long history in this Circuit. *See, e.g.*, *United States v. Costello*, 221 F.2d 668, 671 (2d Cir. 1955) (Hand, J.) ("the prosecution must 'prove every element of the offense beyond a reasonable doubt though not to a mathematical certainty'")(quoting *Holland v. United States*, 348 U.S. 121 (1954)).**

important matters in the personal affairs of his or her own life, then you have no reasonable doubt and under such circumstances it is your duty to convict.

But, by same token, unless you find that the Government has proven beyond a reasonable doubt each element of the offense with which the defendant is charged, you must find the defendant not guilty of that offense.  Thus, if after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant, that you do not have an abiding and firm belief that the government has proven the defendant's guilt, in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of the most importance in his or her own life, then you have a reasonable doubt and in that circumstance it is your duty to acquit.

.

## GENERAL INSTRUCTIONS

### Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict.  One type of evidence is direct evidence.  One kind of direct evidence is a witness's testimony about something that he or she knows by virtue of his or her own senses—something that the witness has seen, smelled, touched, or heard.  Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may explain the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

That is all there is to circumstantial evidence.  You infer based on reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, you, the jury, must be satisfied of a defendant's guilt beyond a reasonable doubt from all the evidence in the case.

<u>Inferences</u>

During the trial, and as I give you these instructions, you have heard and will hear the term "inference."  For instance, in their closing arguments, the attorneys have asked you to infer, based on your reason, experience, and common sense, from one or more established facts, the existence of some other fact.  I have instructed you on circumstantial evidence and that it involves inferring a fact based on other facts, your reason, and common sense.

What is an "inference"?  What does it mean to "infer" something?  An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists based on another fact that you are satisfied exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted but not required to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

Therefore, while you are considering the evidence presented to you, you may draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Some inferences, however, are impermissible.  You may not infer that a defendant is guilty of participating in criminal conduct if you find merely that he was present at the time the crime was being committed and had knowledge that it was being committed.  Nor may you use

evidence that I have instructed you was admitted for a limited purpose for any inference beyond that limited purpose.

In addition, you may not infer that a defendant is guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing or merely because he has or had knowledge of the wrongdoing of others.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict the defendant of the crime charged.

<u>Credibility of Witnesses</u>

You have had the opportunity to observe the witnesses.  It is your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of the witnesses.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your common sense, judgment, and experience.  First consider how well the witness was able to observe or hear what he or she testified about.  The witness may be honest but mistaken.  How did the witness's testimony impress you?  Did the witness appear to be testifying honestly and candidly?  Were the witness's answers direct or were they nonresponsive?  Consider the way the witness acted, his or her way of testifying, and the strength and accuracy of the witness's recollection.  In addition, consider whether any factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony. How does the witness's testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence?  If there is a conflict, does any version appear reliable?  If so, which version seems most reliable?  In addition, you may consider whether a witness had any possible bias or relationship with a party or any possible interest in the outcome of the case.  Such a bias or relationship does not necessarily make the witness unworthy of belief.  These are simply factors that you may consider.

If a witness made statements in the past that are inconsistent with his or her testimony during the trial **concerning facts that are at issue here**,[3] you may consider that fact in deciding

---

[3] **The defense contends that there is no reason to limit this instruction to inconsistent statements concerning the charged crime; inconsistent statements regarding other matters can be an appropriate ground for impeachment as well.  *See* Sand, *Modern Federal Jury Instructions* ¶ 7.01 *Instr.* 7-19 ("If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.").**

how much of the testimony, if any, to believe.  In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake. You may also consider whether the inconsistency concerns an important fact or merely a small detail as well as whether the witness had an explanation for the inconsistency and if so whether that explanation appealed to your common sense.

If you find that a witness has testified falsely **as to any material fact** or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

<u>Witness Credibility – Prior Perjury</u>
<u>[if applicable]</u>

There has been evidence that a witness who testified at this trial lied under oath at other proceedings.  I must warn you that the testimony of such witnesses should be viewed cautiously and weighed with great care.  It is, however, for you to determine how much of the witness's testimony, if any, you wish to believe.[4]

---

[4] Adapted from Sand, *Modern Federal Jury Instructions, Instr.* 7-18.  *See also* Jury Charge at 13, *United States v. Daugerdas*, No. S3 09 Cr. 581 (WHP) (S.D.N.Y. May 12, 2011) (giving similar charge).

