

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 22, 2021

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Stephen M. Calk*, 19 Cr. 366 (LGS)

Dear Judge Schofield:

    The Government writes in response to non-party Randall L. Rigby's motion to quash or modify a grand jury subpoena, and to the defendant's request for a briefing schedule that would allow him to participate in that motion.

    As the Government has already informed Rigby's counsel, the Government consents to Rigby's request to take his testimony by video, and the Court should therefore deny Rigby's motion, and the defendant's request to submit briefing on the motion, as moot. Indeed, the Government indicated to Rigby's counsel that it would agree to conduct his testimony by video before Rigby filed this motion, rendering the purpose of his motion unclear.

    Nor is there any need for the defendant to submit briefing on Rigby's moot motion. While the Government submits that there has been no abuse of the grand jury process for reasons explained in the Government's separately filed *ex parte* letter, *see generally* Fed. R. Crim. P. 6(e)(2), even assuming such abuse had occurred, the defendant would be able to seek an appropriate remedy before trial. *See United States v. Punn*, 737 F.3d 1, 9-10 (2d Cir. 2013); *see also id.* at 13 (a defendant alleging subpoenas to a third party are an abuse of the grand jury has "an opportunity at or before trial to challenge the admissibility of any evidence obtained through enforcement of the allegedly improper grand jury subpoenas, and his claim will not be 'effectively unreviewable' upon appeal from a final judgment"). The Court will also be able to better address any claim of abuse should such a separate motion be brought at a later date when a factual record on any such claim can be more fully developed, including for the reasons explained in the *ex parte* letter.

    Thus, the matters raised in Rigby's motion are moot and the motion can and should be denied as such. Moreover, there is no reason to delay denial of the motion to allow for briefing by the defendant on an ancillary issue, particularly when the arguments Calk seeks to raise can be fully—and better—addressed at a later time. If, however, the Court were inclined to consider any additional briefing, the Government respectfully requests that Calk be required to file any

additional papers by February 24, 2021, with the Government to respond the next day, so that this matter may be resolved this week, such that the issues for which the subpoena has been issued can be timely presented to a grand jury.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: /s/ Paul M. Monteleoni
Paul M. Monteleoni
Hagan Scotten
Benet J. Kearney
Assistant United States Attorneys
(212) 637-2219/2410/2260

cc: Counsel of Record (via ECF)

Terence H. Campbell, Esq. (via Email)
*Counsel for Non-Party Randall L. Rigby*