```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA                                      :
                                                              :      19 Crim. 366 (LGS)
                 -against-                                    :
                                                              :          ORDER
STEPHEN M. CALK,                                              :
                                             Defendant.       :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 22, 2021, Mr. Randall Rigby sent the e-mail attached as Exhibit A to the Court, in anticipation of his motion to modify or quash a grand jury subpoena on the ground that travel from Chicago, Illinois, to New York City, New York, would be unduly burdensome in the midst of the COVID-19 pandemic. The e-mail includes as attachments a pre-motion letter and a copy of the anticipated motion to modify or quash, attached as Exhibits B and C respectively.

WHEREAS, on February 22, 2021, Defendant filed a letter requesting to be heard on Mr. Rigby's anticipated motion to modify or quash (Dkt. No. 168), and on February 22, 2021, the Government filed a responsive letter, stating that it consents to taking Mr. Rigby's testimony by video (Dkt. No. 169). It is hereby

**ORDERED** that, Mr. Rigby's pre-motion submission is construed as a motion to modify or quash a grand jury subpoena, and such motion is **DENIED as moot** in light of the Government's consent to remote video testimony. Mr. Rigby, who is listed on the docket as an interested party, is reminded that any future submissions should be filed via ECF and that, pursuant to Rule B.2 of my Individual Rules for Criminal Cases, he should e-mail Chambers only if directed to do so. It is further

**ORDERED** that, Defendant's request to be heard on Mr. Rigby's motion to modify or quash is **DENIED as moot**. It is further

**ORDERED** that, by **May 19, 2021**, Defendant shall submit any motion *in limine* regarding

any evidence Defendant believes to have been obtained improperly through the enforcement of Mr. Rigby's grand jury subpoena, and by **June 2, 2021**, the Government shall file any response.

    The Clerk of Court is respectfully directed to close the motion at Docket No. 168.

Dated: February 24, 2021
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| | |
|---|---|
| **From:** | Terence Campbell |
| **To:** | Schofield NYSD Chambers |
| **Cc:** | Monteleoni, Paul (USANYS); Jeremy Margolis |
| **Subject:** | U.S. v. Stephen Calk, Case No. 19 CR 366 - Third-party Subpoenaed Witness Request to file Motion |
| **Date:** | Monday, February 22, 2021 10:09:00 AM |
| **Attachments:** | Rigby - Letter to J. Schofield.2.22.21.pdf |
| | Rigby - Motion to Quash or Modify.2.21.21.pdf |
| | Rigby - Notice of Motion to Quash.2.21.21.pdf |

**CAUTION - EXTERNAL:**

Dear Judge Schofield:

I am an attorney representing a third-party subpoenaed witness, Mr. Randall Rigby, in *United States v. Stephen Calk*, Case No. 19 CR 366. Mr. Rigby has voluntarily accepted trial subpoenas from the Government each time a trial date has been set, including for the currently-scheduled June trial. A week ago, Mr. Rigby – who is 75 years old, lives in Chicago, and has not traveled since the outbreak of the COVID pandemic – received a Grand Jury subpoena from the Government to testify in New York City on this case. I have been attempting to file a Motion seeking to modify or quash that subpoena, but was told this morning that I need to send a letter to the Court requesting that Mr. Rigby be added to the docket as an interested party so we may file our motion. (I will also be filing a *pro hac vice* request, assuming the Court is amenable.)

I have attached a copy of the Motion and Notice of Motion I wish to file with the Court on behalf of Mr. Rigby which lays out our position and requested relief, and respectfully request that Mr. Rigby be added to the docket and we be permitted to file this and have the issues raised therein addressed by the Court.

I notified the Government of my intent to file this motion last Friday, and have cc'd all counsel on this request.

Thank you for your consideration of this request. If you need any further information, you may reach me at this email address, or by phone – 312-263-0345. Thanks again.

- Terry Campbell

Cotsirilos, Tighe, Streicker, Poulos & Campbell

33 N. Dearborn, Suite 600

Chicago, IL 60602

(312) 263-0345

VISIT OUR WEBSITE at [www.cotsiriloslaw.com](www.cotsiriloslaw.com)

==========

The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information. It is meant only for the intended recipient(s) only. If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Thank you.

