

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 22, 2021

**By Email**
**Filed *Ex Parte* and Under Seal**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Stephen M. Calk*, 19 Cr. 366 (LGS)

Dear Judge Schofield:

    The Government writes to inform the Court that the subpoena received by third party Randall Rigby has been issued in connection with the grand jury's ongoing investigation of whether, in addition to the substantive bank bribery count alleged in the current indictment, the defendant conspired with others to commit the same in violation of 18 U.S.C. § 371, and to respectfully submit that this fact counsels in favor of ruling swiftly on Rigby's motion to quash.

    The Government seeks a speedy resolution of Rigby's motion to quash because it hopes to ask the grand jury to consider Rigby's testimony and potentially vote on a superseding indictment in this case as expeditiously as possible. Although the Government does not anticipate that a superseding indictment, if obtained, will require any additional discovery or otherwise be cause for any delay, the Government nonetheless appreciates that the Court has set a June trial date and, as such and as noted, the Government is likely to ask the grand jury to vote on such an indictment as expeditiously as possible. Moreover, while the Government respectfully submits that the subpoena at issue is in no way improper, *see, e.g., United States v. Meregildo*, 876 F. Supp. 2d 445, 448-49 (S.D.N.Y. 2012) (discussing proper use of grand jury subpoenas to gather evidence in support of superseding indictments regardless whether that evidence might also be used at trial), once the grand jury does (or does not) return any indictment, the defendant will be able to present any remaining arguments concerning its process at that time, as discussed in the Government's public filing of this date. Indeed, if a superseding indictment is returned, that fact will bear substantially on the merits of any motion by the defendant.

Finally, given the discussion of the ongoing investigation and matters before the grand jury, *see* Fed. R. Crim. P. 6(e)(2), the Government respectfully requests that this letter be filed under seal and *ex parte*, until such time as the grand jury has returned a superseding indictment, or the Government notifies the Court that the grand jury's investigation is no longer ongoing.

                    Respectfully submitted,

                    AUDREY STRAUSS
                    United States Attorney

by: /s/ Paul M. Monteleoni
     Paul M. Monteleoni
     Hagan Scotten
     Benet J. Kearney
     Assistant United States Attorneys
     (212) 637-2219/2410/2260