UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
UNITED STATES OF AMERICA                    :
                                            :
            - v. -                          :   S1 19 Cr. 366 (LGS)
                                            :
STEPHEN M. CALK,                            :
                                            :
                    Defendant.              :
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

The parties respectfully request that the Court include the following in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.  Where the parties disagree, the Government's position is indicated in **blue** and the defendant's position is indicated in **red**.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

### A.   <u>General Statement of the Case</u>

1.     This is a criminal case.  The defendant, STEPHEN M. CALK, has been charged with violating federal law in an Indictment which was filed by a Grand Jury sitting in this District.  The Indictment is not evidence itself, but contains charges which the Government is required to prove beyond a reasonable doubt.  Those of you selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I will give you a brief summary of the charges in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

2.     The Indictment contains two counts, or "charges," that you are going to consider.  Count One of the Indictment charges that, from at least in or about July 2016, up to and including January 2017, the defendant committed financial institution bribery.  Specifically, the Indictment alleges that the defendant, while the Chairman and CEO of The Federal Savings Bank and National Bancorp, corruptly solicited and received assistance in obtaining a **volunteer** position with the Donald J. Trump presidential campaign and a **high-ranking** position with the

then-incoming presidential administration of Donald J. Trump, intending to be influenced and rewarded in connection with the extension of **millions of dollars in** loans to Paul Manafort. Count Two of the Indictment charges that, from at least in or about July 2016, up to and including January 2017, the defendant conspired to commit financial institution bribery, meaning that he agreed with one or more other people to commit the crime charged in Count One.

3.     We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors.  The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial.  For this reason, I am going to ask you certain questions.  They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

4.     With that in mind, does any of you believe you have personal knowledge of the case as I have described it? Has anyone read or heard anything about this case? If so, is there anything you read or heard that would cause you to feel that you cannot be fair and impartial?

5.     As you heard, this case involves allegations of the solicitation and receipt of personal benefits by a bank officer **[in connection with]** **[in return for]** the extension of loans to a borrower.  Is there anything about this type of case that would make you hesitate to sit on a jury?

6.     **Do any of you believe that it should not be a crime for a bank officer to solicit, demand, receive, or accept a personal benefit with the intent to be influenced or rewarded in connection with the business or the transactions of the bank?**

- 2 -

7.     The case also involves allegations that the personal benefits received were assistance in obtaining a **volunteer** position with the Donald J. Trump presidential campaign and a **high-ranking** position with the then-incoming presidential administration of Donald J. Trump. Is there anything about this type of case that would cause you to feel that you cannot be fair and impartial?

8.     Does any of you have a problem with your hearing or vision or any medical issues which would prevent you from giving full attention to this trial?

9.     Does any of you have any difficulty in reading or understanding English?

10.    Does any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict in a criminal case?

11.    [If applicable at time of trial] Do you have any concerns about being present in the courtroom during the Covid pandemic that you think might affect your ability to be a fair and impartial juror in this case?[1]

12.    [If applicable at time of trial]  Is there anything else that you feel the Court should know about your or your circumstances in light of the nature of this case or in light of Covid?[2]

13.    After the jury is selected, we will begin opening statements and then the presentation of evidence.  The trial in this case may last for up to approximately four weeks.  Is there any juror for whom the proposed trial schedule presents an insurmountable problem, one that would make it truly impossible for you to serve?

---

[1] The parties therefore respectfully request that the Court hear individual jurors' responses to this question outside of the hearing of the other prospective jurors.

[2] The parties therefore respectfully request that the Court hear individual jurors' responses to this question outside of the hearing of the other prospective jurors.

B.    **The Parties, Witnesses, and Locations**

14.    The defendant, STEPHEN M. CALK is represented by Paul Schoeman, Darren LaVerne, and Michelle Ben-David of Kramer Levin Naftalis & Frankel, LLP and Jeremy Margolis and Linna Chen of Loeb & Loeb LLP.  (It is respectfully suggested that the Court have each individual stand up as they are called.)  Does any juror know or has any juror had any dealings, directly, or indirectly, with any of these people?

15.    To your knowledge, do any of your friends, relatives, associates, or employers know the defendant or his attorneys or anyone who works for the attorneys?

