UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA                                      :
                                                              :       19 Crim. 366 (LGS)
         -against-                                   :
                                                              :       ORDER
STEPHEN M. CALK,                                              :
                                  Defendant.        :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on May 21, 2019, the Government filed an Indictment charging Defendant with financial institution bribery in violation of 18 U.S.C. § 215. Dkt. No. 2.

       WHEREAS, for reasons related to the COVID-19 pandemic, the jury trial in this case has been adjourned on several occasions. *See* Dkt. Nos. 72, 93, 99, 115, 159 and 174. For example, on January 13, 2021, the Court adjourned the trial, then scheduled for February 17, 2021, *sine die* (Dkt. No. 154), and on January 26, 2021, the Court scheduled the trial in this matter for a date in June 2021 (Dkt. No. 159). The trial is currently scheduled to begin on June 22, 2021. Dkt. No. 174.

       WHEREAS, on February 12, 2021, the Government served a grand jury subpoena (the "Subpoena") on Lieutenant General Randall Rigby ("Rigby") in connection with the grand jury's investigation of a conspiracy to commit financial institution bribery. Dkt. No. 191.

       WHEREAS, on February 24, 2021, Rigby filed a motion to modify or quash the Subpoena on the ground that traveling to New York City during the COVID-19 pandemic would have been unduly burdensome (Dkt. No. 170), and Defendant filed a letter requesting to be heard on the motion to modify or quash (Dkt. No. 168).

       WHEREAS, the Court denied the motion to modify or quash as moot, based on the Government's consent to conduct the testimony remotely by videoconference; denied Defendant's request to be heard as moot; and directed Defendant to submit a motion *in limine* regarding any evidence Defendant believes to have been obtained improperly through the enforcement of the Subpoena. Dkt. No. 172.

WHEREAS, on March 4, 2021, Rigby testified by video conference before the grand jury.

WHEREAS, on March 4, 2021, the Government filed a Superseding Indictment, charging Defendant with two crimes: (1) financial institution bribery in violation of 18 U.S.C. § 215 (the "Bribery Charge") and (2) conspiracy to commit financial institution bribery (the "Conspiracy Charge").  Dkt. No. 175.

WHEREAS, on May 24, 2021, Defendant filed a motion to preclude the Government from calling Rigby as a trial witness and from presenting any other testimony or evidence derived directly or indirectly from Rigby's grand jury testimony (the "Motion"), on the ground that the Government used the Subpoena to compel an unwilling witness as to the Bribery Charge to meet with the Government in advance of trial and to learn what Rigby's testimony at trial would be.  Dkt. No. 191.

WHEREAS, on June 2, 2021, the Government filed its opposition to the Motion.  Dkt. No. 198.

WHEREAS, a presumption of proper purpose attaches to a grand jury subpoena and the party challenging the subpoena "bears the burden of showing that the grand jury has exceeded its legal powers."  *In re Grand Jury Proceeding*, 971 F.3d 40, 54 (2d Cir. 2020) (quoting *United States v. Salameh*, 152 F.3d 88, 109 (2d Cir. 1998)).  To make this showing, the challenging party "'must present 'particularized proof' of an improper purpose.'"  *Id*. at 54-55 (quoting *United States v. Mechanik*, 475 U.S. 66, 75 (1986)). "'[I]t is improper to utilize a grand jury for the sole or dominating purpose of preparing an already pending indictment for trial.'"  *United States v. Punn*, 737 F.3d 1, 6 (2d Cir. 2013) (quoting *In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Simels)*, 767 F.2d 26, 29 (2d Cir. 1985) ("*Simels*")).  In determining whether a grand jury subpoena was utilized for a sole or dominating purpose of preparing for an already pending indictment, the timing of the grand jury subpoena can be an important factor to consider.  *Simels*, 767 F.3d at 29; *accord United States v. Bergstein*, 302 F. Supp. 3d 580, 582-83 (S.D.N.Y. 2018).

WHEREAS, where "the grand jury investigation is not primarily motivated by this improper

purpose, evidence obtained pursuant to the investigation may be offered at the trial on the initial charges." *Punn*, 737 F.3d at 6 (citing *United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994)); *accord United States v. Redzepagic*, No. 17 Cr. 228, 2017 WL 2838145, at *1 (E.D.N.Y. June 30, 2017).  It is hereby

**ORDERED** that the Motion is **DENIED**.  Defendant has not overcome the presumption of proper purpose by showing that the Subpoena was issued for the sole and dominating purpose of preparing for trial, rather than eliciting testimony pertinent to the Conspiracy Charge.  Although Defendant contends that Rigby's testimony does not relate to the Conspiracy Charge, the Government has offered several examples of questions put to Rigby before the Grand Jury directed at the Conspiracy Charge.   In addition, Defendant was ultimately charged with, and the trial in this matter will address, conspiracy to commit financial institution bribery in addition to the original substantive charge.  *See United States v. LaPorta*, 46 F.3d 152, 161 (2d Cir. 1994) ("By bringing a superseding indictment, the government here was not 'preparing an already pending indictment for trial.'  Rather, it was ensuring that it could try at the same time before the same jury [multiple crimes].").

Defendant's argument that the fact that Rigby was not mentioned in Special Agent Hilliard's PowerPoint to the Grand Jury supports a finding of improper purpose is unpersuasive.  Without having had an opportunity to interview Rigby prior to his testimony, the Government had no way of knowing what Rigby would say and, having heard his testimony, apparently no inclination to incorporate Rigby's testimony into the PowerPoint.  In addition, the timing of the Subpoena is not enough to overcome the presumption of proper purpose.  The circumstances of this case are distinct from those in *Simels* and *Bergstein*, where the timing of the subpoenas supported findings that the subpoenas were issued to prepare a pending indictment for trial.  *Simels*, 767 F.3d at 29-30 (overturning the district court's opinion upholding a grand jury subpoena, where the subpoena was issued to a potential trial witness shortly after that trial witness refused to comply with a trial subpoena pertaining to an already

3

pending charge); *Bergstein*, 302 F. Supp. 3d at 582-83 (finding that the timing of a grand jury subpoena issued more than a year after the original indictment and approximately two months before trial, with a document return date prior to trial, supported a finding of improper purpose).  Although Rigby is one of the Government's possible witnesses on the Bribery Charge and the Subpoena was issued to Rigby after he refused three of the Government's requests to interview him prior to trial, the timing of the issuance of the Subpoena does not necessarily lead to the conclusion that it was issued as a means to gain insight into Rigby's possible trial testimony on the Bribery charge.  Here, to avoid further delay of the trial, the Government pursued investigation of the Conspiracy Charge and issued the Subpoena only after learning that the trial was adjourned from February 17, 2021, to a date in June 2021, and that it had sufficient time to investigate the Conspiracy Charge prior to trial without causing delay.

Dated: June 9, 2021
      New York, New York

                                                  LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE