# Kramer Levin

| | |
|---|---|
| Paul H. Schoeman<br>Partner<br>T 212.715.9264<br>F 212.715.8064<br>PSchoeman@kramerlevin.com | 1177 Avenue of the Americas<br>New York, NY 10036<br>T 212.715.9100<br>F 212.715.8000 |

**June 15, 2021**

<u>**Via E-Mail**</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: <u>United States v. Stephen M. Calk</u>, S1 19 Cr. 366 (LGS)

Dear Judge Schofield:

  On behalf of Mr. Calk, and pursuant to the Court's direction at the June 10, 2021 conference, we respectfully submit this letter proposing an alternative preliminary jury instruction regarding the substantive law governing the case. For the reasons stated at the conference, *see* Tr. at 30:24 – 32:7, 35:5 – 36:20, we respectfully object to the Court's proposed instruction, in particular insofar as it sets forth what the government must prove as to each of the elements of the charged offenses before the jury has heard the evidence in the case. *See also United States v. Hunt*, _ F. Supp. 3d _, 2021 WL 1428579, at *17 (E.D.N.Y. Apr. 15, 2021) (declining to give a preliminary instruction on a "key, but disputed, element in the case," and distinguishing *United States v. Stein* as a "lengthy and complex" case). We ask that the Court instead give the attached preliminary instruction. *See* Ex. A. We submit that the attached instruction accomplishes the Court's goal of providing the jury with a summary of the law and orienting it as to certain key issues, but avoids the risk that the jury will prejudge the case before hearing all of the evidence and receiving more fulsome legal instructions.[1]

---

[1] Our proposed instruction provides substantially more information regarding the applicable law than did the preliminary instruction recently given by Judge Kaplan in *United States v. Kaufman*, which also charged one count of bank bribery and one count of conspiracy. Notably, Judge Kaplan did not instruct the jury on the elements of the charged offenses as part of his preliminary instruction. *See* Ex. B, *United States v. Kaufman*, 19 Cr. 504 (Tr. at 5:14 – 6:18).

The Honorable Lorna G. Schofield
June 15, 2021



       Should the Court decline to give our proposed preliminary instruction, we respectfully request that the Court not use the PowerPoint that it proposes to publish to the jury. We respectfully submit that publishing the PowerPoint will, given the specific facts and circumstances of this case, compound the prejudice to the defense.


Respectfully submitted,

/s/ Paul H. Schoeman

Paul H. Schoeman
Darren A. LaVerne

cc:    All counsel (via ECF)