

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 25, 2021

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

     Re:    *United States v. Stephen M. Calk*, S1 19 Cr. 366 (LGS)

Dear Judge Schofield:

     The Government respectfully submits this letter in light of recent developments at trial. In short, during the cross-examination of a custodian of records, the defendant conducted a lengthy inquiry into matters about which the witness had little to no personal knowledge, using exhibits that had not previously been disclosed to the Court or the Government, in violation of the Court's orders. The Government therefore requests certain relief that it believes would increase the efficient presentation of evidence and prevent unfair surprise.

     **I.**    **Limiting Cross-Examination to the Scope of Direct Examination Will Increase Trial Efficiency.**

     This Court has explained that "efficiency is always primary in my mind, consistent with the rules." Tr. 201. Recent trial developments have shown that efficiency in this trial could be materially increased by generally limiting cross-examination to "the subject matter of the direct examination," and "matters affecting the credibility of the witness." Fed. R. Evid. 611(b).[1] On the most recent day of trial, the defense conducted lengthy cross examination of a custodial witness, Kory Langhofer, concerning documents that the witness had not reviewed, did not remember, and may have never seen, in order to laboriously extract the substance contained in five undisclosed defense exhibits, under the rubric of "refreshing" the witness's recollection. (*See* Tr. 274-84; *see also, e.g., id.* at 279 ("I don't know that I've ever personally laid eyes on that document until today.")). This was an unnecessary use of the jury's time: The Government had already agreed to the authenticity of the document production in which these records were found, meaning that they could been offered in a few minutes—if not seconds—in the defense case, without the circuitous and confusing artifice of "refreshing" a recollection the witness had never had. (*See* Tr.

---

[1]    To be sure, the Government understands that minor deviations from Rule 611(b) may improve efficiency. (*See, e.g.*, 201-2 (consenting to the elicitation of a brief point from Ivakhnik to avoid the need to recall her at a later date)). The Government writes only to request an order generally applying Rule 611(b) where—as has more often been the case thus far—deviating from the Rule will further slow the progress of this trial.

275-78 (Court instructing witness on this matter)).[2]  Nor was this unnecessary expenditure of the jury's time allowed by Rule 611(b).  The thrust of the defense presentation on this score was that the witness had *not* seen these documents during direct examination.  (*See* Tr. 275-78).  This necessarily shows that the documents were not within "the subject matter of the direct examination."  Fed. R. Evid. 611(b).  And that a custodial witness had not previously seen a document could not conceivably qualify as a matter "affecting the credibility of the witness."  *Id.*  In short, the defendant had neither a legitimate reason nor a legal entitlement to consume the jury's time with a matter that could have been presented far more efficiently in his own case.[3]

In testing the bounds of Rule 611(b), the defense appears to be attempting to build its direct case through cross-examination, by exploring exhibits about which the witness knows nothing and did not testify, but which support defense themes.  (*See, e.g.*, Tr. 215 (exploring April 2016 meeting about which witness had no knowledge but which featured prominently in the defense opening)).  The Government offers no criticism of that technique as a matter of trial strategy, but it obviously consumes far more of the jury's time than an orderly and direct presentation of the defendant's evidence during the defendant's case in chief.  Where that occurs, district courts enforce Rule 611(b) for the sake of efficiency.  *See, e.g.*, *United States v. Londonio*, 17 Cr. 89 (CS) Dkt. 857 (requesting that scope of cross be limited to scope of direct for purposes of efficiency, and that inquiry into other matters be conducted during defense case); Tr. 592 (granting request) (S.D.N.Y. 2019).

---

[2]     In an effort to narrow issues, counsel conferred prior to the submission of this letter.  The defense informed the Government, in substance, that it believed this was a permissible instance of refreshing the witness's recollection, and that it could conduct similar cross-examination of future witnesses.  If so, this suggests that the scope of future cross-examinations will be particularly wide, as most witnesses will fail to remember a fact that they never knew.  This concern has immediate bearing because one of the Government's next witnesses will be another custodian who produced a far greater volume of documents.  Defense counsel has maintained the right to use undisclosed exhibits to "refresh" this witness's recollection in a similar manner to Langhofer, raising the possibility of the defense attempting to examine the witness on an untold number of documents that happened to also be within the data repositories obtained by the witness.

