# Kramer Levin

Paul H. Schoeman
Partner
**T** 212.715.9264
**F** 212.715.8064
PSchoeman@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
**T** 212.715.9100
**F** 212.715.8000

**June 27, 2021**

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>United States v. Stephen M. Calk</u>, S1 19 Cr. 366 (LGS)

Dear Judge Schofield:

    We respectfully submit this letter in response to the government's letter of June 26, 2021, Dkt. No. 230.

    The defense has fully complied with the rules of evidence and with all of the Court's orders and procedures. If the government believed that any question asked by the defense during cross-examination was improper, it could and should have objected, as it has not hesitated to do during this trial. The government did not do so. Similarly, if the government believed that the cross-examination of Mr. Langhofer or Ms. Ivakhnik created an evidentiary record that was misleading, the government could and should have sought to clarify the record through redirect examination. The government did not do so. That the government is only now complaining, two days later, suggests it is simply unhappy that its witnesses have been subjected to effective, and entirely appropriate, cross-examination.

    The government's letter misleadingly describes the events leading up to Mr. Langhofer's testimony. The defense objected to the admission of presidential transition team documents on the ground that the government had not called a witness with knowledge of how the documents were actually created or used by the transition team. Over our objection, the government chose to offer the documents through Mr. Langhofer based merely on the fact that they existed in the dataset he had collected and produced. Even after the Court overruled the defense's objection and determined that Mr. Langhofer's testimony provided an adequate foundation for the admission of documents, the defense did not intend to introduce any exhibits during cross-examination. Rather, the defense sought to provide context for the information that the government elicited from Mr. Langhofer in support of its case. Among other things, the government elicited that he had produced documents that listed "Manafort" as the referrer for Mr. Calk, and then in fact published those documents to the jury while Langhofer was on the stand. Tr. 261:7 – 263:12. To meet that evidence, the cross-examination elicited testimony from Mr. Langhofer that, among other things, the documents he produced also included spreadsheets and presentation decks that did not list Manafort as the referrer. When Mr. Langhofer asserted a failure of recollection in response to certain questions, the defense used documents that he had produced to the government to refresh his recollection.

The Honorable Lorna G. Schofield
June 27, 2021



      The government wrongly contends that it was improper to seek to refresh Mr. Langhofer's recollection because, the government claims, he had no personal knowledge of the documents at issue.  In addition to being an invalid basis for an objection,[1] this is simply not true.  Mr. Langhofer personally produced all of the presidential transition team documents.  3500-028-006; 3500-028-008.  There are only 52 documents in the production, the bulk of which were heavily redacted by Mr. Langhofer personally or under his supervision.  3500-028-013.  He also prepared and transmitted to the government a privilege log of documents that he had reviewed but did not produce.  3500-028-006.  There was nothing improper about asking Mr. Langhofer whether certain of these documents refreshed his recollection, nor is it surprising that certain of them did.  Nor were any of these documents a "surprise revelation," as the government claims.  *See* Dkt. No. 230 at 4.  The documents were produced by Mr. Langhofer to the government in November 2018, and were contained in one of the government's first productions to the defense.

      During the relatively brief cross-examination of Mr. Langhofer, the defense did offer one document in evidence.  That happened for a specific reason.  In response to a question about whether the document refreshed his recollection, Mr. Langhofer testified, "This actually is the document that I remember about this interview but the date range seems roughly correct."  Tr. 280:17-18.  At that moment, defense counsel paused to consider how to proceed because the witness had testified about the content of a document that was not in evidence.  When the government did not object, the defense believed that the best course was to offer the document in evidence.  This should have been uncontroversial since the witness had testified that all of the documents bearing the TFA_CALK identification had been produced from his files and were therefore admissible on the same basis on which the government has admitted its selected exhibits.  The government's only objection at that point – "[t]his witness hasn't seen it before," Tr. 280:22-23 – was clearly incorrect and was overruled by the Court.

      The government's belated objection to the use of admitted exhibits during the cross-examination of Ms. Ivakhnik is also without merit.  The government's complaint is that Ms. Ivakhnik did not have personal knowledge of the exhibits.  Ms. Ivakhnik inarguably did have personal knowledge of the issues and the people involved and worked closely with them at that time.  The exhibits in question each related to specific factual matters about which the government elicited testimony, and the cross-examination was a fair response to the government's misleading attempt to suggest that Mr. Calk was aware of certain information that Ms. Ivakhnik knew but did not share with him.  This was entirely ordinary, fair and predictable cross-examination in light of the direct, to which the government, again, did not object.  It is particularly remarkable to hear the government complaining that a witness was asked questions about documents as to which she lacked personal knowledge.  Just last weekend, the government filed a letter arguing that it should be permitted to present an FBI summary witness who, unlike

---

[1] *See United States v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir. 1975) (citing "the general principle that any writing may be used to refresh the recollection of a witness, even if that writing is not made by the witness himself"); 28 Charles Alan Wright & Victor James Gold, Fed. Prac. & Proc. Evid. § 6184 (2d ed. 1993) ("If a writing is employed, it is generally agreed that it need not have been authored by the witness, need not have been made contemporaneous with the matters described therein, need not be an original, and need not be admissible or even reliable." (collecting cases)).

The Honorable Lorna G. Schofield
June 27, 2021



Ms. Ivakhnik, has absolutely no personal knowledge of any relevant events. The government apparently intends to call this witness to testify for hours about dozens of exhibits merely on the basis that they are in evidence. If there is some reason that the defense should be precluded from doing on cross what the government intends to do on direct, we cannot divine what it is.

Finally, we address the two specific requests made by the government. The first request is that the Court rule that, "cross-examination must adhere to Rule 611(b)." Dkt. No. 230 at 3. This is somewhat inscrutable given that the rule itself gives the Court virtually unlimited discretion to grant <u>greater</u> latitude on cross-examination than the government desires here. The real issue is that the government has adopted a crabbed and self-serving interpretation of "the subject matter of the direct examination," *see* Fed. R. Evid. 611(b) – essentially arguing that a witness who testifies that a traffic light was green cannot be asked about anything else observed happening at the intersection. Even if that approach had any merit, there would be little point in requiring all of the government's witnesses to return to Court in mid-July in order to be called as witnesses in the defense case.

The government's request for disclosure of documents that could be used to refresh a witness's recollection is much more troubling. It is clearly a backdoor means of seeking the blueprint for the defense's cross-examination of upcoming witnesses. We are unaware of any trial conducted pursuant to the Federal Rules of Evidence in which the defense (or the government) has been required to identify in advance the documents that might be used to refresh the recollection of a witness on cross-examination. Documents used for this purpose are marked for identification (and for efficiency, often pre-marked), but even when they are shown to the witness they are not introduced into evidence (unless the adverse party chooses to offer them). In accordance with the Court's rules and procedures, the defense has identified more than 150 exhibits that it does intend to introduce in evidence, and many of them have been admitted by the Court. In the event that the defense intends to introduce other exhibits based on the conduct of the trial, it will add them to its exhibit list.[2]

Respectfully submitted,

/s/ Paul H. Schoeman

Paul H. Schoeman
Darren A. LaVerne

cc:    All counsel (via ECF)

---

[2]    The government's claim that the Court's July 10, 2020 Order requires identification of documents used to refresh recollection is without basis in the order itself, which requires the defense to "identify potential exhibits he may *introduce* in the defense case, including non-impeachment exhibits he may *introduce* in connection with cross-examination of the Government's witnesses." Dkt. No. 95 at 2 (emphasis added). As the government well knows, documents used to refresh a witness's recollection are not introduced into evidence.