

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 28, 2021

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Stephen M. Calk*, S1 19 Cr. 366 (LGS)

Dear Judge Schofield:

      The Government respectfully submits this letter to supplement the defendant's request that the jury be canvassed about a segment that appeared on the Rachel Maddow show on or about June 25, 2021 (the "Maddow Segment"). (*See* Dkt. 232). The Government agrees that the Court should apply the three-step process found in *United States v. Gaggi*, 811 F.2d 47 (2d Cir. 2008), but wishes to outline several additional points for the Court's consideration.

      The first step of *Gaggi* requires that the Court determine whether the Maddow Segment "has a potential for unfair prejudice." *Gaggi*, 811 F.2d at 51. It is not clear that the Maddow Segment qualifies. "If the broadcast or article contains no information beyond the evidence in the case . . . further inquiry may not be necessary." *United States v. Lord*, 565 F.2d 831, 838 (2d Cir. 1977). The Maddow Segment does not appear to contain any *information* beyond what the jury heard at trial, although it does contain *opinion* that would not be admitted at trial. Because the cases the Government has reviewed on this question concern news reports—as opposed to opinion pieces—*Lord* and its progeny may not apply. Nonetheless, from an abundance of caution, the Government consents to proceeding to the second *Gaggi* step.

      At the second step, the Court should canvas the jury as a whole, in open court. *See, e.g.*, *United States v. Guzman Loera*, 2019 WL 2869081, at *2 (E.D.N.Y. July 3, 2019) ("I adhered to the procedure outlined in *Gaggi* and canvassed the jury as a whole to determine whether any of them had been exposed to any news coverage over the weekend."). The Government therefore respectfully submits that before any witness testimony on Tuesday, the Court inquire along the following lines: "If any juror has watched, heard, or read any news media discussing or mentioning this case over the weekend, would you please raise your hand." If no juror responds in the affirmative, the inquiry is complete and *Gaggi* has been satisfied. *See United States v. McDermott*, 918 F.2d 319, 328 (2d Cir. 1990) ("Appellants' suggestion that the jury should have been individually interrogated, even though none had indicated that he or she had seen the articles, is simply not what the law requires.").

If any jurors raise their hand, then it would be necessary to interview those jurors separately, to determine whether whatever media they viewed would prevent them from being impartial. The Government wishes to stress that simply having viewed part or even all of a report does not constitute grounds for disqualifying a juror; only if the Court determines that the juror's impartiality was undermined would that remedy be appropriate. Among many possible reasons that the Maddow Segment would not affect a juror's ability to remain impartial, a federal court has already held that Maddow's viewers know that her show features opinion rather than fact. *See Herring Networks, Inc., v. Maddow*, 19 Cv. 1713, Dkt. 30 (S.D. Cal. 2020) (libel suit against Maddow dismissed because her viewers know she provides opinion rather than fact). Thus if a juror had seen some portion of the Maddow Segment, but credibly stated that her impartiality would not be affected because she knew Maddow was merely expressing opinions, or for any other reason which the Court credited, that juror should not be dismissed. *See, e.g., United States v. McDonough*, 56 F.3d 381, 386 (2d Cir. 1995) (juror who read part of article, but credibly said he would not be influenced by it, properly allowed to remain on jury); *United States v. Chang An-Lo*, 851 F.2d 547, 559 (2d Cir. 1988) (juror properly allowed to remain on jury despite reading article, after trial judge found juror's statement of impartiality credible and decided article was innocuous); *United States v. Cartelli*, 272 F. App'x 66, 69–70 (2d Cir. 2008) ("The district court individually questioned the five jurors who had knowledge of the press coverage, asking what knowledge they had and if the coverage had entered into their deliberations. Each juror stated that the press coverage had no bearing on his or her remaining deliberations. The court was, therefore, well within its discretion to find that the jury remained impartial.").

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney

by: s/_____
    Paul M. Monteleoni
    Hagan Scotten
    Alexandra N. Rothman
    Assistant United States Attorneys
    (212) 637-2219/2410/2580