

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 28, 2021

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Stephen M. Calk*, S1 19 Cr. 366 (LGS)

Dear Judge Schofield:

      The Government writes to respectfully request that the Court admit Government Exhibit 655, a newly-added exhibit, after it is authenticated by custodial witness Michael Weil tomorrow. The Government discovered this exhibit on Saturday, June 26 and disclosed it to the defense as an exhibit that same day.[1] We learned this afternoon that the defense objects to this document on relevance and authenticity grounds, and accordingly file this letter seeking a ruling from the Court that the exhibit is admissible once authenticated.[2]

      Government Exhibit 655, attached hereto, is an email from Paul Manafort's Trump campaign email account. The Government expects Weil, to authenticate this document during his testimony tomorrow along with three other Trump campaign records in accordance with the proffer given in Court on June 24. (Tr. 249-51 (Government proffer); *see id.* at 251 (Court noting that this proffer would likely suffice for authenticity)).

      The exhibit is relevant because it shows Manafort's state of mind in causing Calk to receive a position on the Trump campaign's economic advisory council. As relevant here, on August 12, 2016, Manafort received a Trump campaign email with a list of campaign surrogate TV appearances including several interviews by Calk. On that day—7 days after Manafort placed Calk on the council and 15 days after Calk caused the speedy conditional approval of a proposed loan to Manafort and Yohai—Manafort forwarded that list to Yohai and archly remarked "Steve Calk is now our busi[e]st surrogate on TV." Yohai responded "That's hilarious

---

[1] The document was previously produced to the defense in discovery last year.

[2] Although the Government intends to offer this document once it is authenticated by Weil, the Court can take up any dispute over its relevance during the mid-morning or lunch breakas the Government first intends to publish it to the jury through Special Agent Melissa Baccari later in the day.

and brilliant," and then updated Manafort on the status of his attempts to seek forbearance from their prior lender.

This exchange is directly relevant to Manafort's state of mind. *See, e.g.*, *United States v. Certified Env'tl Servs., Inc.*, 753 F.3d 72, 90 (2d Cir. 2014) (reversing district court finding that evidence of state of mind was not relevant, noting "the definition of relevance under Fed. R. Evid. 401 is very broad"). By sending Yohai a sarcastic reference to Calk's many campaign appearances, Manafort was revealing, and mocking, Calk's enthusiasm for the Trump campaign position that Manafort had obtained for him. The fact that Manafort sent this to Yohai—a prospective co-borrower who was at this time, with Manafort, seeking financing from Calk to buy out a prior lender that had already sent notices of default (*see* GX 812)—also indicates that Manafort saw Calk's enthusiastic campaign participation as favorable news for Manafort and Yohai's loan prospects. This email, indeed, seems to be just the same sort of update that the Court already considered in Government Exhibit 1152, in which Manafort forwarded Calk's election night texts to Yohai as an update.

Yohai's response is even more telling as to both Manafort's and Yohai's state of mind. By responding "That's hilarious and brilliant," Yohai both confirms the joking spirit in which Manafort was providing the update and also evidences his belief in the corrupt nature of Calk's appointment to the campaign position. Yohai's use of the word "brilliant" indicates his understanding that Manafort's appointment of Calk to the economic council was intended to influence Calk to provide the requested financing, and his belief that the scheme was working as intended. Of course, the fact that Yohai felt comfortable stating this in such explicit terms to Manafort serves as evidence of Manafort's state of mind in providing Yohai the update in the first place, and thus provides evidence that Manafort's appointment of Calk to the campaign position was a corrupt act.[3]

---

[3] The defendant has not lodged a hearsay objection to this exhibit; no such objection would be viable in any event. The Government would not be offering Manafort's remark to prove that Calk was in fact the busiest surrogate for the Trump campaign but instead to prove Manafort's state of mind. *See, e.g.*, *Smith v. Duncan*, 411 F.3d 340, 346 n.4 (2d Cir. 2005) ("'The mere utterance of a statement, without regard to its truth, may indicate circumstantially the state of mind…of the declarant' and is *not hearsay*…." (citation omitted)). Similarly, Yohai's "hilarious and brilliant" remark is not offered to prove the truth of the matter asserted (i.e., is not offered to prove that Calk's appointment was in fact hilarious or brilliant as some sort of matter of objective fact), but instead as an assertion of Yohai's state of mind. *See, e.g.*, *United States v. Quinones*, 511 F.3d 289, 312 (2d Cir. 2007) ("When a declaration is admitted only to prove a relevant state of mind, it does not appear to matter whether admissibility is predicated on the declaration not being hearsay or under the Rule 803(3) hearsay exception for declaration of states of mind because under either theory, a state of mind can be proved circumstantially by statements which are not intended to assert the truth of the fact being proved"). Yohai's statements regarding his negotiations with the prior lender (i.e., his statements following "That's hilarious and brilliant") are not offered for their truth but are context for Yohai's state of mind, but the Government has offered to redact them if the defense wishes, and the defense has not requested such redactions.

Accordingly, the Government respectfully requests that, once authenticated by Weil, Government Exhibit 655 be admitted so that it can be published to the jury during Special Agent Baccari's testimony.

    Respectfully submitted,

    AUDREY STRAUSS
    United States Attorney

by: /s/  Paul M. Monteleoni
    Paul M. Monteleoni
    Hagan Scotten
    Alexandra N. Rothman
    Assistant United States Attorneys
    (212) 637-2219/2410/2580