# Kramer Levin

Paul H. Schoeman
Partner
T 212.715.9264
F 212.715.8064
PSchoeman@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
T 212.715.9100
F 212.715.8000

June 30, 2021

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: <u>United States v. Stephen M. Calk</u>, S1 19 Cr. 366 (LGS)

Dear Judge Schofield:

   We respectfully submit this letter to request that the Court preclude the government from offering testimony or arguing that Mr. Calk's time in the Individual Ready Reserves ("IRR") does not qualify as military "service."  We are raising the issue with the Court now because the government advised earlier this evening that it may seek to call Kenneth Clayton, a U.S. Army paralegal, as a witness tomorrow.  Mr. Clayton was not previously on the witness list for this week.

   As the Court will recall, the parties argued as to the admissibility of Mr. Calk's military service records in their June 1, 2021 joint submission to the Court.  (Dkt No. 197).  At the pretrial conference, the Court ruled that Mr. Calk's military service records were admissible. (June 10, 2021 Pretrial Conference, Tr. 65:13-21).  The government had also indicated in the joint submission that, in addition to offering the records themselves, the government intended to call Mr. Clayton to testify that the period that Mr. Calk spent in the IRR cannot be considered military "service."  Specifically, the government said, "[t]o answer Calk's argument that he might have honestly mistaken his ten years in IRR status performing no service for service, the Government has also indicated that it may ask [Mr. Clayton], who has 38 years of actual service with the Army as a soldier and a civilian, whether he had ever heard any soldier refer to IRR status as service."  (Dkt No. 197 at 14 n.9).

   In preparing this evening for the cross examination of Mr. Clayton, the defense found the enclosed brief filed by the United States Solicitor General in opposition to a petition for a writ of certiorari.  *See* Brief for the United States in Opposition to Certiorari, *Lauderbaugh v. United States*, 529 U.S. 1019 (2000) (No. 99-1021) 2000 WL 34013774.  A copy is attached as Exhibit A.  In the brief, the Solicitor General rejected the petitioner's contention that he had "civilian status" while in the IRR.  The Solicitor General explained that although the petitioner was in IRR status for a period of time before being reactivated, "[a]t no time did petitioner's military service end."  The Solicitor General's brief makes it clear that the government's positon here is simply incorrect.  At the very least under Federal Rule of Evidence 403 the government's attempt to call a military paralegal to offer testimony directly inconsistent with the position of

The Honorable Lorna G. Schofield
June 30, 2021



the Solicitor General of the United States – in a brief filed during the time period that Mr. Calk was actually on IRR status – should be precluded.

Respectfully submitted,

/s/ Paul H. Schoeman

Paul H. Schoeman
Darren A. LaVerne

cc: All counsel (via ECF)