

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 5, 2021

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Stephen M. Calk*, S1 19 Cr. 366 (LGS)

Dear Judge Schofield:

      The Government respectfully submits this motion to exclude Defense Exhibit 50, a compilation video excerpting portions of the defendant's television appearances advocating for the election of Donald J. Trump, as irrelevant under Federal Rule of Evidence 402, and as confusing and unfairly prejudicial under Rule 403.

      DX 50, which the defense first provided to the Government on July 1, 2021, is approximately 8:21 minutes long.[1] The first part consists of very short clips of news anchors describing the defendant as "a" or "the" senior economic advisor to then-candidate Trump, often running just long enough to show the defendant, made up for television, offering his best smile to the camera. The remainder is Calk delivering a series of talking points designed to appeal to a broad audience—as political sound bites typically do—such as: Showing gratitude for the sacrifice of mothers whose children died in the service of our country, "as a fellow veteran" (3:08); sympathizing with the difficulty of purchasing a home, particularly for veterans (3:18); "ensur[ing] that Americans are employed" (4:03); "job growth" (4:46); "raising the income of the average American" (4:58); "lower personal tax rates" (5:10); child care for every American (5:29); "improving education for our poor" (5:56); "good jobs for Americans" (6:33); repealing the unpopular aspects of "Obamacare" (6:41); and getting "money out to Americans to help them live the American dream" (7:50). The exhibit ends with CNN anchor Chris Cuomo stating that he "love[s]" the defendant and praising him as "so smart" (8:15).

      The circumstances under which a defendant can offer his own out-of-court statements are extremely limited, because otherwise a defendant "could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). Moreover, the defendant plainly could not offer any of these statements for their truth. *See United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."). Claiming a non-hearsay purpose does not, however, suffice to make the statements admissible. *See, e.g.*, *United States v. Gupta*, 747 F. 3d 111, 139 (2d Cir. 2013) (defendant's statements, offered for purported non-hearsay purpose, properly excluded). Rather "the probative

---

[1]     A copy of this exhibit will be hand delivered to the Court today.

value of this evidence for its non-hearsay purpose is outweighed by the danger of unfair prejudice resulting from the impermissible hearsay use of the declarant's statement." *United States v. Reyes*, 18 F.3d 65, 70 (2d Cir. 1994). As the party offering the exhibits, Calk bears the burden to make that showing. *See, e.g.*, *United States* v. *Paulino*, 445 F.3d 211, 217 (2d Cir. 2006).

DX 50 fails that test. To start, the video is irrelevant: At no point are any of the people, or transactions at issue in this case discussed in the exhibit. That the defendant appeared on popular TV programs and advocated popular political positions has no bearing on his guilt or innocence of the charges in this case. To the extent the defendant wishes merely to prove that he was publicly appointed as an economic advisor, and that he went on television in that capacity, those facts are both undisputed and already in evidence. (*See, e.g.*, Tr. 235, 290, 317, 530, 662, 664).

Moreover, even if DX 50 had some probative value (and it does not), it would plainly fail the Rule 403 balancing test on at least two scores. *First*, it would politicize a trial that has so far avoided that risk, by presenting a montage of the defendant's political advocacy for one of the major candidates in the last two elections. The defendant has argued to the jury that "[t]his case is not about partisan politics," and that they should "put politics aside" and "[f]ocus on the facts of this case." (Tr. 83). The introduction of DX 50 would encourage the opposite. *Second*, it is the nature of political appearances to present emotionally appealing subjects (such as sympathy for mothers whose children died in combat) in the most emotionally appealing way (such as by a well-dressed, well made up speaker using carefully rehearsed rhetoric). That is the exact opposite of the type of evidence a jury should consider in weighing guilt or innocence.

This Court should thus follow the district court in *United States v. Ho*, which rejected a similar effort by a defendant to offer a self-serving video compilation of his prior speeches, purportedly to show his state of mind. 17 Cr. 779, Dkt. 193, at 58-61. There, Judge Preska excluded the video, explaining that the defendant could not "testify without swearing an oath, facing cross-examination, or having his attitude and demeanor scrutinized by the jury." *Id*. at 61. While recognizing certain limited exceptions to that principle, the court found the video "wholly irrelevant," because it did not mention "people, transactions, or countries relevant to the charged crimes." *Id*. at 62. The court further explained that any probative value the video had was outweighed by its prejudicial effect, because its "gauzy statements" on "policy" and "tolerance" distracted from the core question of "corrupt intent with respect to the acts at issue." *Id*. The same reasoning applies here.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: s/   Hagan Scotten
Paul M. Monteleoni
Hagan Scotten
Alexandra N. Rothman
Assistant United States Attorneys
(212) 637-2219/2410/2580