# Kramer Levin

Paul H. Schoeman
Partner
T 212.715.9264
F 212.715.8064
PSchoeman@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
T 212.715.9100
F 212.715.8000

**July 5, 2021**

<u>**Via ECF**</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>*United States v. Stephen M. Calk*, S1 19 Cr. 366 (LGS)</u>

Dear Judge Schofield:

      On Thursday, July 1, 2021, during the testimony of OCC examiner Jack Gongaware, the government elicited the details of a conversation Mr. Gongaware claims to have had with Mr. Calk regarding military service. While the government had ostensibly called Mr. Gongaware to testify about Mr. Calk's alleged comments concerning the Manafort loans during a March 29, 2017 meeting with the OCC, the government elicited the following:

> Q. During Mr. Calk's opening to the meeting what, if anything, did he say about his military experience?
> A. He indicated that he was a veteran.
> Q. And can you explain the context in which that came up?
> A. My impression at the time was that he was implying that because he was a veteran that he felt like he was being treated unfairly.
> MR. LaVERNE:   Object to the relevance of all of this.
> MS. ROTHMAN:  I only have a few more questions on this
>     point, your Honor.
> THE COURT:  OK.
> BY MS. ROTHMAN:
> Q. How did you respond when Mr. Calk mentioned his military experience?
> A. I responded that I was also a veteran.
> Q. And then at that point what, if anything, did Mr. Calk say?
> A. He clarified that he was a combat veteran.
> Q. What, if anything, did you say in response?
> A. I clarified that I was not a combat veteran.
> Q. Can you briefly describe your military experience?
> A. Six years active duty United States Navy; and two years active reserve duty Illinois National Guard.

(Tr. 976:17 – 977:14).

The Honorable Lorna G. Schofield
July 5, 2021



  Whether or not Mr. Calk was a "combat veteran" of course has no relevance to this case, and the government's questions were clearly designed to suggest to the jury that Mr. Calk lied to Mr. Gongaware about his military experience.  In motion practice prior to trial, the government said that it would seek to prove that Mr. Calk lied about the nature of his service in applying for a position in the Trump administration, and that this was relevant because, in the government's view, that Mr. Calk "knew his actual credentials would not suffice [to get him a position] helps show why he would need to corruptly secure Manafort's backing." (Dkt. No. 197 at 14).   Whatever merit there is to this argument (and there is none, as we have repeatedly argued, *see* Dkt. No. 197 at 12-13; Dkt. No. 235), it does not apply to statements by Mr. Calk to Mr. Gongaware in March 2017, which had nothing to do with Mr. Calk's application to serve in the Trump administration.  Rather, eliciting this testimony (which was not accidental, as is evident from the government's pointed questions to the witness) was simply an effort to smear Mr. Calk's character by portraying Mr. Calk to the jury as someone who would lie to a fellow veteran by falsely claiming to have served in combat.  It is classic Rule 404(b) material, as to which the government was required to provide written pre-trial notice that it "intends to offer [the evidence] at trial" – which it did not provide.  Fed. R. Evid. 404(b)(3)(A).  Moreover, the government was required to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose."[1]  Fed. R. Evid. 404(b)(3)(B).  The government provided no such notice here.  Accordingly, we ask that the Court strike the testimony, and instruct the jury that Mr. Gongaware's testimony on this point was irrelevant to the case and should be disregarded.

  As the Court noted earlier in the day on Thursday, the issue of whether Mr. Calk lied about or embellished his military service threatens to be a distraction in this case.  (Tr. 771:22-25) ("Now, I know that I ruled that you could bring in his past actual military service because it seemed relevant background but I'm not sure how this gets us anywhere.  I mean who cares?").  The government nonetheless appears intent on pushing this argument where it can, so as to unfairly prejudice Mr. Calk, rather than focusing the jury on the merits of this case.  It apparently plans to argue in summation that Mr. Calk lied about his military service.  The basis for its argument rests on the thinnest of reeds, but the claim carries with it the risk of serious

---

[1] As the Court is aware, this additional notice provision was added in 2020.  The commentary accompanying the amendment explains that the government must now "not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose."  Fed. R. Evid. 404(b), Advisory Committee's Note to 2020 Amendment.  The reference to Mr. Calk's alleged statement in one line of Mr. Gongaware's 3500 material clearly does not meet this standard.

The Honorable Lorna G. Schofield
July 5, 2021



confusion and prejudice.  We respectfully ask again that the Court preclude the government from doing so.

Respectfully submitted,

/s/ Paul H. Schoeman

Paul H. Schoeman
Darren A. LaVerne

cc:     All counsel (via ECF)