

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, NY 10007*

July 5, 2021

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re:  *United States v. Stephen M. Calk*, S1 19 Cr. 366 (LGS)

Dear Judge Schofield:

  The Government respectfully submits this letter in advance of the defendant's case to address the legal rules applicable to at least two possible defense witnesses. Specifically, the defendant has indicated that he may testify in his own defense, and that his best friend, retired Brigadier General Bernard Banks, may testify that he believed Calk was qualified to become Secretary of the Army (Tr. 775). The testimony of these witnesses therefore implicates the law regarding (1) the proper scope of impeachment when a defendant testifies, and (2) the testimony of a character witness.[1]

## I.  Impeachment of the Defendant's Credibility

  "It is essential . . . to the proper functioning of the adversary system that when a defendant takes the stand, the government be permitted proper and effective cross-examination in an attempt to elicit the truth." *United States v. Havens,* 446 U.S. 620, 626-27 (1980); *United States v. Douglas*, 525 F.3d 225, 248 (2d Cir. 2008). When a defendant decides to testify, he cannot frustrate the truth-seeking function of a trial by providing defenses that are insulated from the Government's challenges. *Doyle v. Ohio*, 426 U.S. 610, 617 n.7 (1976). Thus, the Government must be "allowed wide leeway in the scope of impeachment cross-examination." *Id.*; *see also, e.g.*, *United States v. Scarpa*, 4 F. App'x 115, 118-19 (2d Cir. 2001).

  If a defendant elects to testify, he opens himself to cross-examination like any other witness—his credibility can be impeached, and his testimony can be attacked. *See Brown v. United States*, 356 U.S. 148, 154-55 (1958); *United States v. Fratello*, 44 F.R.D. 444, 448 (S.D.N.Y. 1968); *see also Portuondo v. Agard*, 529 U.S. 61, 69 (2000) (referring to "longstanding rule" that when defendant testifies, his credibility can be questioned like any other witness). An act bears on a defendant's credibility when it is relevant to the jury's assessment of the defendant's veracity,

---

[1]  Because the Court has received several other letters today, the Government notes that this letter does not require any action by the Court until the start of the defense case, and was filed this evening only to give the defense time to respond before then.

and specific instances of conduct may be inquired into on cross-examination when the specific instances are probative of the character of truthfulness. *See* Fed. R. Evid. 608.

Courts regularly admit evidence of a defendant's deceptive behavior for this purpose. *See, e.g.*, *United States v. Lanham*, 541 F. App'x 34, 36 (2d Cir. 2013) (evidence that defendant placed assets in his son's bank account to frustrate tax liens and outstanding judgments properly admitted); *United States v. Sperling*, 726 F.2d 69, 74 (2d Cir. 1984) (proper for Government to use defendant's false credit card applications and spending habits to show lack of credibility in distribution of narcotics case); *United States v. Clemente*, 494 F. Supp. 1310, 1329 (S.D.N.Y. 1980) (admitting evidence that defendant had received illegal payments to show lack of credibility on in extortion case); *United States v. Biaggi*, 705 F. Supp. 848, 851 (S.D.N.Y. 1988) (allowing evidence that defendant accepted a no-show job, had the job placed in his daughter's name, and then collected the compensation paid for that job). False statements, especially false sworn statements, are particularly probative of credibility. *See, e.g.*, *United States v. Triumph Cap. Grp., Inc.*, 237 F. App'x 625, 629 (2d Cir. 2007) (allowing defendant to be cross examined about specific instances in which he made false statements, including false sworn statements, in bribery trial); *United States v. Jones*, 900 F.2d 512, 520 (2d Cir. 1990).

After a defendant has opened the door to questions concerning the truthfulness of his testimony, the Government is permitted to impeach the defendant's credibility on rebuttal using evidence that is barred from its case in chief. *See United States v. Atherton*, 936 F.2d 728, 734 (2d Cir. 1991) (drug paraphernalia found in defendant's office, which was suppressed evidence, properly used to impeach defendant's credibility). If a defendant testifies that he has not engaged in a particular bad act in the past, the trial judge has broad discretion to admit extrinsic evidence from the Government to counter the defendant's claims. *See United States v. Benedetto*, 571 F.2d 1246, 1250 (2d Cir. 1978) (holding that trial judge did not abuse discretion when it permitted Government to introduce evidence that defendant had accepted bribes to counter defendant's testimony).

Even with regards to matters not directly related to the merits of the charges against him, the defendant cannot avoid cross-examination into the truthfulness of his statements on direct examination. *Payton*, 159 F.3d at 58; *see also United States v. Elfgeeh*, 515 F.3d 100, 128 (2d Cir. 2008) (holding that, in case about alleged banking law violations, Government was permitted to ask defendant if he had sent money to Yemen to fund tribal wars and blood feuds after defendant testified that he merely helped Yemeni immigrants send money home to family and friends). If the Government can show that it has a good-faith basis for its line of questioning, then it is not necessary for the Government to offer extrinsic evidence to prove that a defendant lied during his testimony. *Payton*, 159 F.3d at 59.

