

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 8, 2021

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: *United States v. Stephen M. Calk*, S1 19 Cr. 366 (LGS)

Dear Judge Schofield:

  The Government respectfully submits this letter to request that the Court exclude two categories of exhibits that the defendant informed the Government he wishes to offer earlier this evening: (1) several presidential transition team documents, and (2) an email from the defendant containing the defendant's own hearsay assertions regarding his conversations with a person he wished to recommend him.

  **I.** **The Presidential Transition Team Documents**

  The defendant offers three presidential transition spreadsheets and an email, none of which there is any evidence that Calk or Manafort ever saw, regarding presidential transition team activity allegedly not connected to Manafort. Because there is no evidence that Calk ever saw or learned of these documents, they cannot bear on his intent.

  The defendant offers two transition team spreadsheets that do not mention Manafort (DX 1035 and 1038), as well as a recommendation email for Calk from a non-Manafort recommender and a spreadsheet mentioning that other recommendation (DX 1036 and 1039). These documents—most of which were used in attempts to refresh the recollection of Kory Langhofer but not offered, as the Government discussed in its letter of June 28, 2021 (Dkt. 230)—are not relevant absent competent evidence that Calk was aware of them.

  Documents evidencing Calk's awareness that individuals other than Manafort were recommending him, during the time period prior to the extension of the loans to Manafort, might be relevant to Calk's state of mind, and the Court accordingly admitted a number of such exhibits at the pretrial conference. (Conf. Tr., June 10, 2021, at 67). However, documents evidencing recommendations are not relevant to the extent they do not prove Calk's state of mind during the pertinent period—as a result, the Court excluded defense exhibits concerning recommendations of Calk after the loans closed and funded, since they could not bear on his state of mind in extending

the loans. The same result applies here, as documents Calk was not aware of similarly do not bear on his state of mind. Accordingly, these documents should be excluded under Rule 402.[1]

The Government also notes that most of these documents—one of which is 291 pages, almost entirely redacted—are quite confusing, which further militates in favor of their exclusion on grounds of Rule 403. In this regard, they are unlike the Government's transition team documents, which are all either self-explanatory emails or else were explained by the knowledgeable witness Mari Moorhead.[2]

## II. The Defendant's Self-Serving Hearsay Concerning His Conversations with Another Person Should be Excluded

The defense offers Government Exhibit 288, an exhibit the Government chose not to offer, apparently to introduce the defendant's hearsay statements, in which Calk claims to have past contact with another person who might support his candidacy.[3] While the Government could have introduced the defendant's statements against him under Rule 801(d)(2)(A), it is hornbook law that the defendant cannot introduce his own statements on his own behalf.

This document consists of an email reading, in its entirety, "Hi Steve, Great catching up with you this morning. I appreciate your time. As promised, here is the two pager and bullet points for your review," as well as attachments consisting of the application memorandum and bullet points Calk sent to various recommenders. The only content of this email is hearsay regarding the defendant's alleged prior conversation with the recommender and statements to the effect that the recommender solicited the defendant's application materials, which is hearsay not admissible by the defendant.[4] The defendant's claims about this alleged solicitation, or claims to have "appreciate[d]" the recommender's "time" are of course not admissible state of mind evidence, as

---

[1] The Government offered several presidential transition team records that Calk was not aware of, such as through the testimony of Kory Langhofer and Mari Moorhead. (*See* Tr. 261, 528-34, 1236-44). However, these records were offered for the very different purpose of proving the conspiracy—*i.e.*, that Paul Manafort actually did take actions in furtherance of Calk's career ambitions—and thus are relevant whether or not Calk knew about them. The actions of *other* recommenders, which is what the proffered documents establish at most, do not tend to prove or disprove a conspiracy, since they do not make it any more or less likely that Manafort recommended Calk.

[2] The Government notes that the defense, for reasons of their own, chose not to attempt to alleviate this issue by examining Ms. Moorhead on the documents.

[3] The Government believes this person is Steve Bannon, but there has been no evidence to date regarding the identity of this person, further diminishing the relevance of this document and counseling against its admission under Rule 403.

[4] If the defendant produced competent evidence that this person solicited these application materials, such as a percipient witness or document making this solicitation, that might be relevant to Calk's state of mind, but the defendant must prove this solicitation through otherwise admissible evidence, not simply his own hearsay.

it relates to a statement of memory used to prove the fact remembered. *See* Fed. R. Evid. 803(3) (state of mind exception for hearsay does not include "a statement of memory or belief to prove the fact remembered or believed").

      Accordingly, the Government respectfully requests that the defense be precluded from offering the transition team documents (DXs 1035, 1036, 1038, 1039), and Government Exhibit 288.

      Respectfully submitted,

      AUDREY STRAUSS
      United States Attorney

by: s/ Paul M. Monteleoni
      Paul M. Monteleoni
      Hagan Scotten
      Alexandra N. Rothman
      Assistant United States Attorneys
      (212) 637-2219/2410/2580