**Kramer Levin**

Paul H. Schoeman
Partner
T 212.715.9264
F 212.715.8064
PSchoeman@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
T 212.715.9100
F 212.715.8000

**July 9, 2021**

**Via ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>United States v. Stephen M. Calk</u>, S1 19 Cr. 366 (LGS)

Dear Judge Schofield:

      We respectfully submit this letter in response to the government's letter regarding the Court's Draft Final Jury Charge. (Dkt. No. 250).

      I.    <u>A False Exculpatory Charge Is Not Warranted</u>

      While omitting it from both its January 15 and May 20, 2021 proposed jury instructions, the government now seeks a false exculpatory charge.[1] Such a charge is unwarranted here, and is simply an effort by the government to insert into the Court's instructions an argument it apparently intends to make during summation. In *United States v. Dawkins*, the primary case relied on by the government, the Second Circuit in fact found that the district court erred in giving a false exculpatory instruction, while noting that the instruction may be given where the government presents a "substantial factual predicate at trial showing that the defendant made false statements in an effort to appear innocent." 999 F.3d 767 (2d Cir. 2021). The court further noted that the "instruction is most often (though not only) given when a defendant made false pretrial statements to law enforcement officers." *Id*.

      Here, there is no basis for the instruction, much less a "substantial factual predicate." The alleged statement to Paulson and Lemanski was made three years ago (and more than 18 months after the Manafort loans were issued), in connection with allegations in the press, to OCC representatives at a meeting held as what Lemanski described as a "meet and greet." (Tr. 1253:2-23). The parties will no doubt ask the jury to draw differing conclusions as to what Mr. Calk said and why he said it in reaction to media stories. So too will the parties argue competing inferences regarding Gongaware's testimony regarding Mr. Calk's alleged statements regarding foreclosures, including which properties Mr. Calk and the other bank executives present believed Gongaware to be asking about, and whether or not Mr. Calk in fact was aware, in January 2017, that those properties had been in foreclosure. Either way, these arguments are

---

[1] We note that statements at issue did not come to light at or just before trial – they were alleged in the original indictment returned two years ago, in May 2019. (Dkt. No. 2 at ¶¶ 26, 29).

The Honorable Lorna G. Schofield
July 9, 2021



not difficult for the jury to understand, and there is no reason to permit the government to put its finger on the scale by highlighting its own position in the Court's instructions.

      II.      <u>Further Instruction on Defining "Value" is Not Necessary</u>

The government proposes adding an instruction that "the thing of value is not limited to tangible items." The Court's instructions do not suggest that a thing of value is so limited, and already advise the jury how it may determine value. Accordingly, we respectfully submit that no further instruction on this point is necessary, and may in fact be confusing where the jury must ascribe an economic value to the alleged bribe in order to find that it was worth more than $1,000.

      III.      <u>The Government's Propose Charge On Intent Is Confusing And Misleading</u>

The government seeks to re-litigate an argument that the Court has already considered and rejected in reviewing the parties Joint Request to Charge. The argument for including its positon in the jury charge on intent has even less merit now, following presentation of the evidence at trial. In its opening statement, during cross-examination, and in its own case, the defense has repeatedly focused the jury on the question of Mr. Calk's intent. There is no reason to muddle the issue by inserting the government's proposed language into the jury instructions.

      IV.      <u>The Court's Proposed Instruction On Immunity Is Correct</u>

The language to which the government objects in the Court's proposed immunity charge comes from the standard Sand instruction. Contrary to what is suggested by the government, and as the Sand instruction makes clear, the instruction addresses so-called "use immunity," not "transactional immunity," and is distinct from the instruction on "accomplices." *See* Sand, Modern Federal Jury Instructions, Instr.7-8 (explaining that the grant of immunity at issue means that "the *testimony* of the witness may not be used against him" (emphasis added)). Moreover, the government ignores the fact that the subjects and the targets of investigations frequently seek use immunity because, once they testify about the circumstances of an alleged crime, as a practical matter, they are highly unlikely to be prosecuted for that crime. *See Kastigar v. United States*, 406 U.S. 441, 460 (1972).[2] The jury is certainly entitled to draw the inference that a witness conformed his or her testimony to the government's version of events (whether or not the government was aware of the witness' motives) in order to induce the government to provide immunity in exchange for that testimony, rather than face prosecution and potential imprisonment. Both Brennan and Raico asserted the Fifth Amendment (and Raico was shown to have previously lied under oath and engaged in a fraud scheme, among other crimes), which surely constitutes a sufficient predicate that both men believed they might be

---

[2] *Kastigar* held that in prosecuting a witness who has previously testified pursuant to a grant of use immunity, "the prosecution the affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony." *Id*. at 460.

The Honorable Lorna G. Schofield
July 9, 2021



charged with a crime, had the government not agreed to provide immunity for their testimony against Mr. Calk.

Respectfully submitted,

/s/ Paul H. Schoeman

Paul H. Schoeman
Darren A. LaVerne

cc:   All counsel (via ECF)