UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                  :

UNITED STATES OF AMERICA,         :
                                                :

                                                :           19 Cr. 366 (LGS)
                -against-              :

                                                  :       **OPINION AND ORDER**

                                                :

STEPHEN M. CALK,                 :

                                                :
                             Defendant.  :
----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Defendant Stephen M. Calk objected to the inclusion of the elements of the charges against him in the Court's preliminary jury instructions and accompanying Power Point presentation. Defendant requests that (1) the Court instruct the jury using his proposed alternative instructions, which do not reference the elements of each charge and (2) to the extent the Court declines to do so, that the Court refrain from using its PowerPoint presentation, which includes slides on the elements of each charge. At the outset of the trial, Defendant's objection was overruled and his application was denied for the reasons explained below.

## I.      BACKGROUND

      Before any jury trial, the Court delivers preliminary instructions to the jury. As a general practice, the Court's preliminary instructions include a brief, substantive charge regarding the elements of the charges in criminal cases or claims in civil cases. Jurors are instructed that the preliminary instructions are designed to help them evaluate the evidence in light of what they will be asked to do after they have heard all the evidence. In addition, jurors are instructed that at the end of trial, they will be provided with final instructions that contain additional detail and that those instructions are controlling.

During the June 10, 2021, final pretrial conference, the parties had an opportunity to object and propose changes to draft preliminary instructions and an accompanying PowerPoint presentation, which included substantive instructions identifying and briefly describing the elements of the two charges in this case -- (1) financial institution bribery and (2) conspiracy to commit financial institution bribery (the "Charges").  Although Defendant did object broadly to any instruction on the elements of the Charges, he did not object or propose any changes to any particular instruction.  Defendant contends that instructing the jurors on the elements of the Charges encourages jurors to form opinions and/or apply the facts to the law prior to the end of the presentation of evidence.

On June 15, 2021, at the Court's invitation, Defendant provided proposed preliminary instructions that do not cover the individual elements of the Charges (the "Proposed Instructions").  Defendant filed a related letter requesting that the Court use the Proposed Instructions and, to the extent the Court declined to do so, that the Court refrain from using its accompanying PowerPoint presentation with slides on the elements of each Charge.  The Court orally denied these applications with this opinion to follow.

On June 23, 2021, at the outset of trial, the jury was preliminarily instructed on the nature of the case, the elements of the Charges and other matters.  The instruction on the elements was the version distributed for discussion at the final pretrial conference.  The jury was also instructed that the law presumes Defendant innocent, that the Government must prove his guilt beyond a reasonable doubt and that the jurors should keep an open mind until they are asked to deliberate.  Jurors were also informed that, at the end of trial, more detailed final instructions will be provided and that those instructions will be controlling.  An accompanying PowerPoint,

including slides on the elements of each Charge, was published to the jury during the preliminary charge.

## II.    DISCUSSION

It is permissible to provide jurors with preliminary instructions on the elements of charges in a criminal case, if such instructions are accompanied by (1) instruction that jurors will hear final, controlling instructions at the end of trial and (2) instructions covering issues like the presumption of innocence and burden of proof, which help to ensure balance and avoid prejudice to the defendant.  "[P]articularly where trial is expected to be lengthy and complex, courts have found it appropriate to give substantive preliminary jury instructions."  *United States v. Hunt*, No. 21 Crim. 86, 2021 WL 1428579, at * 17 (E.D.N.Y. Apr. 15, 2021); *see also* Fed. R. Crim. P. 30 (providing that a "court may instruct the jury *before* or after the arguments are completed, *or at both times*") (emphasis added); Leonard B. Sand and Steven Alan Reiss, *A Report on Seven Experiments Conducted by District Court Judges in the Second Circuit*, 60 N.Y.U. L. Rev. 423, 439, 442 (1985) (finding, in an experiment on pre-instruction on the law, that "a majority of the respondents favored" pre-instruction, it "increased juror attentiveness" and that it may be best for complex cases).  This is because preliminary instructions on the elements of charges serve as a framework through which jurors can better understand the evidence.  "It is only common sense to think that it would be helpful to the jurors to know at the outset of a long trial what they are going to be asked to decide at the end."  *United States v. Stein*, 429 F. Supp. 2d 648, 649, 651 (S.D.N.Y. May 3, 2006) (permitting preliminary instructions on the elements, along with instructions that "fuller instructions will be given at the end of the trial, and that the instructions

given at the end of the trial will control deliberations").[1]  To avoid prejudice to a criminal

defendant, however, preliminary instructions on the elements should be accompanied by

instructions that the defendant is "innocent until proven guilty," and that the prosecution must

"prove the defendant guilty as to each offense beyond a reasonable doubt."  *Player v. Artus*, No.

6 Civ. 2764, 2007 WL 708793, at *9 (S.D.N.Y. Mar. 6, 2007) (preliminary instructions on the

elements did not prejudice defendant where they were accompanied by basic instructions on the

presumption of innocence and burden of proof).

Various judicial resources advise that preliminary instructions covering the elements of

charges are beneficial.  For example, the Federal Judicial Center's BENCHBOOK FOR U.S.

DISTRICT COURT JUDGES recommends that juries be given "a brief summary of the elements of

the offense that the government must prove to make its case" at the outset of the trial.

