

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 3, 2022

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

     Re:    *United States* v. *Stephen M. Calk*, S1 19 Cr. 366 (LGS)

Dear Judge Schofield:

     The Government writes to briefly address the defendant's supplemental sentencing submission of January 28, 2022 (Dkt. 294), which presents no arguments that justify filing unauthorized supplemental briefing. Instead, the defendant largely repeats or refashions arguments that were, or easily could have been, included in the single, authorized submission with which other defendants content themselves. (*See*, *e.g.*, Dkt. 289 at 43-46; Dkt. 294 at 6-7 (making similar arguments against the PSR's calculation of the benefit amount)). Because the supplemental letter offers little of additional substance, but rather attempts to submerge the clarity of the defendant's crimes in a quagmire of secondary details, the Government will not generally respond to its repetitive contentions.

     The Government writes, however, to correct a claim made by the defense concerning the attempts by prosecutors in the District of Columbia to forfeit the collateral securing the loans The Federal Savings Bank (the "Bank") made to Paul Manafort. This is among secondary disputes that the Court need barely address; it would suffice to say that the Bank suffered no loss and therefore the applicable enhancement under the United States Sentencing Guidelines does not apply. (*See* Dkt. 292 at 36-38). But because the defendant has made new factual claims on this issue, the Government briefly responds here so that the focus of defendant's sentencing hearing does not shift from where it belongs: On the blatant corruption exhibited by the chairman of a federally-insured bank.

     The defendant—continuing in his efforts to portray the forfeiture of criminal proceeds as some sort of unfair interference with his bank's economic prospects—now claims that remarks made by a prosecutor at Manafort's sentencing rendered the Bank's recovery of the collateral a "foregone conclusion from the outset." (Dkt. 294 at 3). This is simply untrue. At the time of Manafort's sentencing, the Special Counsel's Office was in negotiations with several institutions

including the Bank regarding the forfeiture.  At that point in the negotiations, the prosecutor described a possible resolution in which the Bank could recover significant assets, but made clear that this was a status report of ongoing and uncertain negotiations rather than a promise.  (Dkt. 294 at 2 (quoting prosecutor as saying "I hesitate to say how things will turn out, because we still are negotiating with Mr. Manafort and the various banks.")).

In the months following Manafort's sentencing, the negotiations between the prosecutors[1] and the Bank failed to bear fruit, leading those parties to seek court resolution of the forfeiture, which was ultimately terminated—just as the Government indicated in its sentencing memorandum—by the fortuity of the presidential pardon of Manafort.  *See In re Petitions for Relief Concerning Consent Order of Forfeiture* ("*Forfeiture Proceeding*"), No. 18 Misc. 167 (ABJ) (D.D.C.).  ECF No. 90 at 1 (counsel for Bank reporting, six months after Manafort sentencing, that "the parties' settlement negotiations have been unsuccessful," and seeking forfeiture hearing).  Following the negotiations, counsel for the Bank sought the return of the forfeited assets, while the prosecutors opposed this request and sought discovery from the Bank.  *See, e.g.*, *Forfeiture Proceeding*, ECF No. 91 at 2-5 (position of the United States), *id.* at 6-12 (position of the Bank).  The prosecutors sought discovery to probe, inter alia, whether the Bank was "reasonably without cause to believe that the property was subject to forfeiture."  *Forfeiture Proceeding*, ECF No. 95 at 11 (United States motion for discovery).  The Bank opposed this discovery, but the court ultimately granted the prosecutors' request for discovery and, at their request, stayed the testimonial component of the discovery to avoid prejudicing the prosecution of Calk.  *Forfeiture Proceeding*, ECF No. 111 (opinion granting discovery and stay).  The parties, however, proceeded with written discovery during the pendency of this case.  *See Forfeiture Proceeding*, ECF No. 115 at 4 (prosecutors specifying categories of discovery that could proceed pending this case).  Ultimately, the forfeiture proceeding was terminated following President Trump's December 23, 2020 pardon of Manafort.  *See Forfeiture Proceeding*, ECF No. 131.  As the record of the forfeiture proceedings makes clear, however, it was actively pursued and litigated until then.

There is thus no merit to the defense claim that it was a "foregone conclusion" that the properties would be returned to the Bank.  The filings of the prosecutors seeking discovery laid out substantial reason to believe that the Bank was not entitled to this relief because it had cause to know of the forfeitability of the property.  *See Forfeiture Proceedings*, ECF No. 95 at 12 (United States motion noting that "Petitioners' assertions of a lack of knowledge of [Manafort's] criminal conduct appear to be at odds with both the loan memoranda prepared at the time of the issuance of the loans and the information publicly available."); *id.* at 14 ("[T]he limited evidence regarding the Petitioners' knowledge elicited during the Virginia trial appear to conflict with Petitioners' assertions that [the Bank] lacked knowledge that the property might be the proceeds of Defendant's criminal activities."); *Forfeiture Proceedings*, ECF No. 103, at 2 (United States reply noting that "Petitioners turned a blind eye to these risks and the deficiencies in the defendant's financial disclosures.").  These assertions were persuasive enough to convince Judge Jackson to authorize the requested discovery.  *See Forfeiture Proceedings*, ECF No. 111 at 8-9 (Court opinion noting

---

[1] Following the dissolution of the Special Counsel's Office, attorneys from the Money Laundering and Asset Recovery Section of the Justice Department, along with the District of Columbia U.S. Attorney's Office, prosecuted the forfeiture proceedings.

Manafort trial testimony and allegations in this case "provide additional reasons why discovery is likely to illuminate whether petitioners were reasonably without cause to believe that the property was subject to forfeiture" (internal quotation marks omitted)).[2]

        Accordingly, nothing in the transcript of Manafort's sentencing—certainly not an oral status report on the progress of negotiations that were not concluded—alters the fact that prosecutors in the District of Columbia were pursuing forfeiture of the Bank's collateral until their efforts were terminated by the fortuity of a presidential pardon.  The defendant's new arguments on this issue are thus as meritless as his prior ones.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: /s/ Paul M. Monteleoni
        Paul M. Monteleoni
        Hagan C. Scotten
        Alexandra N. Rothman
        Assistant United States Attorneys
        (212) 637-2219/2410/2580

cc: Counsel of Record (via ECF)

---

[2] This evidence of the Bank's knowledge would also make the Bank ineligible for the discretionary remedy of remission, in which in certain circumstances the Department of Justice can give a victim forfeited assets, but only where that victim is an innocent owner.  *See* 28 C.F.R. § 9.5(a)(1) (limiting remission to innocent owners).