# Kramer Levin



**Paul H. Schoeman**
Co-Managing Partner
**T** 212.715.9264
**F** 212.715.8064
PSchoeman@KRAMERLEVIN.com

1177 Avenue of the Americas
New York, NY 10036
**T** 212.715.9100
**F** 212.715.8000

**February 29, 2024**

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>United States v. Stephen M. Calk</u>, 19 Cr. 366 (LGS)

Dear Judge Schofield:

      On behalf of our client Stephen M. Calk, we write to provide a brief response to the government's letter of February 28, 2024 opposing Mr. Calk's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). We respectfully submit that the government's reflexive objection fails to take into consideration the significant changes in sentencing law, Guidelines and policy that have been implemented since the date of Mr. Calk's sentencing more than two years ago. As a result, the government fails to appreciate that the question here is not whether the Court's original sentence was appropriate at the time that it was handed down. Instead, the question is whether Mr. Calk's sentence should be reduced based on the considerations that led Congress and the Sentencing Commission to favor non-incarceratory sentences for defendants who, like Mr. Calk, satisfy a strict set of requirements.

      First, although not acknowledged by the government, we note that following our letter the Probation Department submitted a Supplemental Presentence Report concluding that Mr. Calk satisfies the eligibility requirements for a two-level downward adjustment under the new Section 4C1.1 ("Adjustment for Certain Zero-Point Offenders"). Supplemental Presentence Report, ECF No. 315 at 3 (the "Supplemental Report"). The Supplemental Report further confirms that Mr. Calk's adjusted offense level is 8, that the applicable guidelines range is 0-6 months, and that he is eligible for a sentence reduction. *Id*. at 4.

The Honorable Lorna G. Schofield
February 29, 2024



Second, the cases cited by the government do not in any way support its position here. Most of the cases long predate Amendment 821 and have nothing to do with the Zero-Point Offender adjustment. One case that does concern Amendment 821, *United States v. Crute,* No. 19 Cr. 816 (VB) (ECF No. 78 at 2) (S.D.N.Y. Feb. 20, 2024), involves a different provision which eliminated a two-point increase in criminal history points for crimes committed while on supervised release. The result in that case was that the defendant who had been in Criminal History Category IV was moved into Category III. The court also noted that the defendant's conduct was horribly violent, ("In sum, within the span of a few minutes, Crute robbed one person at gunpoint, nearly killed four others, and possessed a firearm as a convicted felon."), such that he posed an extreme risk of recidivism and a danger to the community. Finally, and significantly, the sentence initially imposed by the court of 77 months was at the bottom of the original range of 77-96 months, but also within the adjusted range of 63-78 months. Under those circumstances, which have nothing in common with Mr. Calk's case, the court did not reduce the initial sentence.

Similarly, *United States v. Khaziran,* No. 21 Cr. 603 (VEC) (ECF No. 1247 at 3) (S.D.N.Y. Jan. 17, 2024), on which the government also relies, provides no support for its opposition here. That case did involve the application of the two-level reduction under Section 4C1.1. However, the government fails to note that in that case the government, as it should here, *consented* to resentencing within the reduced range based on the adjustment. Ultimately, the court did not reduce the defendant's sentence, noting that the original sentence of 30 months was within both the original range of 30-37 months and the adjusted range of 24-30 months. In denying the reduction the court focused on the relationship of the instant defendant's sentence with a similarly situated co-defendant, a consideration not present here.

It is worth emphasizing that contrary to the government's position here, in both *Crute* and *Khaziran*, the defendants received a sentence that was within the new, reduced Guidelines range. Applying that principle to Mr. Calk would mean that his sentence should be reduced so that it is within the revised range of 0-6 months.

Finally, and perhaps most importantly, the government fails to mention, much less address, what is arguably the most important aspect of Amendment 821, namely the modification to the Commentary for Section 5C1.1 ("Imposition of a Term of Imprisonment"). The Commentary now includes a presumption in favor of a non-incarceratory sentence for defendants who receive the Zero-Point Offender adjustment and have an applicable guideline range within Zones A or B. *See* U.S.S.G. § 5C1.1(a), cmt. n.10 ("If the defendant received an adjustment under §4C1.1 (Adjustment for Certain Zero-Point Offenders) and the defendant's applicable guideline range is in Zone A or B of the Sentencing Table, a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3), is generally appropriate."). Overlooking the change in sentencing policy embodied by this amendment leads the government to commit a critical error in applying the 18 U.S.C. § 3553(a) factors. The government proceeds as if the exact same analysis undertaken by the Court in February 2022 can be applied without modification today. That is clearly wrong because the § 3553(a) factors

The Honorable Lorna G. Schofield
February 29, 2024



specifically require the Court to consider "the need for the sentence imposed," the revised "sentencing range," and "any pertinent policy statement" of the Sentencing Commission. All of those factors have been significantly altered by virtue of Amendment 821 and all of them now weigh much more strongly than before in favor of a non-incarceratory sentence for Mr. Calk.

We respectfully request that Mr. Calk's sentence be reduced to a sentence that does not include incarceration.

Respectfully submitted,

/s/ Paul H. Schoeman

Paul H. Schoeman

cc: All Counsel (by ECF)