UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v- | 19 Cr. 366 (LGS) |
| STEPHEN M. CALK, | ORDER |
| Defendant. | |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 13, 2021, following a three-week jury trial, Defendant was convicted of financial institution bribery and conspiracy to commit financial institution bribery.

WHEREAS, on February 7, 2022, the Court found that Defendant had a Total Offense Level of 10 and a Criminal History Category of I, resulting in an advisory Guidelines range of six to twelve months imprisonment.  Defendant was sentenced to a term of imprisonment of 366 days to run concurrently on each Count, followed by two years of supervised release with 800 hours of community service, a fine of $1,250,000 and a $200 special assessment.  The Court expressly stated that the Guidelines recommendation did not provide a sound basis to determine Defendant's sentence because the recommended prison term was based on a dollar value of the bribe assumed to be less than $2,500, even though the value of the bribe certainly exceeded that amount but had not been satisfactorily quantified.

WHEREAS, Defendant appealed his conviction and remained on bail.  The Court of Appeals for the Second Circuit denied Defendant's appeal on November 28, 2023, *United States v. Calk*, 87 F.4th 164 (2d Cir. 2023), and denied his petition for rehearing on February 13, 2024.  The mandate issued on February 21, 2024.

WHEREAS, on February 22, 2024, Defendant moved for a reduction of sentence based on recent changes to the Sentencing Guidelines and Defendant's eligibility for a two-level reduction to his Total Offense Level, resulting in an amended Guidelines range of zero to six months.  On February 28, 2024, the Government filed a letter in opposition.  On February 29, 2024, Defendant filed a reply.

WHEREAS, on February 27, 2024, the Probation Department issued a Supplemental Presentence Investigation Report ("Supplemental PSR"), which concluded that Defendant appears to be eligible for an adjustment of his Guidelines' range based on Amendment 821 to the Guidelines.  The amendment provides a two-level reduction in offense level for certain "Zero-Point Offenders," *i.e.*, those who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors.  *See* U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).  The comments regarding this new provision state that, if a defendant receives this adjustment and has a Guideline range in Zone A or B of the Sentencing Table, a non-incarceratory sentence "is generally appropriate."  *Id.* § 5C1.1 cmt. n.10.  Applying the two-level reduction, the Supplemental PSR calculated Defendant's new Total Offense Level as 8, rather than 10, and a Criminal History Category of I, resulting in a new Guidelines range of zero to six months.

WHEREAS, the Court agrees with the Supplemental PSR that Defendant is eligible for a two-point offense level adjustment, resulting in an offense level of 8, a Criminal History Category of I and a recommended sentence under the Guidelines of zero to six months.

WHEREAS, the Court has considered the new Guidelines recommendation as well as the other factors under 18 U.S.C. § 3553(a), which remain unchanged.  For the reasons expressed at Defendant's initial sentencing hearing, the previously imposed sentence is the minimum sentence

necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense [and] to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A)-(B).

WHEREAS, the changes to the Guidelines recommendation do not justify a change to the sentence imposed.  At Defendant's sentencing, the Court rejected a 14-level offense level enhancement proposed by the Government and PSR based on an estimated value of the benefit received by Mr. Manafort of more than $550,000, on the ground that, while the benefit was significant, the evidence did not support any precise calculation.  The resulting Total Offense Level of 10 was therefore based on an assumed value of no more than $2,500, without any enhancement based on the value of the bribe or the benefit received.  *See* U.S.S.G. § 2B4.1(b)(1).  Having considered the resulting Guidelines recommendation, the Court rejected it as a useful metric to determine an appropriate sentence because the offense level driving the recommendation was based on an assumed value of the bribe that did not reflect its significant but unspecified value.  The newly calculated offense level suffers from the same flaw.  Consequently, the Guidelines recommendation is not a useful reference in this case.

WHEREAS, the other factors under § 3553(a) compel the sentence that was previously imposed.  The Court weighed then, and weighs now, all of the mitigating factors raised by Defendant's counsel, including Defendant's sense of civic duty, his generosity, his lack of a criminal record and that he has abided, and continues to abide, by his bail conditions.  On balance, given the nature and seriousness of the crime, the appropriate sentence is a significant period of incarceration of 366 days.  It is hereby

**ORDERED** that Defendant's motion for a reduction of sentence is **DENIED**.  It is further

**ORDERED** that Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons by **2:00 P.M. on April 18, 2024**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 311.

Dated: March 4, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**