

Herbert Smith Freehills Kramer (US) LLP
1177 Avenue of the Americas
New York, NY 10036
T  +1 212 715 9264
F  +1 212 715 8064
E  paul.schoeman@hsfkramer.com
www.hsfkramer.com

December 2, 2025

**Via ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Unites States v. Stephen Calk*, S1 19 Cr. 366 (LGS), Motion for Early Termination of Supervised Release

Dear Judge Schofield:

      We represent the defendant, Stephen M. Calk, in the above-captioned case. We write to respectfully request that the Court terminate Mr. Calk's term of supervised release. *See* 18 U.S.C. § 3583(e)(1). The government has advised us that it does not object to this request.

      On July 13, 2021, following a jury trial, Mr. Calk was convicted of financial institution bribery and conspiracy to commit financial institution bribery. At the sentencing hearing held on February 7, 2022, the Court found that Mr. Calk had a total offense level of 10 and a criminal history category I with no criminal history, resulting in an advisory Guidelines range of 6 to 12 months incarceration. (Sent'g Tr. at 26). The Court sentenced Mr. Calk to a term of imprisonment of 12 months and one day (*i.e.*, 366 days), followed by two years of supervised release with 800 hours of community service, a fine of $1,250,000, and a $200 special assessment. (Sent'g Tr. at 45-46; Judgment, ECF No. 299). The fine and special assessment have been paid in full.

      On February 13, 2024, the Court of Appeals for the Second Circuit denied Mr. Calk's petition for rehearing of the denial of his appeal and the mandate issued on February 21, 2024. Mr. Calk began serving his sentence of incarceration on April 18, 2024.[1] In October 2024, the

---

[1]     Prior to beginning his sentence of incarceration, Mr. Calk made an application to the Court to reduce his sentence in consideration of the recent changes to the Sentencing Guidelines,

Herbert Smith Freehills Kramer LLP and its affiliated and subsidiary businesses and firms, Herbert Smith Freehills Kramer (US) LLP and its affiliate, and Herbert Smith Freehills Kramer, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills Kramer.

In New York, we practice through both Herbert Smith Freehills Kramer New York LLP, a limited liability partnership registered in England and Wales with registered number OC375072 and Herbert Smith Freehills Kramer (US) LLP, a registered limited liability partnership organized under the laws of the State of New York with an office at 1177 Avenue of the Americas, New York, NY 10036. In Washington, D.C. and California, we practice through Herbert Smith Freehills Kramer (US) LLP. We use the word partner of Herbert Smith Freehills Kramer New York LLP or of Herbert Smith Freehills Kramer (US) LLP to refer to a member of those entities, or an employee or consultant with equivalent standing and qualifications.

Bureau of Prisons released Mr. Calk to a halfway house, and on December 2, 2024, he was released from custody. Mr. Calk has now completed a full year of supervised release and has one year remaining.

During his time in prison, Mr. Calk was an academic tutor and mentor to fellow prisoners, and he participated in a service dog training program. In the year since his release, Mr. Calk has been living at his home in Naples, Florida. He has performed over 900 hours of community service, surpassing the 800-hour requirement, volunteering with the Patty Baker Humane Society, the Shy Wolf Sanctuary, and the Nine Line Veterans Foundation. Separately, Mr. Calk has mentored cadets and junior military officers at the U.S. Military Academy, West Point, and he has resumed support and care of his three children, one of whom is currently on active duty at Fort Benning, Georgia, another who is in college at the University of Illinois Urbana Champaign, and his youngest who is now a freshmen at the University of South Carolina.

On March 11, 2025, following a Post Conviction Risk Assessment, Mr. Calk was transferred to the United States Probation Administrative Caseload, which is reserved for individuals who have demonstrated a high level of compliance and are considered at a low risk of reoffending.