<u>Impeachment by Prior Inconsistent Statement</u>[5]
[if applicable]

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.[6]

Here, you have heard evidence that witnesses made statements on earlier occasions that counsel argue are inconsistent with the witnesses' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe. If you believe that a witness has been discredited in this manner, it is exclusively your right to give the testimony of that witness whatever weight you think it deserves.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness

---

[5] The Government contends that the "Witness Credibility" instruction, *supra*, is sufficient, absent a specific development at trial that require this additional instruction.  Should the Court determine otherwise, the Government respectfully reserves the right to submit a supplemental proposed instruction.

[6] Transcript of Jury Charge at 1708-09, *United States v. Hirst*, No. 15 Cr. 643 (PKC) (S.D.N.Y. Sept. 26, 2016).

had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness testimony.[7]

---

[7] Adapted from Sand, *Modern Federal Jury Instructions, Instr.* 7-19.

<u>Defendant's Right Not to Testify</u>
<u>[if requested by defense]</u>

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.  You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations.

<u>Defendant's Testimony</u>
[if applicable]

A defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, however, the defendant did testify and he was subject to cross-examination like any other witness.  You should, therefore, examine and evaluate the defendant's testimony just as you would the testimony of any other witness with an interest in the outcome of the case.

You should not disregard the defendant's testimony simply because he is charged in this case.  The fact that the defendant elected to testify does not shift the burden of proof to the defendant.  The burden remains at all times on the government to prove the elements of the offense beyond a reasonable doubt.  As I stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or of producing any evidence.[8]

---

[8] The proposed language is adapted from *United States v. Contorinis,* 09 Cr. 1083 (RJS) (Oct. 4, 2010), Tr. Jury Charge at 1893.

<u>Law Enforcement Witnesses [and Government Officials, if applicable]</u>

You have heard the testimony of law enforcement agents and Government employees. The fact that a witness may be or may have been employed by the United States Government, including as a law enforcement official, does not mean that his or her testimony deserves more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give that testimony the weight that you find it deserves.

**Video Testimony**
**[if applicable]**

One or more of the witnesses have testified by two-way live video link rather than in person in this courtroom.  The fact that a witness may be testifying by live video does not mean that his or her testimony deserves more or less consideration or greater or lesser weight than that of a witness testifying in person.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the witness testifying by video, as it is with every other type of witness, and to give that testimony the weight that you find it deserves.[9]

---

[9] **The defense objects to testimony by video.  Under the Confrontation Clause and Fed. R. Crim. P. 26, Mr. Calk has the right to confront the witnesses against him in person, in open court.**

<u>Witnesses Testifying Pursuant to Grant of Immunity</u>
<u>[if applicable]</u>

You have heard the testimony of a witness who has testified under a grant of immunity from this Court.  What this means is that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.  You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this Court[10] **and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.**[11]

**However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony. Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.**[12]

---

[10] Adapted from Jury Charge of the Hon. Vincent L. Briccetti in *United States v. Felder*, 14 Cr. 604 (VB).

[11] **The Government's proposed language is drawn from Sand, *Modern Federal Jury Instructions: Criminal* ¶ 7.01, Instruction 7-8.**

[12] **The defense's proposed additional language is taken verbatim from Sand, *Modern Federal Jury Instructions*, ¶ 7.01 *Instr.* 7-8; *see also United States v. Santana*, 503 F.2d 710 (2d Cir. 1974); *United States v. Bermudez*, 526 F.2d 89 (2d Cir. 1975).  The Government**

<u>Persons Not on Trial</u>

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant, from the fact that certain persons were not tried as defendants in this case. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.[13]

---

**objects to the inclusion of this additional language on the grounds that it applies to transaction immunity, not use immunity, because a witness testifying pursuant to a compulsion order and use immunity in no sense "can win his own freedom," or otherwise obtain benefits, as the proposed defense instruction would erroneously imply. *Glover* and *Bermudez* concern the appropriate instruction for "accomplice testimony." The Government does not understand the defendant to view any of the witnesses as his accomplices.**

[13] Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## Uncalled Witnesses Equally Available[14]
## [if applicable]

There are people whose names you heard during the course of the trial that did not appear in court to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have said if they had been witnesses in this case.  Their absence should not affect your judgment in any way about what any witness would have testified about if he or she had been called as a witness.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence whatsoever, and that the burden always rests with the Government to prove a defendant's guilt beyond a reasonable doubt.