==========

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT B

**COTSIRILOS, TIGHE, STREICKER,
POULOS & CAMPBELL, LTD.**
ATTORNEYS AT LAW

SUITE 600
33 NORTH DEARBORN STREET
CHICAGO, ILLINOIS 60602

TERENCE H. CAMPBELL

TELEPHONE
(312) 263-0345

FACSIMILE
(312) 263-4670

February 22, 2021

Via Email: Schofield_NYSDChambers@nysd.uscourts.gov

Hon. Lorna Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

                **RE:** *United States v. Stephen Calk*, **Case No. 19 CR 366**
                       **Request by Third-Party Subpoenaed Witness to file Motion**

Dear Judge Schofield:

      I am an attorney representing a third-party subpoenaed witness, Mr. Randall Rigby, in *United States v. Stephen Calk*, Case No. 19 CR 366. Starting last year, Mr. Rigby has voluntarily accepted trial subpoenas from the Government each time a trial date has been set, including most recently for the currently-scheduled June trial date. A week ago, Mr. Rigby – who is 75 years old, lives in Chicago, and has not traveled since the outbreak of the COVID pandemic – received a Grand Jury subpoena from the Government to testify before a Grand Jury in New York City on this case. I have been attempting to file a Motion seeking to modify or quash that subpoena, and was told this morning that I need to send a letter to the Court requesting that Mr. Rigby be added to the docket as an interested party so we may file our motion.

      I have attached the Motion I wish to file with the Court on behalf of Mr. Rigby which lays out our position and requested relief, and respectfully request that we be permitted to file this and have the issues raised therein addressed by the Court.

      I notified the Government of my intent to file this motion last Friday, and have cc'd all counsel on this request.

COTSIRILOS, TIGHE, STREICKER,
POULOS & CAMPBELL, LTD.

Thank you for your consideration of this request.  You may reach me anytime by email: tcampbell@cotsiriloslaw.com, or by phone (w: 312-263-0345).

Very truly yours,

Terence H. Campbell

THC/mot

cc: AUSA Paul Monteleoni – by email
Defense Counsel Jeremy Margolis – by email

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                   :

UNITED STATES OF AMERICA,        :      Case No. 19 CR 366

                 -against-                     :      NOTICE OF MOTION

STEPHEN M. CALK,                 :

                 Defendant.          :
------------------------------------------------------------:

      PLEASE TAKE NOTICE that upon the accompanying Motion and Memorandum of Law, third-party subpoenaed witness Randall Rigby, a resident of Illinois, through his undersigned attorney, moves this Court before the Honorable Lorna G. Schofield, Unites States District Judge, at the United States Courthouse for the Southern District of New York, at a date and time to be determined this Court, for an order quashing or modifying the Grand Jury subpoena recently served upon him, and for any other relief as the Court may deem just and proper.

      Third-party Randall Rigby respectfully requests oral argument in connection with this motion if deemed appropriate by the Court.

Dated:  February 22, 2021

                                          Respectfully submitted,

                                          By:  */s/ Matthew S. Ryan*
                                          Matthew S. Ryan
                                          Terence H. Campbell (*pro hac application in process*)
                                          Cotsirilos, Tighe, Streicker, Poulos & Campbell
                                          33 N. Dearborn St., Suite 600
                                          Chicago, Illinois 60602
                                          Tel: (312) 263-0345

                                          *Attorneys for Third Party Randall Rigby*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that true and correct copies of the foregoing *Notice of Motion related Motion and Memorandum In Support of Third-Party Randall Rigby To Quash and/or Modify Grand Jury Subpoena* were served electronically on other counsel of record on February 18, 2021 via the CM/ECF system.