16.    The United States Government is represented in this case, as in all cases brought in this District, by the United States Attorney for this District, who is Audrey Strauss. The conduct of this trial will be handled by Assistant United States Attorneys Paul Monteleoni, Hagan Scotten, and Alexandra Rothman, as well as [*Special Agents* of the Office of the Inspector General of the Federal Deposit Insurance Corporation (or "FDIC")] and the Federal Bureau of Investigation (or "FBI"), and paralegals Emily Goldman and Sarah "Sunny" Drescher. (It is respectfully suggested that the Court have each individual stand up as they are called.)  Does any of you know, or have you had any dealings, directly or indirectly, with any of these people or with any other member of the staff of the United States Attorney's Office for the Southern District of New York?  Does any of you know, or have you had any dealings, directly or indirectly, with any other member of the staff of the FBI or the Office of the FDIC?

17.    Have you or your family member, friends, associates, or employers had any dealings directly or indirectly with any of the individuals I just mentioned, the United States Attorney's Office, the FBI, or the Office of the Inspector General of the FDIC?

18.    During the trial, you may hear from or hear evidence about the following people or businesses:

KL3 3324920.2

[List to be provided][3]

Does any of you know any of the people or entities I have just named? Have you had any

dealings either directly or indirectly with any of these individuals or entities?

      19.    During the trial, you may hear evidence about the following locations:

[List to be provided]

Are you familiar with any of the locations I have just named?

      20.    Does any of you, or your relatives or close friends, work in law, law

enforcement, the justice system, or the courts? In what capacity? Has any of you had any

contact with anyone in law, law enforcement, the justice system or the courts that might

influence your ability to evaluate this case?

      21.    Have you, either through any experience you have had or anything you

have seen or read, developed any bias or prejudice or other feelings for or against the United

States Department of Justice, the United States Attorney's Office for the Southern District of

New York, the FBI, the Office of the Inspector General for the FDIC, the Special Counsel's

Office that was established within the Department of Justice between 2017 and 2019?

      22.    Have you, or has any member of your family, either as an individual or in

the course of your business, ever been a party to any legal action or dispute with the United

States or any of the departments, agencies, or employees of the United States, including the

Internal Revenue Service? Have you had any legal, financial, or other interest in the outcome of

---

[3]    In light of the fact that many of these individuals are public figures, including President
Trump, the parties anticipate that many prospective jurors will recognize some of these
individuals and will have formed opinions about them. The parties therefore respectfully
request that the Court question individual jurors regarding their opinions of these individuals
outside of the hearing of the other prospective jurors.

such a dispute?  Have you, or has any member of your family, ever had such a dispute

concerning money owed to you by the Government or owed by you to the Government?

**C.**   **Views on Certain Witnesses, Investigative Techniques, and Evidence**

23.   **Do any of you have any opinion about the enforcement of the federal financial institution bribery laws that might prevent you from being fair and impartial in this case?**

24.   Have you, or any relative, close friend, or associate ever been involved—as defendant, victim, or any other way—in a case alleging the offer or solicitation of a bribe? Have you or any of your close friends or relatives ever been a victim of any crime?

25.   The Government witnesses in this case will consist in part of law enforcement personnel, and may include, for example, employees of the Office of the Comptroller of the Currency (or "OCC") and Special Agents and other personnel with the FBI. Would any of you be more or less likely to believe a witness merely because he or she is a member of a law enforcement agency or works for the Government?

26.   Some of the evidence admitted at trial may come from searches performed by law enforcement officers.  **I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.**  Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?  Would you have a bias for or against the Government because the Government conducted such a search, or used evidence obtained from such a search?

27.   **Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?**

28.     **Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique in uncovering evidence of or prosecuting a crime?**

29.     **You might hear evidence in this trial of criminal activity committed by people other than the defendant.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?**

30.     You may hear testimony in this case from one or more individuals who are testifying pursuant to a court order that their testimony may not be used against them in any future case.  Do any of you have any experience with or feelings about the conferring of immunity or the use of such testimony, that would make it difficult for you to render a fair and impartial verdict if you heard such testimony?  Would you have any bias for or against the Government because of evidence obtained in this manner?

**D.     Individual Questions For Each Juror**

31.     Have you ever served as a trial juror or a grand juror in either the state or federal courts?

      (a)     If so, when and in what court did you serve?

      (b)     If you served as a trial juror was it in a civil or criminal case?

      (c)     Without telling us what the verdict was, did you reach a verdict?

32.     Have you or has a relative or close friend ever been involved or appeared as a witness or complainant at trial, or before the grand jury, or before a legislative committee, licensing authority, or governmental agency?

- 7 -

(a)     If so, would anything about your or their experience prevent you from being fair and impartial in this case?