[3]     The defendant similarly extended the cross-examination of Anna Ivakhnik by dwelling on matters outside Rule 611(b).  In particular, the defendant repeatedly established that Ivakhnik did *not* know a specific fact, and had no reason to know it, then proceeded to offer a document—or imply a fact through cross-examination—ostensibly for the purpose of showing that Ivakhnik was unaware of it.  (*See* Tr. 215, 218-223 (establishing that Ivakhnik was not aware of certain documents or their context, and then proceeding to examine her on those documents)).  This was again a waste of the jury's time.  To the extent those documents are relevant to the defense case, their import could be more appropriately and efficiently established during the defense case.  Because Ivakhnik had not seen and did not know about the documents, they plainly did not bear on her credibility or fall within the scope of her direct examination.  And because she knew nothing about the documents, the process of extracting their contents through her could not possibly have aided the jury's comprehension.

The Court plainly has the authority to enforce Rule 611(b). In addition to that Rule itself, Rule 611(a) provides that district courts "should exercise reasonable control over the mode and order or examining witnesses and presenting evidence so as to . . . avoid wasting time." Fed. R. Evid. 611(a). The Court's discretion to efficiently manage examination of witnesses under Rule 611(a) is broad. *See, e.g.*, *United States v. Whitten*, 610 F.3d 168, 183 (2d Cir. 2010) (citing, among other cases, *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)). Where courts have required defendants to present their affirmative case in their case-in-chief, rather than through cross-examination, the trial courts' decisions are regularly affirmed. For example, in *United States v. Stadtmauer*, the district court prevented the defendant from admitting documentary evidence during cross-examination because the materials were "not really specifically impeachment material, but more akin to case-in-chief type evidence." 620 F.3d 238, 272 (3d Cir. 2010) (internal quotation marks omitted)). On appeal, the defendant argued that the materials fell within the scope of direct examination under Rule 611(b), and so the district court should have allowed their use on cross. The Third Circuit had "little trouble concluding that the District Court did not abuse its discretion in postponing the admission of [the defendant]'s proposed exhibits" until his case-in-chief. *Id.* As it explained, the district court had ample authority to manage the presentation of evidence, including its timing. *Id.* Other courts have readily reached the same conclusion. *See, e.g.*, *United States v. Lambert,* 580 F.2d 740, 747 (5th Cir. 1978) (district court did not abuse its discretion under Rule 611(a) by excluding defendant's "proffers of voluminous documentary evidence" during cross-examination); *United States v. Ellison*, 557 F.2d 128, 135 (7th Cir. 1977) (district court did not abuse its discretion by excluding proposed defense exhibits during cross-examination, even assuming the documents "would have been relevant rebuttal evidence if offered during the presentation of [the defendant's] own case").

The Government therefore respectfully requests a ruling that cross-examination must adhere to Rule 611(b), absent specific permission from the Court to raise a discrete matter for the sake of efficiency. The defendant has already indicated that he will put on a lengthy case-in-chief. He will have ample opportunity to efficiently tell his side of the story when he does so. That, and not inquiry into what exhibits a Government witness was not shown or does not know about, will most efficiently present the evidence to the jury, consistent with the Court's stated priorities, the requirements of Rule 611(b), and the purpose of Rule 611(a).[4]

## II.   The Defendant Should Disclose All Exhibits Not Intended for Impeachment.

As the Court is aware, in pretrial motions the defendant told the Court that he had a good-faith basis to object to the authenticity of documents for which Langhofer served as custodian, and thus needed an "explanation from a witness with knowledge . . . [to] determine the authenticity of these documents." (Dkt. 197, at 7). Once Langhofer took the stand, however, the defendant conducted no *voir dire*, and simply stated "same objection"—meaning an objection that the