As the above cases show, the Government receives broad latitude in cross-examining a defendant who chooses to take the stand. Although there are certain limits on this testimony, *see, e.g.*, Fed. R. Crim. P. 609 (governing use of prior convictions), the Government is not aware of any that would apply to this defendant's prior conduct. The Government therefore respectfully submits that should the defendant believe that any of his prior conduct is off-limits for purposes of cross-examination, he should brief that issue and seek a ruling from the Court prior to testifying.

## II.        Character Witnesses

Defense counsel has informed the Government that they do not consider General Banks to be testifying as a character witness.  If, however, General Banks makes any statement about the defendant's character or reputation, he will in fact be a character witness. *See* Fed. R. Evid. 404; 405; *see, e.g.*, *United States v. Oshatz*, 912 F.2d 534, 537 (2d Cir. 1990) (government witness became defense character witness during cross-examination).  When a defendant offers character testimony, the Government may question the defendant's witnesses regarding "relevant specific instances of conduct." Fed. R. Evid. 405(a); *see United States v. Nektalov*, 2004 WL 1637010, at *2 (S.D.N.Y. July 21, 2004); *United States v. Tagliaferro*, 2021 WL 1198951 at *2 (S.D.N.Y. Mar. 30, 2021).  To question a witness on specific instances of the defendant's conduct, the Government must only show that it has a good faith basis to believe that the conduct occurred.  *Michelson v. United States*, 335 U.S. 469, 476-77 (1948) (questioning permissible where Government "was not merely taking a random shot at a reputation imprudently exposed or asking a groundless question to waft an unwarranted innuendo into the jury box.")

The Government is afforded substantial latitude during cross-examination to rebut evidence of the defendant's character.  *See United States v. Bah*, 574 F.3d 106, 117 (2d Cir. 2009) (trial court did not abuse its discretion by allowing Government to question character witness about a letter from defendant's customer accusing him of fraud in case about operating unlicensed money transmitting business); *United States v. Reich*, 479 F.3d 179, 190 (2d Cir. 2007) (permitting Government to impeach character witness concerning defendant's changing the beneficiary of his law partner's life insurance policy in violation of the partnership agreement); *Michelson*, 335 U.S. at 483-84 (proper to ask character witnesses on cross-examination if they had heard that defendant had been arrested for receiving stolen goods, where defendant was charged with the dissimilar offense of bribery).

Where the defendant has put his reputation in the community at issue, the defendant's character witness is subject to cross-examination regarding the contents and extent of the hearsay on which the witness bases his conclusions.  *Michelson*, 335 U.S. at 479 (holding that the witness "may be required to disclose rumors and reports that are current even if they do not affect his own conclusion.").  The Government is permitted to ask about the witness's knowledge of the defendant's prior arrests as well as disparaging rumors that were circulating concerning events. *Id.*; *see United States v. Bermudez*, 526 F.2d 89, 95 (2d Cir. 1975) (reasoning that there was no violation of Fed. R. Evid. 404(b) when prosecutor asked witness if he "had heard of" the defendant's prior drug arrest).  In such circumstances, the witness's knowledge, or the lack of such knowledge, is material to the credibility of the witness's claims. *Bermudez*, 526 F.2d at 95; *United States v. Giddins*, 273 F.2d 843, 845 (2d Cir. 1960) ("Inquiry directed to a character witness' knowledge of disparaging rumors concerning an accused is almost universally permitted . . . to test the familiarity of the witness with the reputation in question.").  So long as the basis of the questions asked by the Government are tied to a good faith basis, the defendant is protected from unwarranted innuendos and the questions are pragmatically justified. *Giddins*, 273 F.2d at 845; *see Michelson*, 335 U.S. at 481.

3

The Government may not typically question character witnesses using hypotheticals that assume guilt of the charged conduct. *See United States v. Russo*, 110 F.3d 948, 952 (2d Cir. 1997); *Oshatz*, 912 F.2d at 539. That does not, however, give General Banks—who was a member of the TFSB Board during the charged conduct—leeway to discuss the charges either. If the defense opens the door to the issue of whether a character witness knows about the current charges against the defendant, the Government can ask questions to determine how familiar the character witness is with the charges. *See Russo*, 110 F.3d at 952 (holding that lower court erred in striking testimony elicited during the Government's cross-examination of character witness after defense opened the door by asking if the defendant's character was consistent with charges leveled against him); *see also United States v. Pujana-Mena*, 949 F.2d 24, 30 (2d Cir. 1991); *Michelson*, 335 U.S. at 476-77 (describing what generally constitutes character evidence).

The Government therefore respectfully requests that it be permitted to cross examine General Banks pursuant to the above rules, should the defense elicit testimony about the defendant's character, reputation, or likelihood to have committed the charged acts, or otherwise open any of the doors identified in the above cases.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: s/_____

Paul M. Monteleoni
Hagan Scotten
Alexandra N. Rothman
Assistant United States Attorneys
(212) 637-2219/2410/2580