BENCHBOOK FOR U.S. DISTRICT COURT JUDGES (SIXTH) § 2.07, at 94 (2013) (providing

"suggested instructions . . . designed to be given following the swearing of the jury" in criminal

cases) (the "Benchbook").[2]  THE MANUAL FOR COMPLEX LITIGATION also states, in relevant part,

that

> Jurors can deal more effectively with evidence in a lengthy trial if they are
> provided with a factual and legal framework to give structure to what they see and
> hear.  Moreover, jurors should understand the trial process in which they are
> about to participate and what they can expect.  Preliminary instructions provide
> context and basic guidance for the jurors' conduct.  These instructions typically . .
> . explain briefly the basic legal issues and principles, *such as the elements of*

---

[1] New York State courts have embraced the use of substantive preliminary instructions, based on "[c]urrent studies, particularly those conducted as part of the Jury Trial Project of the New York State Unified Court System," that "have demonstrated the benefits of substantive preliminary instructions."  *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 276 (S.D.N.Y. 2010) (internal citation omitted).

[2] While, in its section on preliminary instructions for civil cases the Benchbook includes a disclaimer that "[a] summary of the elements may not be appropriate in some cases," Benchbook § 6.06 at 216, the Benchbook includes no such disclaimer in its section on preliminary instructions for criminal cases, *id*. § 2.07, at 94.

> *claims and defenses to be proved*.  The court should emphasize that these
> instructions are preliminary -- they don't cover all the issues or principles -- and
> that instructions given at the conclusion of the case will govern deliberations.

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 12.432, at 154-55 (2004) (emphasis added).  In

addition, as part of its Jury Innovation Toolkit,[3] the American Bar Association ("ABA")

published *Principles for Juries and Jury Trials*, which states that "[t]he court should give

preliminary instructions directly following empanelment of the jury," that include "the elements

of the charges and claims and definitions of unfamiliar legal terms."  *Principles for Juries and

Jury Trials*, AMERICAN BAR ASSOCIATION, https://www.americanbar.org/content/dam/aba/

administrative/american_jury/2016_jury_principles.pdf (last visited Jul. 5, 2021).

    This is the type of case in which preliminary instructions on the elements of the charges

are particularly helpful.  While the charged offenses themselves are not especially complicated,

this will be a somewhat long trial, potentially lasting four weeks.  The trial involves discussion of

complex bank regulatory rules and framework.  Instructions on the elements of the Charges at

the outset equipped the jurors with information to help deal effectively with this evidence and

understand that the Defendant is not criminally charged with regulatory violations.  The

preliminary instructions that were ultimately delivered to the jury included important balancing

instructions to ensure that Defendant is not prejudiced.  For example, they included instructions

that the burden is on the Government to prove guilt beyond a reasonable doubt, that the law

presumes Defendant to be innocent of all the charges against him, and that the jurors should keep

an open mind.  *See Player*, 2007 WL 708793, at *9 (requiring that such instructions accompany

a substantive preliminary charge).  The preliminary instructions also explained that final

---

[3] Jury Innovation Resource Kit, AMERICAN BAR ASSOCIATION (Jan. 1, 2007),
https://www.americanbar.org/groups/judicial/american_jury/resources/jury_innovation_resource
_kit/.

instructions provided at the end of the trial will contain more detail about the applicable law and that such instructions will be controlling.  *See Stein*, 429 F. Supp. 2d at 649 (requiring that an instruction on the controlling nature of final instructions accompany a substantive preliminary charge).[4]

Defendant points to the preliminary instructions issued in *United States v. Kaufman*, which were brief and did not include substantive instruction on the elements of the charged offenses.  *See United States v. Kaufman*, No. 19 Crim. 504, Transcript for March 16, 2021, Dkt. No. 199, at 5 (S.D.N.Y. Apr. 15, 2021).  Although preliminary instructions on the elements of charges are permissible -- and even recommended by organizations like the Federal Judicial Center and ABA -- they are not required.  Accordingly, the court's decision to provide brief preliminary instructions that did not address the elements of the charges in *United States v. Kaufman* does not lead to the conclusion that more fulsome, substantive instructions were inappropriate in this instance.  *See Uzoukwu v. City of N.Y.*, 805 F.3d 409, 417 (2d Cir. 2015) (explaining that "the district court enjoys broad discretion in determining how, and under what circumstances, to give an accurate [jury] instruction"); *Triboro Quilt Mfg. Corp. v. Luve LLC*, 2015 WL 5474184, at *5 (S.D.N.Y. July 24, 2015) ("District judges have wide discretion to manage the conduct of trials before them.") (internal citation omitted).

---

[4] During the final pretrial conference on June 10, 2021, Defendant did not make any specific objections to the Court's proposed language for the preliminary charge.  Instead, Defendant generally objected to the inclusion of a substantive charge that addressed the Charge elements. In explaining the objection, defense counsel stated that he thought "it would be perfectly appropriate to instruct the jury about the nature of the charges in some way."  This statement suggests -- but does not completely clarify -- that Defendant does not broadly object to instruction on the legal principles governing this case.  For clarity, because Defendant has not pointed to any specific, objectionable language, any such general objection is baseless.  *See Stein*, 429 F. Supp. At 652 (explaining that "the assertion that any preliminary instruction on legal principles governing the case would be improper as a matter of principle, without regard even to the specific language, is baseless").

### III.    CONCLUSION

For the reasons above, Defendant's objection to the preliminary charge was

OVERRULED and the application to omit the Court's accompanying slides was DENIED.  The

Clerk of Court is respectfully directed to close the motion at Docket No. 216.


Dated:  July 9, 2021
          New York, New York


**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**