Mr. Calk is attempting to rebuild his life, and in furtherance those efforts, he now seeks to terminate his final year of supervised release. Mr. Calk is supervised by the Middle District of Florida and is required to give considerable advance notice before he may travel, and to obtain court approval for international travel. Termination of his supervised release would more readily facilitate travel, necessary in two important respects—first, in his efforts to normalize his relationships with his children, who live in different parts of the country, and second, to pursue opportunities to restart his business career and find fulfilling and productive work at this stage in his life. Given Mr. Calk's full compliance with the terms of his sentence, including community service and payment of his fines, he is an ideal candidate for early termination.

This Court has the authority to terminate a term of supervised release "at any time after the expiration of one year of supervised release," so long as termination "is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). The governing statute also directs the Court to consider several of the factors set forth in § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence or incapacitation, the defendant's need for educational or vocational training, the need to avoid unwarranted sentence disparities, and any pertinent Sentencing Commission policy statements. *See* § 3583(e) (citing §§ 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7)).

The primary purposes of supervised release are reintegration and rehabilitation. *See United States v. Hutchinson*, 577 F. Supp. 3d 134, 135 (E.D.N.Y. 2021). Accordingly, "[t]ermination is appropriate when the rehabilitative goals of supervised release may no longer

---

most particularly Section 4C1.1, "Adjustment for Certain Zero-Point Offenders." (ECF No. 311). The Court denied the application but reflected in the record that Mr. Calk had "abided, and continue[d] to abide, by his bail conditions." (ECF No. 318).

be attained or can be attained at too great a cost to the defendant and society." *United States v. Thomas*, 346 F. Supp. 3d 326, 335 (E.D.N.Y. 2018). Changed circumstances are not a prerequisite for modification or termination of supervised release conditions. *See United States v. Trotter*, 321 F. Supp. 3d 337, 359-60 (E.D.N.Y. 2018) (citing *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016)).

On November 1, 2025, new amendments to the Sentencing Guidelines took effect that "encourage appropriate use of early termination," in order to "help ensure that resources are allocated to the individuals most in need of continued supervision." *See* Reason for Amendment, Amendment 835, U.S. Sentencing Commission, https://www.ussc.gov/guidelines/amendment/835. Specifically, the Sentencing Commission adopted a new Section 5D1.4(b), which reiterates the Court's authority under 18 U.S.C. § 3583(e)(1) to terminate supervision any time after one year of supervised release, following consultation with the government and the probation officer. Application Note 1(B) then outlines factors for courts to consider when deciding whether to terminate the remaining term of supervised release:

i. any history of court-reported violations over the term of supervision;
ii. the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
iii. the defendant's substantial compliance with all conditions of supervision;
iv. the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
v. a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
vi. whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

All of these factors favor termination of Mr. Calk's supervised release at this point in time. Mr. Calk has no other criminal history, has committed no violations of supervision, and poses no jeopardy to public safety. As the Court observed, having voluntarily surrendered in this case on May 23, 2019, and having been released the same day on a personal recognizance bond, Mr. Calk faithfully complied with his bail conditions up to the time of his incarceration in April 2024. (*See* Sent'g Tr. at 43; ECF No. 318). He was then a model prisoner during his term of incarceration, participating in prosocial activities. He paid his fine. And upon release from custody, Mr. Calk completed more than the required 800 hours of community service. Above and beyond those mandatory obligations, Mr. Calk continued his longstanding commitment to mentoring young soldiers. Mr. Calk poses no risk of recidivism, given that the facts of his case were highly specific and, as a consequence of his conviction, he has been barred from serving as an employee, officer, director, or agent of any bank, savings institution, or credit union.

We respectfully submit that the continued use of Probation's resources to supervise Mr. Calk is unnecessary and early termination is appropriate, particularly where continued

3

supervisory release now poses an obstacle to his professional advancement and his ability to resume normal life with his family.

As described above, the government does not object to this request.

\* \* \*

For the reasons stated above, Mr. Calk respectfully requests that the Court terminate his remaining term of supervised release.

Respectfully submitted,

/s/ Paul H. Schoeman

Paul H. Schoeman

cc:    All Counsel (by ECF)
       Myekia Sharp, United States Probation Officer, M.D. Fla. (by E-mail)