---

[14]  The defense objects to the government's proposed charge.  As set forth in Sand, the preferred course is to leave this topic to the arguments of counsel.  *See* Sand, *Modern Federal Jury Instructions, Instr.* 6-7, Cmt. ("A number of courts have recommended the first option, that no instruction be given, preferring to leave this topic to the argument of counsel.  Indeed, all of the pattern instructions that address the issue follow this course.").  The Government notes that this instruction is commonly given and is adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

<u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the Government lawyers, <u>[if applicable]</u> the defense lawyers, or their own lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or inherently improper about a witness meeting with the Government lawyers, <u>[if applicable]</u> the defense lawyers, or his or her own lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

<u>Investigative Techniques</u>
<u>[if applicable]</u>

You have heard reference through the questioning to the fact that certain investigative techniques were used or not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence introduced by the Government, you are not to speculate as to why the Government used the techniques it did, or why it did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

Use of Electronic Communications

Some of the evidence in this case has consisted of electronic communications seized from computers or electronic accounts.  Such evidence was properly admitted in this case, and may be properly considered by you.  Whether you approve or disapprove of the seizure of these communications may not enter your deliberations.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has met its burden of proof.  However, as with the other evidence, it is for you to determine what weight, if any, to give such evidence.

Expert Witnesses
[if applicable]

In this case, I permitted certain witnesses to express opinions about certain matters that are at issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony, which we refer to as "expert testimony," was presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider that witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.  You should not, however, credit the opinion testimony just because I allowed the witness to testify as an expert.  Nor should you substitute the expert's opinion for your own reason, judgment, and common sense.  The determination of the facts in this case rest solely with you.[15]

---

[15] Adapted from Sand, *Modern Federal Jury Instructions, Instr.* 7-21 and the jury charge of Hon. Valerie E. Caproni in *United States v. Riley*, 13 Cr. 339 (S.D.N.Y. 2014).

<u>Stipulations</u>

You have heard some evidence in the form of what are called "stipulations."  A stipulation of fact is an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect or weight to give that testimony.

<u>Summary Exhibits</u>
<u>[if applicable]</u>

Some of the exhibits were charts, tables, or other forms of summary exhibits.  These exhibits are not direct evidence.  They are graphic representations or other ways of summarizing more voluminous information that was either described in the testimony of a witness or reflected in documents admitted into evidence.  It is often easier and more convenient to use charts, tables, and summaries as opposed to placing all of the underlying documents in front of you.  But it is up to you to decide whether the summary exhibits fairly and correctly reflect the underlying testimony and documents they purport to summarize.  To the extent that the summary exhibits conform to your understanding of the underlying evidence, you may accept them.  To the extent they do not, you should set them aside and rely on the underlying evidence instead.  But one way or the other, realize that the summary exhibits are not in and of themselves direct evidence.  They are merely intended to serve as aids in a party's presentation of the evidence.  They are nothing more.

<u>Excerpts and Redactions</u>
<u>[if applicable]</u>

Some of the exhibits admitted into evidence consist of excerpts of longer documents that were not admitted into evidence in their entirety.  These excerpts are simply the portions of the underlying documents considered to be most relevant to the case by the party introducing them. There is nothing unusual or improper about the use of such excerpts, and you are not to speculate from the use of such excerpts that any relevant portion of a document has been omitted.

Similarly, some of the exhibits admitted into evidence include redactions of certain information.  Again, there is nothing unusual or improper about such redactions, and you are not to speculate from the use of such redactions that any relevant portion of a document has been removed.

**CHARGE**

Summary of the Indictment

The defendant, STEPHEN CALK, has been formally charged in a document called an Indictment.  The Indictment charges the defendant in one count.  **You will have a copy of the Indictment with you in the jury room and can read the count in its entirety.[16]  I am going to provide only a brief summary now:**

Count One charges the defendant with corruptly soliciting, demanding for the benefit of any person, accepting, or agreeing to accept payments as an officer of a financial institution with intent to be influenced or rewarded in connection with the business and transactions of that financial institution, in violation of Title 18, United States Code, Section 215(a)(2).