                                                                              */s/ Matthew S. Ryan*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                 :

UNITED STATES OF AMERICA,         :      Case No. 19 CR 366
                                                :
       -against-                             :
                                                :
STEPHEN M. CALK,                       :
                                                :
       Defendant.                  :
-----------------------------------------------------------:

## MOTION AND MEMORANDUM IN SUPPORT OF THIRD-PARTY RANDALL RIGBY TO QUASH AND/OR MODIFY GRAND JURY SUBPOENA

 

Matthew S. Ryan
Terence H. Campbell (*pro hac application in process*)
Cotsirilos, Tighe, Streicker, Poulos & Campbell
33 N. Dearborn St., Suite 600
Chicago, Illinois 60602
Tel: (312) 263-0345
mryan@cotsiriloslaw.com
tcampbell@cotsiriloslaw.com

## BACKGROUND

A.     **Movant Rigby's Relationship to the Case**

This case involves a charge of bank bribery against Defendant Stephen Calk based on allegations that Calk improperly influenced the approval of certain loans made by The Federal Savings Bank ("TFSB") to Paul Manafort. TFSB is the alleged victim of the crime. Third-party Movant Randall Rigby, who is now 75 years old, devoted his life to the service of our country, spending his career in the United States Army and retiring as a Lieutenant General of the United States Army. Mr. Rigby is also a former outside director at TFSB; he left the TFSB board in May 2017. Mr. Rigby lives in a suburb of Chicago, and he has not traveled anywhere since the outbreak of COVID last March.

It is Movant Rigby's understanding that Calk was indicted in or about May 2019. The trial of Defendant Calk's case was originally set for September 2020, and Movant Rigby, through counsel, voluntarily accepted a trial subpoena from the Government in May 2020. Subsequently, due to the COVID pandemic, the trial date was continued on at least two separate occasions, and each time, Mr. Rigby voluntarily accepted service of a new trial subpoena from the Government for the new trial dates.

In anticipation of the then-scheduled trial, the Government, through counsel, requested to conduct a voluntary pre-trial interview of Mr. Rigby in September and again in October 2020. Mr. Rigby politely declined the Government's requests for a pre-trial interview. Most recently, in January 2021, Mr. Rigby's counsel spoke with Government counsel who again asked to do a pre-trial interview of Mr. Rigby. In early February 2021, as before, Mr. Rigby, through counsel,

respectfully declined the government's request for a pre-trial interview, but again accepted service of the new trial subpoena from the Government for the current trial date of June 28, 2021.[1]

Subsequently, on February 12, 2021, the Government served Mr. Rigby, through counsel, with a Grand Jury subpoena calling for him to testify before a Grand Jury in New York City on February 18, 2021 in relation to the facts underlying Defendant Calk's case. Mr. Rigby's counsel spoke with Government counsel on February 16, 2021 and conveyed that Mr. Rigby could not be in New York City on February 18, 2021, the date on the face of the Grand Jury subpoena, and further requested of Government counsel that, if Mr. Rigby was going to have to testify before the Grand Jury, such testimony be done remotely, by video link from Chicago, so Mr. Rigby would not have to travel to New York City in light of the COVID pandemic and related restrictions and requirements governing travel to and from New York. The Government graciously agreed that Mr. Rigby need to appear before the Grand Jury on February 18, 2021, but was not able to say whether Mr. Rigby's testimony before the Grand Jury could be taken remotely.

Today, February 19, 2021, the Government served another Grand Jury subpoena on counsel calling for Mr. Rigby to appear before the Grand Jury in New York City on February 25, 2021. While it is counsel's understanding the Government will agree to a new date, as explained below, that is not possible given the COVID restrictions imposed by New York authorities, and more importantly, travel to New York by this third-party witness under the current circumstances would be unduly burdensome.

---

[1] Given the state of the COVID epidemic, including travel and quarantine restrictions, it is Mr. Rigby's hope that if he is called to testify at trial, he can do so remotely, rather than travel to New York City to do so.

### B. The COVID-19 Pandemic and Resulting Travel and Quarantine Requirements

As the Court is well aware, the COVID pandemic is serious and ongoing, and new, more contagious and potentially more virulent strains have recently emerged. According to the U.S. Centers for Disease Control and Prevention (the "CDC"), more than 27 million Americans have been infected and over 489,000 have died in the past year from COVID-19. *See United States COVID-19 Cases and Deaths by State, CDC COVID Data Tracker,* https://covid.cdc.gov/covid-data-tracker/#cases_casesper100k (last visited February 18, 2021). Older individuals are more susceptible to harsh consequences from the virus.