33.     Have you or has a relative or close friend ever been charged with or convicted of a crime or been the subject of any investigation by a federal or state law enforcement agency or while in the military?  If so, would you briefly state the circumstances of such charge, investigation or accusation?  (It is respectfully suggested that jurors be allowed to discuss this matter with the Court and counsel at sidebar, if they prefer.)

34.     Have you or any members of your family or any close friends, to the best of your knowledge, had any experiences with the any agency of the United States Government (including the Internal Revenue Service), or any state or local law enforcement agency, that would or could prejudice you for or against the Government?

35.     Are you or any member of your family now under subpoena, or, to your knowledge, about to be subpoenaed in any criminal case?

36.     Have you, any member of your family, or any of your close friends, ever worked in the banking or lending industry or for a bank or lending agency? If yes, please explain, including in what capacity, for which bank and for how long?

37.     Have you, any member of your family, or any of your close friends, ever been involved in a dispute with a bank or other type of lending institution? If yes, please explain, including the nature of the dispute, your involvement, and the outcome. Do you have any hesitations or concerns about whether this experience might affect your ability to be a fair and impartial juror in this case? If yes, please explain.

38.     Have you, any member of your family, or any of your close friends, ever worked for any state, federal or other agency that regulates banks or any other type of financial

institutions, such as the Federal Deposit Insurance Corporation or FDIC, Office of Comptroller

of the Currency or OCC, Department of Treasury, Securities and Exchange Commission or SEC,

etc.? If yes, please explain, including in what capacity, for which agency and for how long.

39.     Have you, any member of your family, or any of your close friends, ever

worked for a political campaign or as a political appointee?

40.     Have you, any member of your family, or any of your close friends, ever

served in the military?  If yes, please explain, including what branch, highest rank, where, and

dates of services.

41.     Have you ever been an officer or director of a corporation, including a

non-profit?  If yes, please explain.

42.     Have you ever owned a business?  If yes, please describe the type of

business, the number of employees, and whether the business is still in operation.

43.     Have you ever had any advanced education or employment in finance,

economics, accounting or business administration?  If yes, please explain.

44.     Have you ever had any training or education in the law, criminal justice,

or law enforcement?  If yes, please explain.

      E.     **Basic Legal Principles**

45.     The function of the jury is to decide questions of fact.  You are the sole

judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way

on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take

your instructions from the Court, and you are bound by those instructions.  You may not

substitute your own notions of what the law is, or what you think it should be.  At the conclusion

of the case, your job will be to determine whether or not the defendant is guilty, or not guilty, as

charged in the indictment.  Does any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

46.     Will you accept the proposition of law that the question of punishment is for the Court alone to decide, and that possible punishment must not enter into the deliberations of the juror as to guilt or innocence of the defendant?

47.     Will you accept the proposition of law that sympathy must not enter into the deliberations of the juror as to guilt or innocence of the defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant?

48.     Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons regardless of the evidence?

49.     Is there any juror who feels that even if the evidence failed to establish the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a not guilty verdict for reasons regardless of the evidence?

50.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

### F.   Juror's Background

51.     The Government respectfully requests that the Court ask each juror to state the following information:

(a)     the juror's age;

(b)     the area in which the juror resides and any other area the juror has resided during the last ten years;

(c)     where the juror was born;

(d)     the juror's educational background, including the highest degree obtained;

(e)     the juror's occupation;

(f)     the name of the juror's employer, and the period of employment with that employer;

(g)     the same information concerning other employment within the last five years;

(h)     the same information with respect to the juror's spouse, if any, and any working children;

(i)     newspapers, magazines, and internet new sources the juror reads and how often;

(j)     television programs the juror regularly watches;

(k)     the juror's hobbies and leisure-time activities; and

(l)     whether the juror is a member of any clubs or organizations.

**G.     <u>Requested Instructions Following the Impaneling of the Jury</u>**

52.     From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss or communicate about this case with anyone, including your fellow jurors, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing or communicating about the case with others includes in social media, on the internet, and discussions even with members of your own family, and your friends.

- 11 -

53.     Do not read or listen to anything touching on this case in any way.  With respect to any publicity this case generates, you are instructed not to read, listen to, or watch any news or other reports about the case.  You must not be influenced by anything you might hear or see outside the courtroom.

54.     Do not do any research or investigation about the case or anything touching upon the case.  Do not go on the Internet to do any searches about this case or these kinds of cases or any of the individuals involved.

55.     If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense.  They will be acting properly by doing so.

KL3 3324920.2