---

[4]   To date, the defendant's broad interpretation of Rule 611(b) has created only moderate delays, and the Government still anticipates resting close to its original forecast. The Government writes now, however, to avoid the far greater delays that could ensue if, for example, the defendant wishes to ask the summary witness about every document she was *not* shown—an exercise that could theoretically allow the tedious presentation of virtually the entire defense case through an FBI agent who knows nothing about it.

defendant had never explained—before the Court admitted the documents. (Tr. 261). The defendant then embarked upon a lengthy, scripted cross-examination about the substance of the documents whose authenticity he supposedly doubted, complete with marked defense exhibits that had never been disclosed to the Court or the Government. (*Compare* Tr. 274-77 (discussing DX 1034, 1035, 1036, and 1038 and offering 1034) *with* Dkt. 222-1 (listing no such exhibits)).[5]

The point of this somewhat elaborate subterfuge seems to have been suggesting to the jury that the Government had concealed relevant documents from them. (*See, e.g.*, Tr. 275-78 (repeatedly asking Langhofer about "documents that you produced to the government, but which you were not shown" on direct examination)). That is not a proper purpose, for at least two reasons:

*First*, doing so violated the Court's order. Nearly a year ago, the Court ordered the defendant to "identify potential exhibits he may introduce in the defense case, including non-impeachment exhibits he may introduce in connection with cross-examination of the Government's witnesses." (Dkt. 95, at 2; *see also* Dkt. 153 (defense consent to this deadline with respect to new trial date)). The exhibits shown, and in one case introduced, during Langhofer's testimony were plainly not impeachment exhibits—asking whether a custodian had been shown a document in no way impeaches that custodian.[6]

*Second*, to the extent the surprise revelation of these exhibits served to impeach the Government—by suggesting that the Government had hidden the documents from the jury—that is not a proper purpose at any phase of the trial. Instructions that focus the jury on the evidence and the credibility of the witnesses by reminding them that "the government is not on trial" are routinely given and routinely affirmed. *See, e.g.*, *United States v. Barcelo*, 2014 WL 4058066, at *13 (S.D.N.Y. Aug. 15, 2014), *aff'd*, 628 F. App'x 36 (2d Cir. 2015). To be sure, the rhetorical flourish "the Government didn't show you this" is a staple of many defense arguments, but has particularly little bearing where the witness is a custodian. Moreover, the Government is aware of no permissible basis on which a defendant can manufacture grounds for that contention by withholding court-ordered disclosures and feigning an authenticity objection, then suggesting that the Government had hidden exhibits from the jury, when in fact the defendant had hidden the exhibits from the Government.

---

[5] In a call with the Government, defense counsel declined to state when the defense first decided to examine the witness on these documents, but acknowledged that it predated the witness's direct testimony.

[6] In discussions with counsel, the defense indicated that it believes that in addition to permitting the defense to withhold impeachment material, the order also allowed withholding exhibits intended for use in refreshing witnesses. The Court's order is, however, quite specific, and quite plainly does not say that. (*See* Dkt. 95, at 2). Moreover, where—as here—the purpose of the withheld exhibit was to offer the substance of the withheld exhibit, it has no conceivable relationship to impeachment, and withholding it is therefore consistent with neither the spirit nor the letter of the Court's rulings in this case.

      To prevent further such instances, the Government respectfully requests that the Court direct the defendant to immediately disclose all exhibits, and any material that it has not yet marked as an exhibit but that it believes it may offer as evidence in this case, consistent with the Court's prior order.  *See United States v. Rajaratnam*, 2011 WL 723530, at *7 (S.D.N.Y. Feb. 25, 2011) (ordering defendant to disclose portions of discovery consistent with parties' earlier agreement). To the extent the defendant claims he has properly withheld certain exhibits as actual impeachment material, the Government requests that he be required to disclose those exhibits to the Court, so that it may determine whether withholding these exhibits from the Government is proper.

      Respectfully submitted,

      AUDREY STRAUSS
      United States Attorney

by: s/_____
      Paul M. Monteleoni
      Hagan Scotten
      Alexandra N. Rothman
      Assistant United States Attorneys
      (212) 637-2219/2410/2580