In order to find the defendant guilty of this crime, the Government must prove the following beyond a reasonable doubt:

First, that at the time of the events alleged in the Indictment, the defendant was an officer, director, employee, or agent of a financial institution;

Second, that the defendant accepted, solicited, or demanded, or accepted or agreed to accept, solicit, or demand, something of value;

Third, that the defendant did so corruptly and with the intent to be influenced or rewarded with any business or transaction of the financial institution; and

**Fourth, that the value of the thing accepted by the defendant had a value greater than $1,000.[17]**

---

**[16] As noted *supra* at 10 n. 1, the defense objects to providing the indictment to the jury.**

**[17]  The defense contends that this fourth element was not charged in the indictment. Accordingly, the government has charged a misdemeanor violation under 18 U.S.C. §**

## Count One: Financial Institution Bribery

### (Element #1 – Defendant Was a Financial Institution Officer)

The first element the Government must prove beyond a reasonable doubt is that at the time of the events alleged in the Indictment, the defendant was an officer, director, employee, or agent of a financial institution.

To satisfy this element, the Government must prove that the financial institution is one whose deposits are insured by the Federal Deposit Insurance Corporation, or one that controls an institution whose deposits are insured by the Federal Deposit Insurance Corporation, and that the defendant was an officer, director, employee, or agent of the financial institution.

In this case, the Government alleges that The Federal Savings Bank was a bank whose deposits were insured by the Federal Deposit Insurance Corporation, and that the defendant was the Chairman and CEO of The Federal Savings Bank at the time of the alleged events.  The Government also alleges that National Bancorp Holdings, Inc. was a holding company that controlled the Federal Savings Bank, and that the defendant was the chairman and CEO of National Bancorp Holdings, Inc. at the time of the alleged events.[18]

---

215(a)(2) (that is, a bank bribery where the value of the thing received does not exceed $1,000), rather than a felony.  *See United States v. O'Brien*, 560 U.S. 218, 224 (2010) ("Elements of a crime must be charged in an indictment."); *United States v. Destin Lee*, 833 F.3d 56 (2d Cir. 2016) (finding that the Grand Jury Clause of the Fifth Amendment required that the government allege in the indictment, in a prosecution under 18 U.S.C. § 641, that the value of the property stolen exceeded $1,000, in order to charge a felony under that statute.).  The Government contends that this element was charged in the indictment. *See* Ind. ¶ 30 (citing $16 million in loans in statutory allegations paragraph).  The defense appeared to share this view until recently.  *See* Dkt. 123 at 32-37 (objecting to expert testimony on valuation on the merits).

[18] Adapted from Sand, *Modern Federal Jury Instructions, Instr.* 16-35 and the jury charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (S.D.N.Y. 2017).

**Count One: Financial Institution Bribery**

**(Element #2 – Solicitation or Acceptance of Something of Value)**

The second element the Government must prove beyond a reasonable doubt is that the defendant accepted, or agreed to accept, or solicited or demanded, something of value. **The thing of value is not limited to tangible items, nor must it be determined by reference to its value to the financial institution.  Rather, the value of the thing of value may be measured by its value to the defendant, the value of what it is exchanged for, or its market value.**[19]

The law makes no distinction between accepting, agreeing to accept, soliciting, or demanding a bribe.  The mere soliciting or demanding of a bribe is just as much a violation of the statute as actually receiving one.[20]

---

[19] **The Government's proposed instruction regarding the value of the thing of value is adapted from Hon. William H. Pauley III in *United States v. Chambers*, 17 Cr. 396 (S.D.N.Y. 2018), *see Chambers*, Dkt. 87 at 992 ("The . . . thing of value is not limited to tangible items, nor must it be determined by reference to its value to the organization, government, or government agency. . . . Rather, it is the value of the business, transaction, or series of transactions that the bribe or bribes were intended to influence that is important for the purpose of this element"), and supported by *United States* v. *Mongelli*, 794 F. Supp. 529, 531 (S.D.N.Y. 1992) (holding that the value of a bribe may be established in several ways, including "[t]he market value of the advantage to be purchased," "[t]he dollar amount of gross . . . profit obtainable" from the thing of value sought, and "the actual value of the [thing of value sought] to the defendant[]") and *United States* v. *Marmolejo*, 89 F.3d 1185, 1193-94 (5th Cir. 1996) (applying "traditional valuation methods," including "how much a person in the market would be willing to pay").  The defense objects to this language, on the grounds that it is not found in Sand and is not supported by the cases cited by the Government.**

[20] Adapted from Sand, *Modern Federal Jury Instructions, Instr.* 16-38; and the jury charges of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (S.D.N.Y. 2017), and the Hon. William H. Pauley III in *United States v. Chambers*, 17 Cr. 396 (S.D.N.Y. 2018).  *See United States* v. *Mongelli*, 794 F. Supp. 529, 531 (S.D.N.Y. 1992); *United States* v. *Marmolejo*, 89 F.3d 1185, 1193-94 (5th Cir. 1996).