Travel is a known risk factor for COVID-19 and the CDC and various states all recommend against it. The rules for individuals entering New York, like Movant Rigby, are established by Executive Order 205.2 and by guidance issued by the New York Department of Health. *See Interim Guidance Travel Advisory*, NY Dept. of Health (Nov. 3, 2020), https://coronavirus.health.ny.gov/system/files/documents/2020/11/interm_guidance_travel_advisory.pdf. At a minimum, the State requires that such travelers obtain a negative COVID-19 test within 72 hours prior to arrival in New York and then quarantine upon arrival in the State for a minimum of three days before seeking and obtaining an additional COVID-19 test. *Id.* Test results are not immediately available, so this requires at least a four-day quarantine period for travelers from Illinois to New York.

This Court's protocols for out-of-state witnesses are consistent with New York State law. The Court has adjourned in-person appearances until February 12, 2021 because of COVID. *See In re Suspension of In-Person Operations*, 20 MISC 622 (Jan. 6, 2021). When in-person proceedings are resumed, the Court's protocol for domestic travelers requires a 14-day quarantine unless the person tests negative for COVID-19 within three days (72 hours) of departure AND

takes another COVID-19 test and tests negative on day 5 after arrival. *SDNY Protocol for Domestic Travelers*, Office of the District Court Executive (Nov. 12, 2020). This effectively requires a six-day quarantine based on at least a one-day delay in obtaining test results.

Illinois recommends a 14-day quarantine for persons returning from New York. *Travel Guidance*, IL Dept. of Public Health, https://www.dph.illinois.gov/covid19/travel-safety-guidance (last visited February 18, 2021).  Thus, to appear before a Grand Jury in New York City and comply with New York State law, this Court's protocols, and Illinois' state guidance, Movant Rigby would have to:

- Submit to a COVID test within 72 hours of departing for New York;
- Travel to New York and arrive at least 5 days in advance of his Grand Jury testimony;
- Quarantine somewhere in New York City;
- On the fifth day after arrival, find a testing center and submit to an additional COVID test before awaiting results over the following two days;
- Appear before the Grand Jury;
- Travel back to Illinois;
- Quarantine for an additional two weeks at home to comply with Illinois' guidance and for their families' and the public's safety.

We respectfully submit that this is overly burdensome under the circumstances presented.  See generally, *In re Grand Jury Matters*, 751 F.2d 13, 18 (1st Cir. 1984) (affirming District Court's broad supervisory power under Rule 17 and affirming decision to quash "subpoena whose enforcement at the particular moment seemed to [the District Court] likely to entail consequences

5

more serious than even severe inconveniences occasioned by irrelevant or overbroad requests for records").

Accordingly, Movant Rigby requests that the Court either:

(a) order that any Grand Jury testimony be taken remotely by video – or in Illinois – so that Mr. Rigby does not have to travel to New York City in the midst of the pandemic, with all the related quarantine restrictions necessitated by such travel; or

(b) quash the Grand Jury subpoena until such time as travel to and from New York is safe and does not entail the types of quarantine and other restrictions recited above.

## CONCLUSION

For the reasons set forth above, Movant Randall Rigby requests that the Court enter an Order directing either: (a) that the Grand Jury testimony of Mr. Rigby be taken remotely by video, or in Illinois; or (b) quash the Grand Jury subpoena until such time as travel to and from New York is safe and does not entail quarantines and repeated medical testing as described herein.

Respectfully submitted,

      /s/ Matthew S. Ryan
      Attorney for Third-Party Movant Randall Rigby

Matthew S. Ryan
Terence H. Campbell (*pro hac application in process*)
Cotsirilos, Tighe, Streicker, Poulos & Campbell
33 N. Dearborn St., Suite 600
Chicago, Illinois 60602
Tel: (312) 263-0345
mryan@cotsiriloslaw.com
tcampbell@cotsiriloslaw.com