**Count One: Financial Institution Bribery**

**(Element #3 – Corrupt Intent to Be Influenced)**

The third element that the Government must prove beyond a reasonable doubt is that when the defendant accepted, or agreed to accept, or solicited or demanded something of value, that he did so corruptly and with the intent to be influenced or rewarded in connection with any business or transaction of The Federal Savings Bank.

To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose to be influenced or rewarded.  This involves conscious wrongdoing, or as it sometimes been expressed, a bad or evil state of mind.  **The motive to act corruptly is ordinarily a hope or expectation of either financial gain or some other benefit to oneself or to another.[21]**

To satisfy this element, the Government must prove that the defendant intended to participate in what the law calls a quid pro quo.  Quid pro quo is Latin, and it means "this for that" or "these for those."  The Government must prove that a bribe was sought or received by the defendant, **directly or indirectly,** in exchange for the promise or performance of action in connection with the business or transactions of the financial institution.  **The Government does**

---

**[21] The Government's proposed instruction is adapted from the jury charges of the Hon. Alison J. Nathan in** *United States v. Lebedev***, 15 Cr. 769 (S.D.N.Y. 2017), Dkt. 505 at 4178; and of the Hon. William H Pauley III in** *United States v. Chambers***, 17 Cr. 396 (S.D.N.Y. 2018), Dkt. 87 at 101-02.  The defense objects to this sentence, on the grounds that it is not in the Sand instruction.  *See* Sand,** *Modern Federal Jury Instructions, Instr.* **16-37.  The defense contends that it is not appropriate to instruct the jury what allegedly corrupt motive "ordinarily" is.  Moreover, the proposed sentence suggests that having a motive for financial or other gain is necessarily corrupt, which contradicts the prior sentence, requiring that the government prove conscious wrongdoing**.

**not have to prove that there was an express or explicit agreement or promise that any particular action would be taken in exchange for the bribe.[22]**

In considering this element, remember that it is the defendant's intent to be influenced or rewarded which is important, not the intent of Mr. Manafort or the subsequent actions of the defendant or the financial institution. **Thus, the Government must prove that the defendant's solicitation or acceptance of the thing of value was made, at least in part, with the intent to be influenced in connection with the business or transactions of the financial institution, and that the defendant intended that Mr. Manafort would be aware of this intent, but not that Mr. Manafort actually was aware of or shared this intent.[23]**

Similarly, the Government does not need to prove that the defendant actually received the bribe he solicited, or that the bribe actually influenced a decision of the financial institution. It is not even necessary that the defendant had the authority to perform the act sought. **If the**

---

[22] **The defense objects to this sentence, on the grounds that it is not supported by Sand or any of the bank bribery cases cited by the Government, and, in any event, has no applicability to this case. The Government has alleged that Mr. Calk promised a particular action, namely the extension of specific loans to Mr. Manafort. The proposed sentence, suggesting some open-ended, general promise, will only confuse the jury. The Government notes that this language is drawn from the charge of the Hon. Valerie E. Caproni in** *United States v. Silver*, **15 Cr. 93 (VEC) (S.D.N.Y. 2018) (ECF No. 399 at 18), and is applicable in cases where the promises or agreements were tacit. Bank bribery cases share the same "corruptly" element as other forms of federal bribery cases and thus same rules apply.** *See, e.g., United States v. Ng Lap Seng*, **934 F.3d 110, 142 (2d Cir. 2019) (citing** *United States v. McElroy*, **910 F.2d 1016 (2d Cir. 1990) definition of "corruptly" under Section 215 to interpret term in two other statutes, holding it applies "[w]hen a statute uses the word 'corruptly'")**

[23] **The defense objects to this sentence, on the grounds that it is not supported by Sand or any of the bank bribery cases cited by the government. The Government contends that this language is drawn from the charge of the Hon. William H. Pauley III in** *United States v. Chambers*, **17 Cr. 396 (WHP) (ECF No. 87 at 919), and supported by,** *e.g., United States v. Silver*, **948 F.3d 538, 549-51 (2d Cir. 2020);** *United States v. Gallo*, **863 F.2d 185, 189 (2d Cir. 1988); and** *United States v. Ring*, **706 F.3d 460, 467-68 (D.C. Cir. 2013).**

defendant did perform his part of the quid pro quo, it does not matter whether the actions he took were desirable or beneficial to the financial institution, or whether the defendant believed them to be desirable or beneficial to the financial institution, or whether the defendant would have taken the same action even if no bribe had been paid.  The financial institution bribery laws are concerned with the manner in which financial institution officials take action, not with whether the official's actions are good or bad or beneficial or detrimental to the financial institution or the public good.[24]

Also, if you find that the defendant accepted, or agreed to accept, or solicited or demanded something of value with the intent to be rewarded for a decision already made, it does not matter that the bribe was not accepted or solicited until after the financial institution business or transaction occurred.[25]

---

[24] **The defense objects to these sentences, on the grounds that they is not supported by Sand or any of the bank bribery cases cited by the Government. The Government's proposed instruction ignores the fact that evidence that Mr. Calk believed the loans would be beneficial for the bank, and that he would have approved them regardless of any assistance from Manafort, bears directly on the question of whether he was corruptly influenced to approve the loans by Manafort's alleged assistance.  *See* Mem. of Law in Support of Gov.'s Motions In Limine, ECF No. 125, at 34 (conceding that "the soundness of the loans, or a genuine belief in the soundness of the loans . . . may be relevant to an evaluation of corrupt intent").  The proposed instruction will confuse the jury and improperly suggest that it may not consider these matters in rendering a verdict.  The Government notes that this language is drawn from the charge of the Hon. Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. 2018) (ECF No. 399 at 19), and is supported by, *e.g.*, *City of Columbia v. Omni Outdoor Advertising*, Inc., 499 U.S. 365, 378 (1991); *United States v. Alfisi*, 308 F.3d 144, 151 (2d Cir. 2002); *United States v. Skelos*, 707 F. App'x 733, 739 (2d Cir. 2017) (summary order); *United States v. Rybicki*, 354 F.3d 124, 141 (2d Cir. 2003); and *United States v. Denny*, 939 F.2d 1449, 1452 (10th Cir. 1991).**

[25] Adapted from Sand, *Modern Federal Jury Instructions, Instr.* 16-37; and the jury charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (S.D.N.Y. 2017), of the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (S.D.N.Y. 2018) (ECF No. 399), and of the Hon. William H Pauley III in *United States v. Chambers*, 17 Cr. 396 (S.D.N.Y. 2018).

**Count One: Financial Institution Bribery[26]**

**(Element #4 –Value Greater Than $1,000)**

The fourth and final element the Government must prove beyond a reasonable doubt is that the thing of value the defendant accepted, or agreed to accept or solicited or demanded, had a value greater than $1,000.

The Government need not prove the exact value of the thing of value, as long as there is proof beyond a reasonable doubt that the value exceeded $1,000.[27]  As I have described in connection with the second element, the value of the thing of value may be measured by its value to the defendant, the value of what it is exchanged for, or its market value.

---

[26] As noted supra at 36 n.17, the defense contends that government has not alleged this element in its indictment and thus has charged a misdemeanor offense under 18 U.S.C. § 215(a)(2).  Accordingly, this instruction is not appropriate.  Should the Court determine otherwise, we respectfully reserve the right to submit a supplemental proposed instruction. As noted supra at 36 n. 17, the Government contends that it has alleged this element.

[27] Adapted from Sand, *Modern Federal Jury Instructions, Instr.* 16-38; and the jury charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (S.D.N.Y. 2017).

## OTHER INSTRUCTIONS

### Good Faith a Complete Defense

Because the government must prove beyond a reasonable doubt that the defendant acted corruptly, it follows that good faith on the part of the defendant is a complete defense to a charge in this case.  That is, the law is not violated if the defendant held an honest belief that his actions were lawful, even if he was mistaken in that belief.  The defendant, however, does not have the burden of establishing his good faith.  The burden is on the government to prove lack of good faith beyond a reasonable doubt.[28]

---

[28] *See United States v. Lebedev*, 15 Cr. 769 ECF No. 505, at 4215 (S.D.N.Y. Mar. 10, 2017) (instructing jury that "good faith is a complete defense to all of the charges in the case," which included bank bribery); *see also Nat'l Assn. of Mfrs. v. Taylor*, 582 F.3d 1, 28 (D.C. Cir. 2009) (stating that, because a statute required the government to prove the defendant acted "knowingly and corruptly," "good faith mistakes will [not] result in criminal liability"); *United States v. Project on Gov't Oversight*, 616 F.3d 544 (D.C. Cir. 2010) ("[G]ood faith may constitute an excuse or defense" for "crimes that require that the defendant act 'fraudulently' or 'corruptly.'").  The Government objects to this instruction, which confuses the "corruptly" element of the bank bribery statute with a "willfully" element, and exceeds even what was given in *Lebedev*.  The Second Circuit has held that the correct instruction on the meaning of "corruptly" conveys the essence of the good faith defense and has affirmed a district court's refusal to give one in a bank bribery case.  *See United States v. McElroy*, 910 F.2d 1016, 1025-26 (2d Cir. 1990).

### Dual Intent No Defense[29]
### [if applicable]

During this trial the defendant has contended that his actions were motivated by considerations that were not unlawful.  In particular, the defendant has asserted that the loans issued to Paul Manafort were extended because the defendant believed them to be in the best interests of The Federal Savings Bank.  However, even if true, it is not a defense that the defendant may have been motivated by both proper and improper motives.  A defendant may be found to have the requisite intent even if he possesses a dual intent – that is, an unlawful intent and also partly a proper or neutral intent, such as generating revenue for the bank.[30]

---

[29] **The defense objects to this charge.  The sources cited by the government for such a charge are not bank bribery cases.  In the context of this case, such an instruction will only confuse the jury as to relevant standard of intent, which is set forth in the substantive bank bribery charge.**  The Government contends that this language is adapted from the jury charge of the Hon. Kimba M. Wood in *United States v. Skelos*, S1 15 Cr. 317 (S.D.N.Y. 2018), and of the Hon. William H. Pauley III, in *United States v. Chambers*, 17 Cr. 396 (WHP) (S.D.N.Y. 2018) (ECF No. 87 at 920).  As noted in footnote 28, above, the "corruptly" element of the bank bribery statute is identical to that element in Section 666 (at issue in *Skelos*) and other bribery statutes.

[30] Adapted from the jury charge of the Hon. Kimba M. Wood in *United States v. Skelos*, S1 15 Cr. 317 (S.D.N.Y. 2018), and of the Hon. William H. Pauley III, in United States v. Chambers 17 Cr. 396 (WHP) (S.D.N.Y. 2018).  As noted in footnote 22, above, the corruptly element of the bank bribery statute is identical to the same element in Section 666 (at issue in Skelos) and other bribery statutes.

**Conscious Avoidance[31]**
**[if applicable]**

In determining whether the defendant knew of facts that may be relevant to the charged offense—such as, for example, facts bearing on the quality of the proposed loans to Paul Manafort—you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.  That is what the phrase "conscious avoidance" refers to.

A person may not willfully and intentionally remain ignorant of a fact that is material and important to his or her conduct in order to escape the consequences of criminal law.  We refer to this notion of intentionally blinding yourself to what is staring you in the face as "conscious avoidance."

An argument by the Government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the Jury, may consider in deciding

---

[31] The defense objects to the inclusion of this instruction.  A conscious avoidance instruction is not appropriate where, as here, the charged offense does not include a "knowledge" element.  *See United States v. Nektalov*, 461 F.3d 309, 314 (2d Cir. 2006) ("The modern doctrine [of conscious avoidance] . . . is that 'when knowledge of the existence of a particular fact *is an element of an offense*, such knowledge is established if a person is aware of a high probability of its existence, unless he actually believes that it does not exist.'" (citation omitted)); Sand, *Modern Federal Jury Instructions* ¶ 3A.01, *Instr.* 3A-2 cmt. ("Instruction 3A-2 provides the jury with a means by which the government may prove that a defendant acted 'knowingly' by proving that he or she consciously avoided learning the relevant facts.").  Moreover, the charge will not be supported by the evidence at trial.  *See United States v. Quattrone*, 441 F.3d 153, 181 (2d Cir. 2006) (conscious avoidance charge may only be given where appropriate factual predicate for the charge exists).  Should the Court decide that a conscious avoidance charge is appropriate, the defense respectfully reserves the right to submit a supplemental proposed charge.  The Government contends that conscious avoidance instructions are often given for charges that do not have a "knowledge" element but where a defendant disputes knowledge of some fact bearing on intent, such as *United States v. Gatto*, No. 19-783-cr (2d. Cir. Jan. 15, 2021) (affirming conscious avoidance instruction as to wire fraud charge), or *United States v. Svoboda*, 347 F.3d 471, 479-80 (2d Cir. 2003) (affirming conscious avoidance instruction as to the "knowledge component of intent to participate in" securities fraud conspiracy).

whether a defendant knew something.  Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a fact was so, but that the defendant deliberately and consciously avoided confirming this fact, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

In sum, if you find that the defendant believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant knew of that fact.  However, if you find that the defendant actually believed the fact was not so, then you may not find that he knew of that fact.  You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.[32]

---

[32] Adapted from the jury charge of the Hon. Edgardo Ramos in *United States v. Dawkins*, 17 Cr. 684 (S.D.N.Y. 2019).

Venue

In addition to the foregoing elements I have described for you, the Government must also prove that at least one act in furtherance of the offense occurred in the Southern District of New York.  This is called establishing venue.  The Southern District of New York comprises the following counties:  Manhattan, the Bronx, Westchester, Dutchess, Putnam, Rockland, Orange, and Sullivan.  The Southern District of New York also includes the waters within the Eastern District of New York, including the East River and the waters between Staten Island and Long Island.

The Government need not prove that any crime was completed in this District or that the defendant was physically present here.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District.  The act itself may not be a criminal act.  And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

The defendant need not have specifically intended to cause something to happen in this District, or even known that he was causing something to happen here.  As long as it was reasonably foreseeable to the defendant that his conduct, or the conduct of anyone with whom he committed the crime, would cause something to happen in this District in furtherance of the crime, that is sufficient.

On the issue of venue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the evidence" means more likely than not.  Thus, the Government has satisfied its burden of proof as to venue if you conclude that it is more likely than not that some act or communication in furtherance of each charged offense occurred in the Southern District of New York.  If, on the other hand, you find that the Government has failed to prove the venue requirement as to a

particular offense, then you must acquit the defendant of that offense, even if all other elements

of an offense are proven.

<u>Variance in Dates and Times</u>

The Indictment alleges that certain conduct occurred on or about various dates or during various time periods.  It is not necessary, however, for the Government to prove that any conduct alleged occurred exactly on such dates or throughout any such time periods.  As long as the conduct occurred around any dates or within any time periods the Indictment alleges it occurred, that is sufficient.

<u>Punishment</u>

The question of possible punishment of the defendant is of no concern to you, the members of the jury, and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case and to determine whether or not the Government has proved that the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

<u>Juror Note-Taking</u>

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to assist you and you alone.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case. If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

## CONCLUDING REMARKS

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the count in the Indictment.

You are about to begin your deliberations.  If you want to see any of the physical evidence not sent into the jury room with you, or would like any of the testimony given during the trial read back to you, that can be arranged.  Please appreciate that it is not always easy to locate any testimony that you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony you may want.  Any communication with the Court at all—whether requesting evidence or testimony or otherwise—should be made to me in writing, signed by your foreperson, and given to the Marshal.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with all of you in person, with the lawyers and the defendant present.  In no event should you tell me or anyone else—in a note or orally—how the jury stands numerically in its voting on the issues of the defendants' guilt until after a unanimous verdict is reached.

Your first task as a jury will be to choose your foreperson, if you have not already done so.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.  It is for you, and you alone, to decide whether the Government has proved beyond a reasonable doubt the essential elements of the crime with which the defendant has been charged.  If the Government has failed, your verdict must be not guilty; if it has succeeded, your verdict must be guilty.  I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that

oath you promised that you would well and truly try the issues joined in this case and a true verdict render.  Your function is to weigh the evidence in the case and determine whether or not a defendant is guilty solely upon the basis of such evidence.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.  Your final vote must reflect your conscientious belief as to how the issues should be decided.

Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that you are not to reveal the position of the jurors, that is, the split of the vote, to anyone, including the Court, at any time during your deliberations.  Finally, I say this not because I think it is necessary, but because it is the custom in this courthouse to say this:  You should treat each other with courtesy and respect during your deliberations.

**Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence or the lack of evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or the lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you**

will not arrive at a correct verdict which is based on the evidence of lack of evidence in the case.  All parties are entitled to a fair trial.[33]

Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to spend a few moments with counsel and the reporter at the side bar.  I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you.

---

[33] The defense contends that reference to "sympathy" is included earlier in these proposed instructions, *supra* at 12, and need not be reiterated here.  The Government contends that this standard language articulates principles not fully captured by the brief reference to sympathy earlier in the instructions and is helpful to focus the jury on their duty. Particularly given that it references the "evidence or lack of evidence" three times, this instruction is appropriately balanced.